1   DARRYL M. WOO (CSB NO. 100513)
    dwoo@fenwick.com
2   HEATHER MEWES (CSB NO. 203690)
    hmewes@fenwick.com
3   MARY WANG (CSB NO. 234636)
    mwang@fenwick.com
4   JULIE NOKLEBERG (CSB NO. 247837)
    jnokleberg@fenwick.com
5   FENWICK & WEST LLP
    555 California Street, 12th floor
6   San Francisco, CA  94104
    Telephone:     (415) 875-2300
7   Facsimile:     (415) 281-1350

8   Attorneys for Defendants and Counterclaimants
    O-Net Communications (Shenzhen) Limited,
9   Multiwave Digital Solutions, Inc. and
    Chunmeng Wu, an individual

10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14  Oplink Communications, Inc.,            **Case No.  CV 07-4582 JSW**

15              Plaintiff,                  **DEFENDANTS O-NET
                                            COMMUNICATIONS (SHENZEN)
16  v.                                      LIMITED AND MULTIWAVE DIGITAL
                                            SOLUTIONS, INC.'S NOTICE OF MOTION
17  O-Net Communications (Shenzhen)         AND MOTION TO DISMISS AND MOTION
    Limited,                                TO STRIKE, OR ALTERNATIVELY, FOR
18  Multiwave Digital Solutions, Inc.,      A MORE DEFINITE STATEMENT;
    Chunmeng Wu, an individual,             MEMORANDUM OF POINTS AND
19                                          AUTHORITIES IN SUPPORT THEREOF**
                Defendants.
20                                          **DEMAND FOR JURY TRIAL**

21                                          Date:  October 26, 2007
                                            Time:  9:00 a.m.
22                                          Ctrm:  Hon. Jeffrey S. White

23

24                    <u>**NOTICE OF MOTION AND MOTION**</u>

25  TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

26        Please take notice that on Friday, October 26, 2007, at 9:00 a.m., or as soon thereafter as

27  the matter may be heard in the courtroom of the Hon. Jeffrey S. White, United States District

28  Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Defendants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen") and Multiwave

2  Digital Solutions, Inc. ("Multiwave") will and hereby do move to dismiss the allegations of

3  inducement of infringement and willful infringement contained in the First Amended Complaint

4  ("Complaint") of plaintiff Oplink Communications, Inc. ("Oplink"). This motion is made

5  pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Oplink has failed to state a claim upon

6  which relief can be granted. O-Net Shenzhen and Multiwave also move to strike Oplink's prayer

7  for enhanced damages pursuant to Fed. R. Civ. P. 12(f). In the alternative, O-Net Shenzhen and

8  Multiwave move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement as to Oplink's

9  allegations of inducement and willful infringement.

10  O-Net Shenzhen and Multiwave respectfully seek an order of this Court granting said

11  motion and ordering the following:

12  (1)  Dismissal of Oplink's allegations of inducement of infringement in paragraphs 14,

13  19 and 24 of the Complaint, or, alternatively, a more definite statement regarding its inducement

14  claims;

15  (2)  Dismissal of Oplink's allegations of willful infringement in paragraphs 15, 20 and

16  25 of the Complaint, or alternatively, a more definite statement regarding its willfulness claims;

17  (3)  Striking of Oplink's request for relief related to its allegations of willful

18  infringement.

19  O-Net Shenzhen and Multiwave base this motion upon this Notice of Motion and Motion,

20  the Memorandum of Points and Authorities and Proposed Order filed concurrently herewith, and

21  upon such other oral or written matters as the Court shall entertain.

22  **MEMORANDUM OF POINTS AND AUTHORITIES**

23  O-Net Shenzhen and Multiwave move to dismiss Oplink's allegations of inducement of

24  infringement in paragraphs 14, 19 and 24 of the Complaint and Oplink's allegations of willful

25  infringement in paragraphs 15, 20 and 25 of the Complaint. In addition, O-Net Shenzhen and

26  Multiwave move to strike Oplink's requested relief related to these allegations. Alternatively, O-

27  Net Shenzhen and Multiwave move for a more definite statement as to Oplink's allegations of

28  inducement of infringement and willful infringement.

**STATEMENT OF ISSUES TO BE DECIDED**

I.      Whether Oplink's allegations of inducement of infringement and willful infringement, which fail to articulate facts or conduct showing it at least plausible that O-Net Shenzhen or Multiwave had the requisite level of intent for Oplink's inducement claim, and had the requisite level of willfulness that could support an enhanced damage award, are sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. Rule 12(b)(6).  In the event that the Court grants O-Net Shenzhen's and Multiwave's motion to dismiss, whether the Court should also strike Oplink's related requested relief under Fed. R. Civ. P. Rule 12(f).

II.     In the alternative, whether the Court should require Oplink to provide a more definite statement under Fed. R. Civ. P. 12(e), where the facts as presently pleaded are insufficient to show that Oplink could potentially recover on its allegations of inducement and willful infringement.

**STATEMENT OF RELEVANT FACTS**

On August 1, 2007, O-Net Shenzhen and Multiwave filed a complaint in the Northern District of California, seeking a declaratory judgment against Oplink as to certain patents.  *See* Dkt. # 1, Case No. 07-3964.  That case was assigned to the Hon. Martin J. Jenkins.  On August 24, 2007, Oplink filed a First Amended Complaint ("Complaint") in the Central District of California alleging, in part, claims of patent infringement against O-Net Shenzhen and Multiwave.  The Central District action subsequently was transferred upon stipulation of the parties to the Northern District of California on September 5, 2007, whereupon it was assigned to the Hon. Jeffrey S. White.  *See* Dkt. #1, 7, Case No. 07-4582.  On September 14, 2007, a notice of related case was filed, but as of the date this motion was filed, no action has yet been taken as to whether or not to relate this case to the prior matter before Judge Jenkins.  *See* Dkt. # 12-14, Case No. 07-3964.

In its Complaint, Oplink makes bare, formulaic allegations that defendants O-Net Shenzhen and Multiwave infringe three patents – U.S. Patent No. 5,661, 829 ("'829 Patent"), U.S. Patent No. 6,215,919 ("'919 Patent"), and U.S. Patent No. 6,895, 129 ("'129 Patent") –

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   directly, and indirectly under both contributory infringement and inducement of infringement

2   theories, and that such infringement was and is willful.  *See* Complaint ¶¶ 13-15, 18-20, 23-25.

3   Oplink thus alleges, in part, "enhanced damages resulting from the knowing, deliberate and

4   willful infringement by O-Net [Shenzhen] and Multiwave, pursuant to 35 U.S.C. § 284."  *See*

5   Complaint at ¶ 11.

6        Oplink's allegations of infringement do not include facts showing any plausible reason

7   why O-Net Shenzhen or Multiwave could be liable for direct infringement, let alone contributory

8   or inducement of infringement.  Oplink does not name any of the hundreds of products made

9   and/or sold by O-Net Shenzhen or Multiwave, and there are no facts from which any conclusions

10  could be drawn as to O-Net Shenzhen or Multiwave's alleged knowledge of risk of infringement

11  and culpable state of mind, both of which are necessary to support its inducement and willfulness

12  claims.

13       Because the Oplink Complaint thus fails to state a claim under the Rule 12 pleading

14  requirements recently articulated by the United States Supreme Court in *Bell Atlantic Corp. v.*

15  *Twombly*, 127 S. Ct. 1955 (2007), the Oplink Complaint should be dismissed, or in the

16  alternative, Oplink should be ordered to plead a more definite statement that includes the required

17  factual recitations showing that the relief they seek is at least plausible.

18

19                              **ARGUMENT**

20  **I.    OPLINK HAS NOT PLED FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR
        EITHER INDUCEMENT OF INFRINGEMENT OR WILLFUL INFRINGEMENT**

21           **A.    *Bell Atlantic* Requires Fact-Based Pleading.**

22       Under the United States Supreme Court's recent decision in *Bell Atlantic Corp. v.*

23  *Twombly*, to comply with Fed. R. Civ. P. 8(a) a complaint must contain enough factual matter,

24  taken as true, to suggest that the elements of the claim are met.  127 S. Ct. 1955, 1965 (2007).  To

25  proceed with a claim, the plaintiff's "[f]actual allegations must be enough to raise the right to

26  relief above the speculative level."  *Id.*  Mere formulaic recitation of the elements of a cause of

27  action is insufficient.  *Id.*  Rather, the plaintiff must provide a "'showing,' rather than a blanket

28  assertion."  *Id.* at n.3.  If the allegations are insufficient, dismissal is appropriate.  *See id.* at 1974.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   The *Bell Atlantic* standard has been found to apply to patent infringement suits.

2   *Anticancer, Inc. v. Xenogen Corp.*, No. 05-CV-0448, 2007 U.S. Dist. LEXIS 59811, at *9-10

3   (S.D. Cal. Aug. 13, 1007) (dismissing complaint for direct and indirect patent infringement under

4   *Bell Atlantic* because complaint failed to plead sufficient facts to demonstrate a plausible

5   entitlement to relief); *see also Halo Elecs. V. Bel Fuse, Inc.*, No. 2:07-CV-00331, 2007 WL

6   2156332 (D. Nev. July 26, 2007) (not citing *Bell Atlantic* but nevertheless finding conclusory

7   allegation of infringement insufficient).

8   **B.    Oplink Has Not Pled Facts Showing Inducement of Infringement.**

9   A claim for induced infringement requires the patent holder to plead and prove that the

10   defendant had knowledge of the patent and that he or she "actively and knowingly aided and

11   abetted another's direct infringement." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293,

12   1305 (Fed. Cir. 2006) (en banc, in relevant part).  Mere knowledge of the acts alleged to

13   constitute infringement is insufficient. *Id.*  "***Specific intent and action to induce infringement***"

14   must be shown. *Id.* (emphasis added); *see also Boston Scientific Corp. v. Johnson & Johnson*,

15   No. C 02-00790, 2007 WL 2408870 at *13-14 (N.D. Cal. Aug. 21, 2007); *Water Techs. Corp. v.*

16   *Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1998); *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ.

17   A. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) (inducement pleadings that fail to allege

18   direct infringement by someone other than defendant are properly dismissed under Fed. R. Civ.

19   Proc. 8(a)); *Coolsavings. Com., Inc. v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 WL 342431,

20   at *2 (N.D. Ill. May 14, 1999) (dismissing complaint without prejudice and granting leave to

21   amend claims of induced infringement because the complaint "alleges only the 'bald assertion' of

22   active inducement, which, 'without the allegation of any facts supporting it,' does not satisfy the

23   pleading requirements of the federal rules").

24   In *Anticancer Inc.*, the plaintiff's allegations of infringement, including inducement of

25   infringement, were as follows: "Each of the defendants has directly infringed the [] Patent and

26   has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the []

27   Patent by others." *Id.* at *10-11.  Applying the pleading standards set forth in *Bell Atlantic*, the

28   *Anticancer* court granted the defendants' motion to dismiss these claims, holding that "the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect

2    infringement so as to demonstrate a plausible entitlement to relief." *Id.*

3    　　　Here, Oplink's allegations similarly consist merely of bare statements. The Complaint

4    alleges merely that O-Net Shenzhen and Multiwave "have and continue to indirectly infringe the

5    [] patent through their contribution to, and/or inducement of, infringement of the [] patent by third

6    parties." *See* Complaint, ¶¶ 14, 19, 24. As in *Anticancer, Inc.*, these allegations are insufficient

7    to establish a claim of inducement because they do nothing more than set forth a "bare statement"

8    of indirect infringement.[1]

9    　　　Furthermore, while Oplink alleges that any "continuing" infringement is with "full

10   knowledge" of the patents (*see* Complaint ¶¶ 15, 20, 25), even this does not satisfy the required

11   elements of induced infringement as set forth in *DSU Medical Corp.* First, such a bare allegation

12   does not support any claim for *past* inducement. Second, Oplink fails to further allege that either

13   O-Net Shenzhen or Multiwave has the "specific intent and action" to induce future infringement

14   after learning of the patents by virtue of Oplink's complaint. Accordingly, Oplink's allegations

15   of inducement should be dismissed.

16   　　**C.    Oplink Has Not Pled Facts Showing Willful Infringement.**

17   　　　To establish a claim of willful infringement, a plaintiff must show that the infringer acted

18   despite an "objectively high likelihood that its actions constituted infringement of a valid patent."

19   *In re Seagate Tech., LLC*, No. 06-M830, 2007 WL 2358677, at *5 (Fed. Cir. Aug. 20, 2007) (en

20   banc). Mere negligence is not enough – *a plaintiff must plead facts to support a reckless*

21   *disregard of its patents*. *See id.* at *4-5. For a defendant's behavior to rise to the level of

22   "reckless disregard," *the risk of infringement* must be "known or so obvious that it should have

23

24   　　　[1] This case is also distinguishable from *McZeal v. Sprint Nextel Corp.*, No. 2006-1548,
     2007 WL 2683705 (Fed. Cir. Sept. 14, 2007). *McZeal* was a case brought by a *pro se* litigant
25   where the plaintiff alleged direct infringement under the doctrine of equivalents. *McZeal* did not
     address the sufficiency of pleading of indirect infringement or willfulness and admittedly gave
26   more leniency to a *pro se* litigant than a party such as Oplink, which is represented by counsel.
     Absent facts to support its allegations of willful and indirect infringement, Oplink's complaint
27   fails to provide O-Net Shenzen and Multiwave "fair notice of what the . . . claim is and the
     grounds upon which it rests." *Bell Atlantic Corp.*, 127 S. Ct. at 1964.
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOT. TO DISMISS    6    CASE NO. CV 07-4582 JSW

1   been known to the accused infringer." *Id.* at \*5.

2   Oplink has fallen far short of properly pleading the elements of willful infringement.

3   Oplink relies only on the bare bones allegation that O-Net Shenzhen's and Multiwave's alleged

4   infringement "has been, and continues to be, with full knowledge of the [] patent, making the

5   infringement willful." *See* Complaint ¶¶ 15, 20, 25. Oplink pleads no facts purporting to

6   establish how or when O-Net Shenzhen or Multiwave had "full knowledge" of the '829, '919, or

7   '129 patents. Oplink further fails to plead that, in the face of this knowledge, O-Net or

8   Multiwave recklessly disregarded a "known or obvious" risk of infringement. Oplink thus fails to

9   set forth the elements necessary for willful infringement as required by *In re Seagate Tech.*, let

10  alone provide a "showing" of those elements as required by *Bell Atlantic*, and dismissal of these

11  allegations should be granted.

**D.    In The Event That The Court Dismisses Oplink's Allegations of Willful Infringement, Oplink's Related Request For Relief Should Also Be Stricken.**

Under Fed. R. Civ. P. 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Oplink's requested relief includes, in part, an award of "enhanced damages resulting from the knowing, deliberate and willful infringement by O-Net [Shenzhen] and Multiwave, pursuant to 35 U.S.C. § 284." *See* Complaint at 11.

As set forth above, because Oplink's allegations of willful infringement are insufficiently pleaded, this Court should dismiss those allegations. Upon the Court so doing, the related prayer for relief should also be stricken, as these requests then become immaterial. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) ("A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law.").

**II.   ALTERNATIVELY, THE COURT SHOULD REQUIRE OPLINK TO AMEND ITS CLAIMS OF INDUCEMENT AND WILLFUL INFRINGEMENT TO PROVIDE A MORE DEFINITE STATEMENT.**

In the event that the Court does not grant O-Net Shenzhen's and Multiwave's motion to dismiss, the Court should alternatively require Oplink to provide a more definite statement of its allegations of inducement of infringement and willful infringement. Fed. R. Civ. P. 12(e) allows

1  a defendant to seek more information when a complaint is vague or ambiguous.  When a

2  complaint survives a motion to dismiss, a motion for a more definite statement under Fed. R. Civ.

3  Proc. 12(e) may still be appropriate.  *See, e.g. Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ.

4  3090, 2004 WL 2346152, at *4 (S.D.N.Y. Oct. 9, 2004).

5       As set forth above, the Complaint does not name any specific products and is at the very

6  least vague with respect to Oplink's allegations of intent and willfulness.  Oplink has not even

7  alleged any facts that would support even the possibility of intentional or willful conduct by O-

8  Net Shenzhen or Multiwave.

9  **CONCLUSION**

10       Oplink has not properly pleaded its claims for inducement or willful infringement under

11  the pleading standards articulated by the United States Supreme Court and the Federal Circuit.

12  As a result, the Court should dismiss those claims and strike the related prayer for relief.  In the

13  alternative, the Court should require Oplink to provide a more definite statement.

14

15  Dated: September 17, 2007            FENWICK & WEST LLP

16

17  By:              / s /
               Darryl M. Woo

18  Attorney for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
19  Multiwave Digital Solutions, Inc. and
Chunmeng Wu, an individual

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOT. TO DISMISS       8       CASE NO. CV 07-4582 JSW

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable, including without limitation, Oplink's claims and Defendants' affirmative defenses and counterclaims.

Dated:  September 17, 2007                    FENWICK & WEST LLP


By:_____/ s /_____
                       Darryl M. Woo

Attorney for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited
and Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOT. TO DISMISS              9              CASE NO. CV 07-4582 JSW

1  DARRYL M. WOO (CSB NO. 100513)
   dwoo@fenwick.com
2  HEATHER MEWES (CSB NO. 203690)
   hmewes@fenwick.com
3  MARY WANG (CSB NO. 234636)
   mwang@fenwick.com
4  JULIE NOKLEBERG (CSB NO. 247837)
   jnokleberg@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th floor
6  San Francisco, CA  94104
   Telephone:    (415) 875-2300
7  Facsimile:    (415) 281-1350

8  Attorneys for Defendants and Counterclaimants
   O-Net Communications (Shenzhen) Limited,
9  Multiwave Digital Solutions, Inc. and
   Chunmeng Wu, an individual

10

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13  Oplink Communications, Inc.,              **Case No.  CV 07-4582 JSW**

14              Plaintiff,                     **[PROPOSED] ORDER GRANTING
                                               DEFENDANTS O-NET
15  v.                                         COMMUNICATIONS (SHENZHEN)
                                               LIMITED AND MULTIWAVE DIGITAL
16  O-Net Communications (Shenzhen)            SOLUTIONS, INC.'S MOTION TO DISMISS
    Limited,                                   AND MOTION TO STRIKE, OR
17  Multiwave Digital Solutions, Inc., and     ALTERNATIVELY, FOR A MORE
    Chunmeng Wu, an individual,                DEFINITE STATEMENT**
18
                Defendants.                    Date:   October 26, 2007
19                                             Time:   9:00 a.m.
                                               Ctrm:   Hon. Jeffrey S. White
20

21                              **[PROPOSED] ORDER**

22          Upon reviewing Defendants' Motion to Dismiss and Motion to Strike, or Alternatively,

23  for a More Definite Statement, and it appearing that the allegations of Plaintiff's First Amended

24  Complaint are insufficient under Rule 12(b)(6) and Rule 12(e), and good cause appearing

25  therefor, the Court hereby **GRANTS** Defendants' Motion as follows:

26      1.  Plaintiff Oplink Communications, Inc.'s ("Oplink") allegations of inducement are

27          insufficient under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

28          1955, 1965 (2007), and are hereby dismissed;

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS                              CASE NO. CV 07-4582 JSW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    2.  Oplink's allegations of willful infringement are insufficient under Fed. R. Civ. P. 12(b)(6)

2        and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and are hereby

3        dismissed.

4    3.  Inasmuch as Oplink's prayer for enhanced damages are based on alleged willful

5        infringement, and those claims are dismissed, that portion of Oplink's prayer requesting

6        enhanced damages and attorneys' fees are likewise stricken.

7

8        [Alternatively, the Court grants Defendants' motion and orders Oplink to make a more

9    definite statement of its allegations of inducement of infringement and willful infringement as

10   follows:

11   1.  Plaintiff Oplink Communications, Inc.'s ("Oplink") allegations of inducement are

12       insufficient under Fed. R. Civ. P. 12(e) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

13       1955, 1965 (2007); Oplink is hereby granted 20 days leave to file a more definite

14       statement wherein Oplink may attempt to plead facts sufficient under the standards

15       articulated in *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1304-06 (Fed. Cir. 2006),

16       otherwise, Oplink's claims of inducement of infringement are dismissed;

17   2.  Oplink's allegations of willful infringement are insufficient under Fed. R. Civ. P. 12(e)

18       and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); Oplink is hereby

19       granted 20 days leave to file a more definite statement wherein Oplink may attempt to

20       plead facts sufficient under the standards articulated in *In re Seagate Tech.*, 2007 WL

21       2358677 (Fed. Cir. Aug. 20, 2007), otherwise, Oplink's claims of willful infringement are

22       dismissed and that portion of Oplink's prayer requesting enhanced damages and attorneys'

23       fees are likewise stricken.]

24   **IT IS SO ORDERED.**

25

26   Dated:_____

27                                              The Honorable Jeffrey S. White
                                                United States DISTRICT JUDGE

28

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS          2                    CASE NO. CV 07-4582 JSW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW