DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
HEATHER MEWES (CSB NO. 203690)
hmewes@fenwick.com
MARY WANG (CSB NO. 234636)
mwang@fenwick.com
JULIE NOKLEBERG (CSB NO. 247837)
jnokleberg@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oplink Communications, Inc., <br><br>            Plaintiff, <br><br> v. <br><br> O-Net Communications (Shenzhen) Limited, <br> Multiwave Digital Solutions, Inc., <br> Chunmeng Wu, an individual, <br><br>            Defendants. | **Case No.  CV 07-4582 JSW** <br><br> **DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **Date of Filing: September 17, 2006** <br> **Trial Date:     None set** |

## **ANSWER**

Defendants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen"), Multiwave Digital Solutions, Inc. ("Multiwave") and Mr. Chunmeng Wu ("Wu") (collectively "Defendants") answer the First Amended Complaint ("Complaint") of plaintiff Oplink Communications, Inc. ("Oplink"), following its numbered paragraphs, as follows:

**Parties**

1. Regarding paragraph 1 of the Complaint, Defendants are informed and believe that Oplink is a Delaware corporation with its principal place of business at 46335 Landing Parkway,

1  Fremont, California 94538.  Defendants lack knowledge or information sufficient to form a belief
2  as to the truth or falsity of the remaining allegations in paragraph 1 of the Complaint and
3  therefore deny them.

4      2.    Regarding paragraph 2 of the Complaint, Defendants admit that O-Net Shenzhen
5  is a Chinese company with its principal place of business at #10-1 South, Maqueling Industrial
6  Park, Nanshan District of Shenzhen, China.  O-Net Shenzhen avers that is a leading Original
7  Equipment Manufacturer ("OEM") and Original Design Manufacturer ("ODM"), which supplies
8  a variety of products to the global optical networking industry.  Except as expressly admitted or
9  averred, the remaining allegations of paragraph 2 are denied.

10      3.    Regarding paragraph 3 of the Complaint, Defendants admit that Multiwave is a
11  Texas corporation with a place of business in Fremont, California.  Defendants further admit that
12  Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the United
13  States.  Except as expressly admitted or averred, the remaining allegations of paragraph 3 are
14  denied.

15      4.    Regarding paragraph 4 of the Complaint, Defendants admit that Wu is an
16  individual who resides within the Northern District of California.  Defendants aver that Wu was
17  employed by Oplink until September 2006, and that he is a current employee of Multiwave.
18  Except as expressly admitted or averred, Defendants deny the allegations in paragraph 4 of the
19  Complaint.

20  **Jurisdiction and Venue**

21      5.    Regarding paragraph 5 of the Complaint, Defendants admit that the Complaint
22  purportedly alleges claims arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et*
23  *seq.*, and the statutory and common law of the State of California.

24      6.    Regarding paragraph 6 of the Complaint, Defendants admit that the Northern
25  District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§
26  1331 and 1338(a), and has supplemental jurisdiction over the state law claims under 28 U.S.C.
27  § 1367(a).
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7. Regarding paragraph 7 of the Complaint, Defendants admit that under 28 U.S.C. §§ 1391 and 1400, venue is proper in the Northern District of California, where Wu resides and Multiwave has a place of business. Except as expressly admitted or averred, Defendants deny the allegations in paragraph 7 of the Complaint

**Oplink's Patents In Suit**

8. Regarding paragraph 8 of the Complaint, Defendants admit that U.S. Patent No. 5,661,829 ("'829 Patent"), entitled "Optical Isolator," was issued by the Patent and Trademark Office on August 26, 1997. Except as expressly admitted, Defendants deny the allegations of paragraph 8 of the Complaint.

9. Regarding paragraph 9 of the Complaint, Defendants admit that U.S. Patent No. 6,215,919 ("'919 Patent"), entitled "Mechanical Optical Switching Device," was issued by the Patent and Trademark Office on April 10, 2001. Except as expressly admitted, Defendants deny the allegations of paragraph 9 of the Complaint.

10. Regarding paragraph 10 of the Complaint, Defendants admit that U.S. Patent No. 6,895,129 ("'129 Patent"), entitled "Optical Circulator," was issued by the Patent and Trademark Office on May 17, 2005. Except as expressly admitted, Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore deny them.

**First Claim for Relief**

**Infringement of U.S. Patent No. 5,661,829**

**(Against O-Net Shenzhen and Multiwave)**

12. O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to paragraphs 1-11 of this Answer as though fully set forth herein.

13. O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 13 of the Complaint.

14. To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 14 of the Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15. Regarding paragraph 15 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District of California on June 7, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect to the '829 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-Net Shenzhen or Multiwave. Except as expressly averred, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 15 of the Complaint.

16. O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 16 of the Complaint.

## Second Claim for Relief

## Infringement of U.S. Patent No. 6,215,919

## (Against O-Net Shenzhen and Multiwave)

17. O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to paragraphs 1-16 of this Answer as though fully set forth herein.

18. O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 18 of the Complaint.

19. To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 19 of the Complaint.

20. Regarding paragraph 20 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District of California on June 7, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect to the '919 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-Net Shenzhen or Multiwave. Except as expressly averred, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 20 of the Complaint.

21. O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 21 of the Complaint.

**Third Claim for Relief**

**Infringement of U.S. Patent No. 6,895,129**

**(Against O-Net Shenzhen and Multiwave)**

22. O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to paragraphs 1-21 of this Answer as though fully set forth herein.

23. O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 23 of the Complaint.

24. To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 24 of the Complaint.

25. Regarding paragraph 25 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Complaint of plaintiff Oplink filed in the Central District of California on August 25, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect to the '129 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-Net Shenzhen or Multiwave. Except as expressly averred, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 25 of the Complaint.

26. O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 26 of the Complaint.

**Fourth Claim for Relief**

**Trade Secret Misappropriation Under the Uniform Trade Secrets Act**

**(Against Multiwave and Wu)**

27. Multiwave and Wu hereby incorporate by reference their responses to paragraphs 1-26 of this Answer as though fully set forth herein.

28. Multiwave and Wu lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 and therefore deny them.

29. Multiwave and Wu lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore deny them.

1   30.     Regarding paragraph 30 of the Complaint, Wu admits that he is a former Oplink
2   employee, that he began his employment with Oplink on or about August 29, 2003, and that he
3   left that employ on or about September 8, 2006. Defendant Wu admits that he signed a document
4   entitled, "Employee Confidential Information and Inventions Agreement," and a document
5   entitled, "Separation Agreement." Except as expressly admitted, Defendant Wu denies the
6   allegations of paragraph 30. Except as expressly admitted, Multiwave lacks knowledge or
7   information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30
8   and therefore denies them.

9   31.     Multiwave and Wu deny the allegations contained in paragraph 31 of the
10  Complaint.

11  32.     Regarding paragraph 32 of the Complaint, Multiwave and Wu admit that Wu
12  became an employee of Multiwave subsequent to his employment by Oplink and that Wu is
13  currently a Multiwave employee. Multiwave and Wu further admit that Multiwave is an
14  exclusive sales representative for O-Net Shenzhen products sold in the United States. Except as
15  expressly admitted, Multiwave and Wu deny the allegations of paragraph 32.

16  33.     Multiwave and Wu deny the allegations contained in paragraph 33 of the
17  Complaint.

18  34.     Multiwave and Wu deny the allegations contained in paragraph 34 of the
19  Complaint.

20  35.     Multiwave and Wu deny the allegations contained in paragraph 35 of the
21  Complaint.

## Fifth Claim for Relief
## Breach of Duty of Loyalty
## (Against Wu)

25  36.     Wu hereby incorporate by reference his responses to paragraphs 1-35 of this
26  Answer as though fully set forth herein.

27  37.     Regarding paragraph 37 of the Complaint, Wu admits that he held the title of
28  Senior Director of Business Development and Customer Support for Oplink. Except as expressly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 admitted, he denies the allegations contained in paragraph 37 of the Complaint.

2     38.    Regarding paragraph 38 of the Complaint, Wu admits that he recommended that Oplink enter into a sales representation agreement with Multiwave, but avers that any decision regarding whether to enter into such an agreement and its terms was made by others at Oplink. Wu admits that he had previously worked with Multiwave at another employer. Except as expressly admitted, Wu denies the allegations contained in paragraph 38 of the Complaint.

    39.    Wu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore denies them

    40.    Wu denies the allegations contained in paragraph 40 of the Complaint.

    41.    Wu denies the allegations contained in paragraph 41 of the Complaint.

    42.    Wu denies the allegations contained in paragraph 42 of the Complaint.

    43.    Wu denies the allegations contained in paragraph 43 of the Complaint.

### Sixth Claim for Relief

### Unfair Competition

### (Against Multiwave)

    44.    Multiwave hereby incorporates by reference its responses to paragraphs 1-43 of this Answer as though fully set forth herein.

    45.    Multiwave denies the allegations contained in paragraph 45 of the Complaint.

    46.    Multiwave denies the allegations contained in paragraph 46 of the Complaint.

### Seventh Claim for Relief

### Breach of Contract

### (Against Wu)

    47.    Wu hereby incorporates by reference his responses to paragraphs 1-46 of this Answer as though fully set forth herein.

    48.    Wu admits that he signed a document entitled, "Employee Confidential Information and Inventions Agreement." Except as expressly admitted, Wu denies the allegations of paragraph 48.

1   49.  Wu admits that he signed a document entitled, "Separation Agreement." Except as expressly admitted, Wu denies the allegations of paragraph 49.

50.  Wu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 and therefore denies them.

51.  Wu denies the allegations contained in paragraph 51 of the Complaint.

52.  Wu denies the allegations contained in paragraph 52 of the Complaint.

## Eighth Claim for Relief

## Intentional Interference with Contractual Relations

## (Against Multiwave)

53.  Multiwave hereby incorporates by reference its responses to paragraphs 1-52 of this Answer as though fully set forth herein.

54.  Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore denies them.

55.  Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore denies them.

56.  Multiwave admits that it was aware that Wu was formerly employed by Oplink and had signed agreements relating to his employment. Except as expressly admitted, Multiwave denies the allegations of paragraph 56.

57.  Multiwave denies the allegations contained in paragraph 57 of the Complaint.

58.  Multiwave denies the allegations contained in paragraph 58 of the Complaint.

## REQUESTED RELIEF BY OPLINK

Defendants deny that Oplink is entitled to any relief

## AFFIRMATIVE DEFENSES

Defendants hereby assert affirmative defenses to the Complaint as follows:

## First Affirmative Defense

## Failure To State A Claim

59.  As a first and separate affirmative defense, Defendants allege that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

60. O-Net Shenzhen and Multiwave, *inter alia*, have moved to dismiss Oplink's allegations of inducement of infringement in paragraphs 14, 19 and 24 of the Complaint and Oplink's allegations of willful infringement in paragraphs 15, 20 and 25 of the Complaint, or, alternatively, for a more definite statement, as well as to strike the requests for relief related to these allegations.

## Second Affirmative Defense

## Invalidity

61. As a second and separate affirmative defense, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '829 Patent, the '919 Patent and/or the '129 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by plaintiff.

## Third Affirmative Defense

## Damages Limited By 35 U.S.C. § 187

62. As a third and separate affirmative defense, Defendants allege that Oplink's claim for damages, if any, is limited by 35 U.S.C. § 287.

## Fourth Affirmative Defense

## Laches, Waiver, Unclean Hands and/or Equitable Estoppel

63. As a fourth and separate affirmative defense, Defendants allege that Oplink's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, unclean hands, and/or equitable estoppel.

### Fifth Affirmative Defense

### Failure to Mitigate

64. As a fifth and separate affirmative defense, to the extent Oplink has sustained any damages allegedly caused by Defendants' conduct, Oplink cannot recover all or any portion of its claims because Oplink has failed and continues to fail to exercise reasonable care and diligence to mitigate any alleged damages it has suffered as a consequence of Defendants' actions.

### Sixth Affirmative Defense

### Consent and/or Acquiescence

65. As a sixth and separate affirmative defense, Defendants allege that Oplink's claims are barred on the grounds of consent and/or acquiescence.

### Seventh Affirmative Defense

### Uncertainty

66. As a seventh and separate affirmative defense, each claim is barred, in whole or in part, because Oplink fails to describe the facts supporting its claims with sufficient certainty.

### **COUNTERCLAIMS FOR DECLARATORY RELIEF**

Defendants and counterclaimants O-Net Shenzhen and Multiwave respectfully allege their counterclaims against Oplink as follows:

### Parties

1. O-Net Shenzhen is a Chinese company with its principal place of business at #10-1 South, Maqueling Industrial Park, Nanshan District of Shenzhen, China.

2. Multiwave is a Texas corporation with a place of business located at 44790 S. Grimmer Blvd., Suite 201, Fremont, CA 94538.

3. On information and belief, Oplink is a Delaware corporation with its principal place of business at 46335 Landing Parkway, Fremont, California 94538.

### Jurisdiction and Venue

4. These are Counterclaims for a declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code, and authorized, *inter alia*, by Rule 13 of the Federal Rules of Civil Procedure.

5.      This Court has subject matter jurisdiction of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2001 and 2202.

6.      Oplink is subject to personal jurisdiction in this judicial district by virtue of its stipulation transferring Case No. SACV 07-673 AHS (MLGx) from the Central District of California to the Northern District, and because its principal place of business is located in this judicial district.

7.      Venue in proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

8.      An actual controversy exists between O-Net Shenzhen, Multiwave and Oplink by virtue of the allegations of Oplink's Complaint and Defendants' Answer as to both the invalidity and non-infringement of Oplink's '829, '919 and '129 Patents.

## First Counterclaim

## Declaration of Non-Infringement

9.      O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations in paragraphs 1-8 of these Counterclaims as though fully set forth herein.

10.      Oplink claims to be the owner of the entire right, title and interest in and to the '829 Patent, the '919 Patent and the '129 Patent.

11.      Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '829 Patent, the '919 Patent and the '129 Patent.

12.      O-Net Shenzhen and Multiwave have not and do not infringe (directly, indirectly or in any other way), and are not liable as an infringer of, any claim of the '829 Patent, the '919 Patent and/or the '129 Patent and Oplink is entitled to no relief for any claim in the Complaint for, *inter alia*, the reasons stated in Defendants' Affirmative Defenses, above, which are incorporated herein by reference.

13.      Absent a declaration of non-infringement, Oplink will continue to assert the '829 Patent, the '919 Patent and/or the '129 Patent against O-Net Shenzhen and Multiwave and will in this way cause damage to O-Net Shenzhen and Multiwave.

14.      O-Net Shenzhen and Multiwave thus seek a declaration that they do not infringe the '829 Patent, the '919 Patent and/or the '129 Patent and are not liable as infringers.

## Second Counterclaim

### Declaration of Invalidity

15. O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations in paragraphs 1-14 of these Counterclaims as though fully set forth herein.

16. Oplink claims to be the owner of the entire right, title and interest in and to the '829 Patent, the '919 Patent and the '129 Patent.

17. Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '829 Patent, the '919 Patent and the '129 Patent.

18. The claims of Oplink's '829 Patent, the '919 Patent and/or the '129 Patent are invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '829 Patent, the '919 Patent and/or the '129 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by plaintiff.

19. Absent a declaration of invalidity, Oplink will continue to assert the '829 Patent, the '919 Patent and/or the '129 Patent against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

20. O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's '829 Patent, the '919 Patent and/or the '129 Patent are invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment with respect to Oplink's Complaint, Defendants Affirmative Defenses and above Counterclaims, and O-Net Shenzhen's and

Multiwave's Motion to Dismiss, or, alternatively, for a More Definite Statement and Motion to Strike as follows:

    a)    Judgment on the First Amended Complaint in favor of Defendants and against Oplink;

    b)    Judgment on each Counterclaim in favor of defendants O-Net Shenzhen and Multiwave and against Oplink;

    c)    Judgment declaring that the claims of the '829 Patent are not infringed by O-Net Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

    d)    Judgment declaring that the claims of the '919 Patent are not infringed by O-Net Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

    e)    Judgment declaring that the claims of the '129 Patent are not infringed by O-Net Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

    f)    Judgment declaring that the claims of the '829 Patent are invalid;

    g)    Judgment declaring that the claims of the '919 Patent are invalid;

    h)    Judgment declaring that the claims of the '129 Patent are invalid;

    i)    A declaration that Defendants' defenses and counterclaims present an exceptional case entitling Defendants to, and therefore awarding, them their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

    j)    An award of costs, expenses and attorneys' fees to Defendants; and

    k)    An award to Defendants of such other and further relief as this Court deems just and proper.

Dated: September 17, 2007          FENWICK & WEST LLP

By: _____/ s /_____
      Darryl M. Woo

Attorney for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc.,
and Chunmeng Wu, an individual

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable, including without limitation, Oplink's claims and Defendants' affirmative defenses and counterclaims.

Dated:  September 17, 2007                FENWICK & WEST LLP


By:            / s /
                    Darryl M. Woo

Attorney for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited
and Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual