HEIDI L. KEEFE (SBN: 178960)
Email: hkeefe@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
Email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
Email: sorourke@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone:  650/213-0300
Facsimile:   650/213-8158

Attorneys for Plaintiff Oplink Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> O-NET COMMUNICATIONS (SHENZHEN) LIMITED; MULTIWAVE DIGITAL SOLUTIONS, INC.; CHUNMENG WU, AN INDIVIDUAL, <br><br> Defendants. | Case No. C 07-4582 (MJJ) <br><br> **NOTICE OF MOTION AND MOTION BY OPLINK COMMUNICATIONS, INC. TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND DISMISS THEIR COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: November 20, 2007 <br> Time: 9:30 a.m. <br> Ctrm: 11, 19th Floor <br><br> The Honorable Martin J. Jenkins |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on November 20, 2007 at 9:30 a.m. in the courtroom of the Honorable Martin J. Jenkins, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Oplink Communications, Inc. ("Oplink") will and hereby does move the Court for an order pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6).

In particular, Oplink seeks an order striking certain affirmative defenses asserted by defendants O-Net Communications (Shenzhen) Limited ("O-Net"), Multiwave Digital Solutions, Inc. ("Multiwave") and Chunmeng Wu ("Wu") (collectively, "Defendants") in their Answer to Complaint, Affirmative Defenses and Counterclaims ("Defendants' Answer") filed on September 17, 2007. Oplink further moves to dismiss Defendants' declaratory judgment counterclaims of non-infringement and invalidity to the extent they rely upon and incorporate affirmative defenses set forth in Defendants' Answer that were not properly pleaded, pursuant to Rule 12(b)(6).

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities set forth below, all pleadings and records on file in this action and any other arguments and evidence presented to this Court at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants' affirmative defenses do not comply with basic pleading standards and should be stricken. For each affirmative defense, Defendants provide nothing more than a single sentence consisting of a bare legal conclusion, essentially leaving Oplink to guess as to its basis.

Defendants asserted ten (10) affirmative defenses including failure to state a claim, patent invalidity, limitation of patent damages under 35 U.S.C. § 287, laches, waiver, unclean hands, equitable estoppel, failure to mitigate, consent and/or acquiescence and uncertainty in their Answer which was filed on September 17, 2007. Defendants' Answer was submitted in response to Plaintiff Oplink's amended complaint filed on August 24, 2007, which alleges infringement of U.S. Patent Nos. 5,661,829, 6,215,919 and 6,895,129 and includes state law claims for trade secret

misappropriation, breach of duty of loyalty, unfair competition, breach of contract and intentional interference with contractual relations.

Oplink brings the current motion because Defendants do not allege *any* facts to support their affirmative defenses. To take just a few examples, the Answer alleges that "Oplink's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, unclean hands, and/or equitable estoppel," and that "Oplink's claims are barred on the grounds of consent and/or acquiescence." These defenses are mere legal conclusions and provide no facts to support them.

Courts in the district have repeatedly and consistently held that affirmative defenses pleaded in such a conclusory manner are subject to a motion to strike. *See Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991); *Advanced Cardiovascular Systems, Inc. v. Medtronic*, 41 U.S.P.Q. 2d 1770 (N.D. Cal. 1996) ("*ACS v. Medtronic*"); *Network Caching Technology, LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004). To comply with basic pleading requirements, a defendant must plead facts sufficient to provide notice of the grounds upon which its affirmative defenses rest. In each of the cases cited above, courts struck affirmative defenses that were almost word-for-word identical to the ones asserted by Defendants because they failed to provide fair notice to the plaintiff, as required by the Federal Rules.

For the reasons set forth below, Oplink respectfully requests that the Court (1) strike Defendants' conclusory affirmative defenses; and (2) dismiss Defendants' declaratory judgment counterclaims of non-infringement and invalidity to the extent they rely upon and incorporate those insufficient affirmative defenses.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 12(f), a Court may "order stricken from any pleading *any insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The Ninth Circuit has noted that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev.'d on other grounds* 510 U.S. 517 (1994).

1	Rule 8(b) provides that "[a] party shall state in short and plain terms the party's
2	defenses to each claim asserted . . ." To meet the basic pleading requirements for an affirmative
3	defense, the defendant must set forth sufficient facts to notify the plaintiff of the basis of the defense.
4	"The key to determining the sufficiency of pleading an affirmative defense is whether it gives
5	plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.
6	1979). When, as here, an affirmative defense fails to give fair notice to the defendant, the Court can
7	order it stricken. *See, e.g.*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048-49 (N.D.
8	Cal. 2004) ("A defense may be struck if it fails to provide 'fair notice' of the basis of the defense.").
9	As explained in detail below, Defendants' affirmative defenses do not comply with
10	these basic pleading requirements and should be stricken.

11	**A.	Defendants' Affirmative Defenses Do Not Provide "Fair Notice" To Oplink.**
12	**1.	The Unclean Hands Defense Is Insufficient And Should Be Stricken.**

13	Defendants' fourth affirmative defense alleges that "Oplink's claims are barred, in
14	whole or in part, by the equitable doctrine of . . . unclean hands." Defendants' Answer, p. 9, ¶ 63.
15	There are two independently fatal problems with this defense: (1) the Answer provides no factual
16	allegations whatsoever to explain the grounds on which it is based; and (2) it is not pleaded with
17	specificity pursuant to Fed. R. Civ. Proc. 9(b) to the extent it rests on inequitable conduct.
18	First, Defendants' unclean hands defense is indistinguishable from a defense ordered
19	stricken in *Network Caching Technology, LLC v. Novell, Inc.*, C-01-2079-VRW, 2001 WL
20	36043487 (N.D. Cal. Dec. 31, 2001). In that case, Judge Walker struck an affirmative defense that
21	stated in full: "As its tenth separate and affirmative defense, plaintiff's claims are barred by the
22	doctrine of unclean hands." *Id.* at *4. The court struck the defense, reasoning that it "is a simple
23	legal conclusion that does not provide any factual basis for the assertion of the defense." *Id.*
24	The second problem with this defense arises from the fact that "unclean hands" in the
25	patent context is often synonymous with "inequitable conduct," an equitable defense that requires
26	proof of fraud and must be pleaded with particularity pursuant to Rule 9(b). *See, e.g.*, *Central
27	Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed.
28	Cir. 2007) (quoting *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC,* 350 F.3d 1327,

1344 (Fed. Cir. 2003)).  Courts in this district have repeatedly held that patent defendants may not circumvent the heightened pleading standard applicable to inequitable conduct by alleging a conclusory "unclean hands" defense.  "To the extent that defendant's affirmative defense for unclean hands . . . rests on allegations of inequitable conduct before the PTO, defendant must plead [it] with the specificity required under Rule 9(b)."  *Advanced Cardivascular Systems, Inc. v. Medtronic, Inc.*, C-95-3577 DLJ, 1996 WL 467293, at *13 (N.D. Cal. July 24, 1996) (striking unclean hands defense); *Network Caching Technology*, 2001 WL 36043487, at *4 (same).

In the present case, there is no way Oplink or the Court can determine whether Defendants' "unclean hands" defense is based on inequitable conduct.  Ambiguities over whether an "unclean hands" defense is based on inequitable conduct before the PTO, however, are resolved *against* the pleader and in favor of striking the defense.  *Id.*  In the present case, Defendants have failed to state with particularity any facts to allege any affirmative defense based on fraud.

Accordingly, Oplink respectfully requests that the Court strike Defendants' affirmative defense of unclean hands.

### 2. The Ambiguously Pleaded Laches, Waiver and Equitable Estoppel Defenses Must Be Stricken.

Defendants' fourth affirmative defense alleges that "Oplink's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver . . . **and/or** equitable estoppel."  Defendants' Answer, p. 9, ¶ 63 (emphasis added).  This defense suffers from two independent problems.  First, it is a bald legal conclusion with no factual support whatsoever, which is insufficient as a matter of law.  *See ACS v. Medtronic*, 41 U.S.P.Q.2d at 1774; *Network Caching Technology, LLC*, 2001 WL 36043487, at *3, *5.

Second, the fourth affirmative defense lumps together four legally distinct defenses (*i.e.* laches, waiver, unclean hands, equitable estoppel), and connects them with the ambiguous connector "and/or," which makes it impossible to determine whether Defendants are asserting all four defenses or some undisclosed combination.  The defense leaves Oplink to guess as to which of these four separate defenses, if any, is actually being asserted by Defendants.

### 3. The Unrecognized "Uncertainty" Defense Should Fail.

Defendants' seventh defense states in full: "As a seventh and separate affirmative defense, each claim is barred, in whole or in part, because Oplink fails to describe the facts supporting its claims with sufficient certainty." Defendants' Answer, p. 10, ¶ 66. This defense presents an example of the idiom, "pot calling the kettle black," as it provides no facts or explanation whatsoever as to the grounds on which it is based. This defense should also be stricken because "uncertainty" is not a recognized affirmative defense. *E.g.*, *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *4 (N.D. Cal. March 4, 2005) ("The Court agrees with Security that 'uncertainty' is not an affirmative defense and will grant Security's motion to strike these 'affirmative defenses' from the answer."). This defense should be stricken, with prejudice.

### 4. The Invalidity Defense Is Deficient And Should Be Stricken.

Defendants' second affirmative defense for invalidity should be stricken for failing to provide fair notice. Courts in this district have repeatedly held that a conclusory listing of statutory grounds of invalidity does not satisfy the pleading requirements of the Federal Rules. A properly pleaded invalidity defense must "link each challenged patent with particular defects, and allege some factual basis for each alleged defect." *Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991); *ACS v. Medtronic*, 41 U.S.P.Q.2d at 1773 (same).

For example, in *ACS v. Medtronic*, *supra*, the Court struck an invalidity defense that alleged that the patent was "invalid, void, and unenforceable for failure to satisfy the requirements of patentability contained in Title 35 United States Code, including but not limited to, sections 101, 102, 103, and/or 112." 41 U.S.P.Q.2d at 1773. The Court reasoned that "[s]ince sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give ACS fair notice of the claims being asserted." *Id. accord Grid Systems*, 771 F. Supp. at 1042 (finding "radically insufficient" an affirmative defense that patent was invalid for "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112."); *Qarbon.com*, 315 F. Supp. 2d at 1050 (same).

The invalidity defense in this case is legally indistinguishable from the ones stricken by the courts in *ACS v. Medtronic*, *Grid Systems* and *Qarbon.com*. Defendants' invalidity defense reads, in full, as follows:

> As a second and separate affirmative defense, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid for failure to satisfy one or more Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; *or* was used or known by others in this country *or* was patented or described by a publication before its invention; *or* was patented or described in a publication or was in public use *or* for sale more than one year before the date of the patent application; *or* was not invented by the named inventors; *or* was invented by another prior to the alleged invention; *or* was taught by, suggested by, and/or obvious in view of, the prior art, *or* is indefinite; *or* does not contain a proper written description; *or* is not enabling; *or* does not disclose the best mode of the invention; and no claim of the '829 Patent, the '919 Patent and/or the '129 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by plaintiff.

Defendants' Answer, p. 9, ¶ 61 (emphasis added).

As shown above, Defendants' invalidity defense begins with a listing of statutory sections substantially identical to the defenses stricken in *ACS v. Medtronic* and *Grid Systems*. Defendants attempted to create the illusion of specificity by parroting language from 35 U.S.C. §§ 101, 102, 103 and 112, relating to the twelve grounds for invalidity available under those sections. This additional text merely summarizes the listing of statutory sections; it provides no additional information that is not already provided by the statutory citation. Each of these twelve purported invalidity grounds is separated by the disjunctive "or" (shown in the text above), which leaves Oplink to guess as to which grounds – if any – actually apply to the three separate patents-in-suit. There is no way for Oplink to determine whether the patents-in-suit are allegedly invalid because of all twelve of these grounds, one of these grounds or some undisclosed combination. There is also no way for Oplink to determine which grounds apply to which of the three patents-in-suit.

As the Court observed in *Grid Systems*, the "failure to match particular defects with specific patents reduces the meaning of [an invalidity defense] to a general allegation that each patent is defective, period." 771 F. Supp. at 1041-42. Accordingly, Oplink respectfully requests the Court strike this woefully deficient affirmative defense.

### 5. Defendants' Other Defenses Are Insufficient And Should Also Be Stricken.

Defendants' third affirmative defense states in full: "As a third and separate affirmative defense, Defendants allege that Oplink's claim for damages, if any, is limited by 35 U.S.C. § 287." Defendants' Answer, p. 9, ¶ 62. Their fifth affirmative defense states in full: "As a fifth and separate affirmative defense, to the extent Oplink has sustained any damages allegedly caused by Defendants' conduct, Oplink cannot recover all or any portion of its claims because Oplink has failed and continues to fail to exercise reasonable care and diligence to mitigate any alleged damages it has suffered as a consequence of Defendants' actions." *Id*. at p. 10, ¶ 64. Their sixth affirmative defense states in full: "As a sixth and separate affirmative defense, Defendants allege that Oplink's claims are barred on the grounds of consent and/or acquiescence." *Id*. at p. 10, ¶ 65. Like the other defenses discussed above, these defenses are bare legal conclusions that fail to give fair notice to Oplink. Simply listing legal doctrines without factual support does not constitute fair notice of the grounds for an affirmative defense. *See Qarbon.com*, 315 F. Supp. 2d at 1049-50; *Network Caching Technology, LLC*, 2001 WL 36043487, at *4-5.

### B. Defendants' Declaratory Relief Counterclaims Should Be Dismissed.

Immediately following their Answer, Defendants asserted two counterclaims against Oplink seeking a declaration of non-infringement and invalidity, respectively, of the Oplink patents-in-suit. *See* Defendants' Answer, pp. 10-13. Oplink respectfully requests that the Court dismiss both of these counterclaims under Rule 12(b)(6) to the extent they rely on and incorporate the insufficiently pleaded affirmative defenses discussed above.

The first declaratory counterclaim alleges that "Oplink is entitled to no relief for any claim in the Complaint for, *inter alia*, the reasons stated in Defendants' Affirmative Defenses, above, which are incorporated herein by reference." Defendants' Answer, p. 11, ¶ 12. The counterclaim provides no additional facts to support of any of the affirmative defenses alleged in the Answer. Because Defendants have failed to properly plead the affirmative defenses set forth in their Answer, this portion of the first counterclaim should be dismissed.

The second counterclaim seeks a declaration of invalidity of the Oplink patents-in-suit, and merely repeats the language from the Defendants' second affirmative defense of invalidity, which is insufficient for the reasons discussed above. *See* Defendants' Answer, p. 12, ¶ 18. Because Defendants have failed to plead their affirmative defense of invalidity, their counterclaim to the same effect should be dismissed pursuant to Rule 12(b)(6). *See Qarbon.com*, 315 F. Supp. 2d at 1050-51 (dismissing declaratory judgment counterclaim of invalidity under Rule 12(b)(6) for failure to provide any factual basis for the charge of invalidity).

## III. <u>CONCLUSION</u>

For the foregoing reasons, Oplink respectfully requests the Court grant its motion to strike and to dismiss, as set forth above.

Dated: October 9, 2007

Respectfully submitted,

WHITE & CASE LLP

_____/s/ Mark R. Weinstein /s/_____
Mark R. Weinstein
Attorneys for Plaintiff
Oplink Communications, Inc.