HEIDI L. KEEFE (SBN: 178960)
Email: hkeefe@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
Email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
Email: sorourke@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone:  650/213-0300
Facsimile:   650/213-8158

Attorneys for Plaintiff Oplink Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> O-NET COMMUNICATIONS (SHENZHEN) LIMITED; MULTIWAVE DIGITAL SOLUTIONS, INC.; CHUNMENG WU, AN INDIVIDUAL, <br><br> Defendants. | Case No. C 07-4582 (MJJ) <br><br> **[PROPOSED]** <br><br> **ORDER GRANTING PLAINTIFF OPLINK COMMUNICATIONS, INC.'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND DISMISS THEIR COUNTERCLAIMS** <br><br> Date:  November 20, 2007 <br> Time: 9:30 a.m. <br> Ctrm: 11, 19th Floor <br><br> The Honorable Martin J. Jenkins |

Plaintiff Oplink Communications, Inc. ("Oplink") moves for an order striking certain affirmative defenses of defendants O-Net Communications (Shenzhen) Limited ("O-Net"), Multiwave Digital Solutions, Inc. ("Multiwave") and Chunmeng Wu ("Wu") (collectively, "Defendants") raised in Defendants' Answer to Complaint, Affirmative Defenses and Counterclaims ("Defendants' Answer") filed on September 17, 2007.  Oplink further moves for dismissal of the

declaratory judgment counterclaims identified in Defendants' Answer to the extent they rely on and incorporate Defendants' affirmative defenses. For the reasons set forth below, the Court hereby **GRANTS** Oplink's motion.

## I.     BACKGROUND

Oplink filed an amended complaint on August 24, 2007 alleging infringement of U.S. Patent Nos. 5,661,829, 6,215,919 and 6,895,129 and state law claims including trade secret misappropriation, breach of duty of loyalty, unfair competition, breach of contract and intentional interference with contractual relations against Defendants. On September 17, 2007, Defendants filed their Answer to Complaint, Affirmative Defenses and Counterclaims asserting ten (10) affirmative defenses including failure to state a claim, invalidity, limitation of patent damages under 35 U.S.C. § 287, laches, waiver, unclean hands, equitable estoppel, failure to mitigate, consent and/or acquiescence and uncertainty.

Oplink moves for an order striking certain affirmative defenses in Defendants' Answer pursuant to Fed. R. Civ. P. 12(f), and for dismissal of Defendants' declaratory judgment counterclaims to the extent they rely on and incorporate the affirmative defenses set forth in Defendants' Answer, pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    LEGAL STANDARD

Under the Federal Rule of Civil Procedure 12(f), a court may "order stricken from any pleading *any insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The Ninth Circuit has noted that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds* 510 U.S. 517 (1994).

Rule 8(b) provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted . . ." To meet the basic pleading requirements for an affirmative defense, the defendant must set forth sufficient facts to notify the plaintiff of the basis of the defense. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.

1979).  When, as Oplink contends here, the affirmative defense fails to give fair notice to the defendant, the court can order it stricken.  *See, e.g.*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004) ("A defense may be struck if it fails to provide 'fair notice' of the basis of the defense.").

As explained in detail below, the Court agrees with Oplink's contention that Defendants' affirmative defenses do not comply with these requirements.

## III. ANALYSIS

### A. Defendants' Affirmative Defenses Do Not Provide "Fair Notice" To Oplink.

Courts in the district have consistently held that affirmative defenses pleaded in a conclusory manner, without any factual allegations, are subject to a motion to strike.  *See Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991); *Advanced Cardiovascular Systems, Inc. v. Medtronic*, 41 U.S.P.Q.2d 1770 (N.D. Cal. 1996); *Network Caching Technology, LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004).  To comply with basic pleading requirements, a defendant must plead facts sufficient to provide notice of the grounds upon which its affirmative defenses rest.  *Id.*

#### 1. Unclean Hands

Defendants' fourth affirmative defense alleges that "Oplink's claims are barred, in whole or in part, by the equitable doctrine of . . . unclean hands."  Defendants' Answer, p. 9, ¶ 63. Plaintiff contends that there are two problems with this defense:  (1) the Answer provides no factual allegations whatsoever to explain the grounds on which this defense is based; and (2) the defense is not pleaded with specificity pursuant to Fed. R. Civ. Proc. 9(b) to the extent it rests on allegations of inequitable conduct before the PTO.

Regarding Plaintiff's first contention, the Court agrees that Defendants do not allege any facts to support their unclean hands defense.  Defendants' unclean hands defense is indistinguishable from a defense ordered stricken in *Network Caching Technology, LLC v. Novell, Inc.*, C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001).  In that case, Judge Walker struck an affirmative defense that stated in full: "As its tenth separate and affirmative defense,

1  plaintiff's claims are barred by the doctrine of unclean hands." *Id.* at *4. The court struck the
2  defense, reasoning that it "is a simple legal conclusion that does not provide any factual basis for the
3  assertion of the defense." *Id.*

4  The Court also agrees with Plaintiff's second contention that Defendants' unclean
5  hands defense fails to comply with Fed. R. Civ. Proc. 9(b). "Unclean hands" in the patent context is
6  often synonymous with "inequitable conduct," an equitable defense that requires proof of fraud, and
7  must be pleaded with particularity pursuant to Rule 9(b). *See, e.g.*, *Central Admixture Pharmacy*
8  *Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (quoting
9  *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1344 (Fed. Cir.
10 2003)). Courts in this district have held that defendants may not circumvent the heightened pleading
11 requirements applicable to inequitable conduct defenses by pleading a conclusory "unclean hands"
12 defense. "To the extent that defendant's affirmative defense for unclean hands . . . rests on
13 allegations of inequitable conduct before the PTO, defendant must plead [it] with the specificity
14 required under Rule 9(b)." *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 1996 WL
15 467293, at *13 (N.D. Cal. 1996) (striking unclean hands defense); *Network Caching Technology*,
16 2001 WL 36043487, at *4 (same). Ambiguities over whether an "unclean hands" defense is based
17 on inequitable conduct are resolved *against* the pleader, by striking the defense. *Id.* In the present
18 case, the Court finds that Defendants have failed to state with particularity any facts to allege an
19 affirmative defense based on fraud.

20 Accordingly, the Court hereby strikes Defendants' affirmative defense of unclean
21 hands.

22 **2.    Laches, Waiver and Equitable Estoppel**

23 Defendants' fourth affirmative defense alleges that "Oplink's claims are barred, in
24 whole or in part, by the equitable doctrine of laches, waiver . . . **and/or** equitable estoppel."
25 Defendants' Answer, p. 9, ¶ 63 (emphasis added). The Court finds that this defense fails for two
26 reasons. First, it is a bare legal conclusion with no factual support, which is insufficient as a matter
27 of law. *See Advanced Cardiovascular Systems, Inc. v. Medtronic*, 41 U.S.P.Q.2d 1770, 1774 (N.D.
28 Cal. 1996) ("*ACS v. Medtronic*"); *Network Caching Technology, LLC*, 2001 WL 36043487, at *3,

*5. Second, the defense as pleaded lumps together four legally distinct defenses (*i.e.* laches, waiver, unclean hands, equitable estoppel), and connects them with the ambiguous connector "and/or," leaving Oplink to guess as to which of these four separate defenses is actually being asserted.

Accordingly, the Court hereby strikes Defendants' affirmative defenses for laches, waiver and equitable estoppel.

### 3.    Uncertainty

Defendants' seventh defense states in full: "As a seventh and separate affirmative defense, each claim is barred, in whole or in part, because Oplink fails to describe the facts supporting its claims with sufficient certainty." Defendants' Answer, p. 10, ¶ 66.  The Court agrees with Plaintiff that it provides no facts or explanation as to the grounds on which it is based and therefore strikes this defense.  This defense is also be stricken because "uncertainty" is not a recognized affirmative defense. *E.g.*, *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *4 (N.D. Cal. March 4, 2005) ("The Court agrees with Security that 'uncertainty' is not an affirmative defense and will grant Security's motion to strike these 'affirmative defenses' from the answer.").  This defense is hereby stricken.  Because this defense is not legally cognizable, it is stricken without leave to amend.

### 4.    Invalidity

Defendants' second affirmative defense for invalidity is stricken for failing to provide fair notice.  Courts in this district have repeatedly held that a conclusory listing of statutory grounds of invalidity does not satisfy the pleading requirements of the Federal Rules.  A properly pleaded invalidity defense must "link each challenged patent with particular defects, and allege some factual basis for each alleged defect." *Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991); *ACS v. Medtronic*, 41 U.S.P.Q.2d at 1773.

For example, in *ACS v. Medtronic*, *supra*, the Court struck an invalidity defense that alleged that the patent was "invalid, void, and unenforceable for failure to satisfy the requirements of patentability contained in Title 35 United States Code, including but not limited to, sections 101, 102, 103, and/or 112." 41 U.S.P.Q.2d at 1773.  The Court reasoned that "[s]ince sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more

1 specific statement of the basis for this defense in order to give ACS fair notice of the claims being asserted." *Id. accord Grid Systems*, 771 F. Supp. at 1042 (finding "radically insufficient" the affirmative defense that patent was invalid for "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112."); *Qarbon.com*, 315 F. Supp. 2d at 1050 (same).

The invalidity defense in this case is legally indistinguishable from the ones stricken by the courts in *ACS v. Medtronic*, *Grid Systems* and *Qarbon.com*. Defendants' invalidity defense reads, in full, as follows:

> As a second and separate affirmative defense, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid for failure to satisfy one or more Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; **_or_** was used or known by others in this country **_or_** was patented or described by a publication before its invention; **_or_** was patented or described in a publication or was in public use **_or_** for sale more than one year before the date of the patent application; **_or_** was not invented by the named inventors; **_or_** was invented by another prior to the alleged invention; **_or_** was taught by, suggested by, and/or obvious in view of, the prior art, **_or_** is indefinite; **_or_** does not contain a proper written description; **_or_** is not enabling; **_or_** does not disclose the best mode of the invention; and no claim of the '829 Patent, the '919 Patent and/or the '129 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by plaintiff.

Defendants' Answer, p. 9, ¶ 61 (emphasis added).

As shown above, Defendants' invalidity defense begins with a listing of statutory sections substantially identical to the defenses stricken in *ACS v. Medtronic* and *Grid Systems*. The listing of statutory sections is followed by language that has been taken from 35 U.S.C. §§ 101, 102, 103 and 112, relating to the twelve grounds for invalidity available under those sections. This additional text merely summarizes the listed of statutory sections; it provides no additional information that is not already provided by the statutory citation. Each of these twelve purported invalidity grounds is separated by the disjunctive "or" (shown in the text above), which leaves Oplink to guess as to which invalidity grounds actually apply to the three separate patents-in-suit. There is no way for Oplink or the Court to determine whether the patents-in-suit are allegedly invalid because of all twelve of these grounds, one of these grounds or some undisclosed combination. There is also no way for Oplink or the Court to determine the specific grounds that apply to each of the three patents-in-suit.

As the Court observed in *Grid Systems*, the "failure to match particular defects with specific patents reduces the meaning of [an invalidity defense] to a general allegation that each patent is defective, period." 771 F. Supp. at 1041-42. Accordingly, the Court hereby strikes this affirmative defense.

### 5.    Other Defenses

Defendants' third affirmative defense states in full: "As a third and separate affirmative defense, Defendants allege that Oplink's claim for damages, if any, is limited by 35 U.S.C. § 287." Defendants' Answer, p. 9, ¶ 62. Their fifth affirmative defense states in full: "As a fifth and separate affirmative defense, to the extent Oplink has sustained any damages allegedly caused by Defendants' conduct, Oplink cannot recover all or any portion of its claims because Oplink has failed and continues to fail to exercise reasonable care and diligence to mitigate any alleged damages it has suffered as a consequence of Defendants' actions." *Id*. at p. 10, ¶ 64. Their sixth affirmative defense states in full: "As a sixth and separate affirmative defense, Defendants allege that Oplink's claims are barred on the grounds of consent and/or acquiescence." *Id*. at p. 10, ¶ 65. Like the other defenses discussed above, these defenses are bare legal conclusions that fail to meet the pleading standards and fail to give fair notice to Oplink. Simply listing legal doctrines without factual support does not constitute fair notice of the grounds for an affirmative defense. *See Qarbon.com*, 315 F. Supp.2d at 1049-50.

### B.    Defendants' Declaratory Relief Counterclaims Should Be Dismissed.

Immediately following their Answer, Defendants asserted two counterclaims against Oplink seeking a declaration of non-infringement and invalidity, respectively, of the Oplink patents-in-suit. *See* Defendants' Answer, pp. 10-13. Oplink has requested that the Court dismiss both of these counterclaims under Rule 12(b)(6) to the extent they rely on and incorporate the insufficiently pleaded affirmative defenses discussed above.

The first declaratory counterclaim alleges that "Oplink is entitled to no relief for any claim in the Complaint for, *inter alia*, the reasons stated in Defendants' Affirmative Defenses, above, which are incorporated herein by reference." Defendants' Answer, p. 11, ¶ 12. The Court finds that the counterclaim provides no additional facts to support of any of the affirmative defenses

1  alleged in the Answer.  Because Defendants have failed to properly plead affirmative defenses set
2  forth in their Answer for the reasons stated above, this portion of the first counterclaim is dismissed.
3  　　　　　The second counterclaim seeks a declaration of invalidity of the Oplink patents-in-
4  suit, and merely repeats the language of from the Defendants' second affirmative defense of
5  invalidity, which was discussed in detail above.  *See* Defendants' Answer, p. 12, ¶ 18.  Because
6  Defendants have failed to plead their affirmative defense of invalidity, their counterclaim to the
7  same effect will be dismissed under Rule 12(b)(6).  *See Qarbon.com*, 315 F. Supp. 2d at 1050-51
8  (dismissing declaratory judgment counterclaim of invalidity for failure to provide any factual basis
9  for the charge of invalidity).

## IV.    CONCLUSION

　　　　　For the foregoing reasons, the Court hereby grants the Motion by Plaintiff to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims.  Defendants shall have ten (10) days of the date of this Order to file an amended answer and counterclaim to address the issues identified above.

**IT IS SO ORDERED.**

Dated: _____
　　　　　　　　　　　　　　　　　　　　The Honorable Martin J. Jenkins
　　　　　　　　　　　　　　　　　　　　United States District Judge