HEIDI L. KEEFE (SBN: 178960)
Email: hkeefe@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
Email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
Email: sorourke@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone: 650/213-0300
Facsimile: 650/213-8158

Attorneys for Plaintiff Oplink Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

OPLINK COMMUNICATIONS, INC.,

Plaintiff,

v.

O-NET COMMUNICATIONS (SHENZHEN) LIMITED; MULTIWAVE DIGITAL SOLUTIONS, INC.; CHUNMENG WU, AN INDIVIDUAL,

Defendants.

Case No. C 07-4582 (MJJ)

**OPLINK COMMUNICATIONS, INC.'S OPPOSITION TO DEFENDANTS O-NET COMMUNICATIONS (SHENZHEN) LIMITED AND MULTIWAVE DIGITAL SOLUTIONS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Date: November 27, 2007
Time: 9:30 a.m.
Ctrm: Courtroom 11, 19th Floor

The Honorable Martin J. Jenkins

Plaintiff Oplink Communications, Inc. ("Oplink") filed a first amended complaint on August 24, 2007 alleging infringement of U.S. Patent Nos. 5,661,829, 6,215,919 and 6,895,129 and state law claims including trade secret misappropriation, breach of duty of loyalty, unfair competition, breach of contract and intentional interference with contractual relations against

defendants O-Net Communications (Shenzhen) Limited ("O-Net"), Multiwave Digital Solutions, Inc. ("Multiwave") and Chunmeng Wu ("Wu").  On September 17, 2007, defendants O-Net and Multiwave (collectively "Defendants") filed a Motion to Dismiss and Motion to Strike, or Alternatively, for a More Definite Statement relating to Oplink's allegations of inducement of infringement and willful infringement.  Defendants' central argument in the motion to dismiss is that Oplink failed to plead specific facts in its complaint establishing the requisite intent for willful or induced patent infringement.  As explained in detail below, Oplink's allegations have been properly pleaded and are sufficient under applicable law and the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

Defendants' motion to dismiss is based on the flawed premise that a patentee is required to plead specific facts in its complaint establishing the requisite intent for willful or induced patent infringement.  In moving to dismiss these allegations, Defendants ignore controlling law and the Federal Rule of Civil Procedure that governs the sufficiency of Oplink's allegations.  Federal Rule 9(b) specifically states that "[m]alice, intent, knowledge, and other conditions of the mind of a person may be averred generally."  Under this rule, a pleading that simply states that the defendant possessed the requisite mental state (*e.g.* "the infringement was willful"), without pleading anything more, complies with the Federal Rules.

Defendants argue that the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), establishes a heightened pleading standard and heralds the return to abolished code pleading standards.  As explained in detail below, there is no heightened pleading standard for allegations of willful or induced patent infringement.  Accordingly, because it has properly pleaded the disputed allegations of its Complaint, Oplink respectfully requests that the Court deny Defendants' motion to dismiss.

## II.   ARGUMENT

The Federal Rules of Civil Procedure and Ninth Circuit law apply to Defendants' motion to dismiss.  *See, e.g.*, *McZeal v. Sprint Nextel Corp.*, ___ F.3d ____, 2007 WL 2683705, at *1 (Fed. Cir. Sept. 14, 2007) (applying regional circuit law to determine whether a district court properly dismissed a patent and trademark infringement action for failure to state a claim).

### A. Oplink Has Sufficiently Pleaded Defendants' Culpable Intent.

Defendants' argue that Oplink's claims for intentional inducement of infringement and willful infringement are insufficiently pleaded because Oplink did not plead evidentiary facts showing the requisite intent. In their "Statement of Issues to Be Decided," Defendants frame the issue as follows:

> Whether Oplink's allegations of inducement of infringement and willful infringement, which fail to articulate facts or conduct showing it at least plausible that O-Net Shenzhen or Multiwave had the requisite level of intent for Oplink's inducement claim, and had the requisite level of willfulness that could support an enhanced damage award, are sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. Rule 12(b)(6). [Motion at p. 3:2-7]

Contrary to Defendants' argument, the Federal Rules are clear that a plaintiff is not required to plead any facts to support the "requisite level of intent" for inducement or willful infringement.

The second sentence of Rule 9(b) provides: "Malice, intent, knowledge, and other condition of mind may be averred generally." Fed. R. Civ. Proc. 9(b). The Ninth Circuit has interpreted this language as permitting a plaintiff to simply allege that the defendant possessed the requisite mental state, without pleading any facts. *See In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1545 (9th Cir. 1994) (en banc) ("Rule 9(b) does not require '***any*** particularity in connection with an averment of intent, knowledge or condition of the mind.'") (quoting *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973)) (emphasis in original), *superseded by statute on other grounds*.[1] In other words, "[w]herever it is material to allege malice, fraudulent intention, knowledge, or other condition of the mind of any person, it shall be sufficient to allege the same as a fact *without setting out the circumstances from which the same is to be inferred*." *Id.* (emphasis in original); *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005)

---

[1] The Ninth Circuit's decision in *GlenFed* addressed the required level of allegations of fraudulent intent (scienter) in a securities action. The court held that "plaintiffs may aver scienter generally, just as the rule states—that is, simply by saying that scienter existed." *GlenFed*, 42 F.3d at 1547. Congress subsequently enacted statutes requiring specific allegations of scienter in securities fraud actions, *see* 15 U.S.C. § 78u-4(b), but the holding of *GlenFed* continues to control outside the securities law context.

("The Ninth Circuit has interpreted [the second sentence of Rule 9(b)] to mean that conclusory pleading is sufficient.").[2]

The rule that a defendant's state of mind "may be averred generally" has significant and important policy considerations. As noted by the leading treatise on federal civil procedure: "The rule recognizes that any attempt to require specificity in pleading a condition of the human mind would be unworkable and undesirable." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1301 at pp. 290-291 (2004). "It would be unworkable because of the difficulty inherent in describing a state of mind with any degree of exactitude and because of the complexity and prolixity that any attempt to support these averments by setting forth all the evidence on which they are based would introduce into the pleading." *Id.*

The principle of Rule 9(b) was applied in the patent infringement context in *Snap-On Inc. v. Hunter Engineering Co.*, 29 F. Supp. 2d 965 (E.D. Wis. 1998). The court in *Snap-On* denied a motion to dismiss a claim for contributory infringement and inducement of infringement when the plaintiff merely alleged that the defendant's infringement was "willful and deliberate." *Id.* at 970. The court rejected the argument that the plaintiff was required to plead facts to support this allegation, holding that under Rule 9(b), "[t]his allegation is sufficient." *Id.*; *see also Multimedia Patent Trust v. Microsoft Corp et al.*, No. 07-CV-0747-H, 2007 WL 2696675, at *9 (S.D. Cal. Sept. 10, 2007) (denying motion to dismiss claim of intent to defraud in patent case because intent can be pleaded generally pursuant to Rule 9(b)).

Oplink's willfulness and inducement allegations are sufficient under Rule 9(b) as a matter of law. The complaint alleges that the defendants infringe three Oplink-owned patents, which are entitled "Optical Isolator," "Optical Mechanical Switching Device," and "Optical Circulator." First Am. Compl. ¶¶ 8-10. The complaint alleges that defendant O-Net "manufactures and sells a

[2] The first sentence of Rule 9(b) imposes a heightened pleading standard for allegations of fraud. This portion of Rule 9(b) is inapplicable here because willful and induced infringement are not based on fraud. *See Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) (holding that willful infringement "does not equate to fraud" and is therefore not subject to the heightened Rule 9(b) pleading requirements); *Snap-On Inc. v. Hunter Engineering Co.*, 29 F. Supp. 2d 965, 970 (E.D. Wis. 1998).

variety of passive and active fiber optic products including optical isolators, switches and circulators," and that defendant Multiwave "is the exclusive sales representative for O-Net products sold in the United States." *Id.* ¶¶ 2-3. It alleges that products manufactured and sold by O-Net and Multiwave infringe Oplink's patents, and that the infringement "has been, and continues to be, with full knowledge of [the patent], making the infringement willful." First Amended Complaint, ¶¶ 15, 20, 25. Oplink's inducement allegations state that "O-Net and Multiwave have and continue to indirectly infringe [each of the patents at issue] through their contribution to, and/or inducement of, infringement of [each of the patents] by third parties." *Id.*, ¶¶ 14, 19, 24.[3] Oplink's complaint also seeks enhanced damages "resulting from the knowing, deliberate and willful infringement by O-Net and Multiwave . . . ." *Id.* at p. 11:12-14. These allegations sufficiently state the required mental state pursuant under the Rule 9(b) and applicable case law.[4]

Defendants rely on a number of unpublished district court cases that, according to Defendants, support the idea that the Court should apply a heightened pleading standard to Oplink's willful and induced infringement allegations. *See Anticancer Inc. v. Xenogen Corp.*, No. 05-CV-0488, 2007 U.S. Dist. LEXIS 59811 (S.D. Cal. Aug. 13, 2007); and *Halo Elecs. v. Bel Fuse, Inc.*, No. 2:07-CV-00331, 2007 WL 2156332 (D. Nev. July 26, 2007). None of these cases, however, analyzes the impact of Rule 9(b) or the Ninth Circuit's holding in *GlenFed*.

Defendants' motion to dismiss is also based on the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), which

---

[3] Contrary to Defendants' arguments, there is no requirement that a plaintiff spell out an inducement claim in detail in its complaint. *See, e.g.*, *Takeda Chemical Industries, Ltd. v. Watson Pharmaceuticals, Inc.*, 329 F. Supp. 2d 394, 401 (S.D.N.Y. 2004) ("Applying Rule 8's minimal pleading standard to [plaintiff's] nine claims, they allege the existence of patents and a claim that [defendant] has taken and will take acts to induce infringement of those patents. This is sufficient to state a claim."); *Takeda Pharmaceuticals Co. Ltd. v. Sandoz, Inc.*, 2007 WL 2936208, at *4 (S.D.N.Y. 2007) (post *Bell-Atlantic* decision, same holding).

[4] Defendants incorrectly state that *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) requires a plaintiff to "*plead facts* to support a reckless disregard of its patents." Motion at 6:20-21 (emphasis added). *Seagate* addressed the substantive elements required to establish willfulness *at trial*, not the requirements for pleading willfulness in a complaint. As explained in the text, the *pleading* of willfulness is governed by Rule 9(b), which states that it can be averred generally.

Defendants contend altered established pleading standards such that Oplink must plead specific facts to support its willful infringement and inducement allegations. But as explained above, Rule 9(b) is clear that a complaint does not need to include any facts to support allegations of intent, knowledge or willfulness. Nothing in *Bell Atlantic* changed that. In fact, the Supreme Court acknowledged in *Bell Atlantic* that "we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished 'by the process of amending the Federal Rules, and not by judicial interpretation.'" *Id.* at 1973, n. 14 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (holding that federal courts cannot impose heightened pleading standards to claims other than those sounding in mistake or fraud).

### B. Leave To Amend Should Be Granted In The Event The Court Determines that Oplink's Pleadings Are Insufficient in Any Way.

The purported defect in Oplink's pleadings – the alleged failure to plead specific facts to show willful or intentionally-induced infringement – is no defect at all. But to the extent the Court concludes otherwise, Oplink respectfully requests leave to amend pursuant to Fed. R. Civ. Proc. 15(a), which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). The Ninth Circuit has held that in ruling on a request for leave to amend, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Accordingly, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.* Oplink requests leave to amend as to any allegations the Court may find insufficiently pleaded.

//

//

//

//

## III. CONCLUSION

For the foregoing reasons, Oplink respectfully requests that the Court deny Defendants' motion.

Dated: November 6, 2007

WHITE & CASE LLP

By: /s/ Sam O'Rourke

Attorneys for Defendant
Oplink Communications, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28