1  HEIDI L. KEEFE (SBN: 178960)
   Email: hkeefe@whitecase.com
2  MARK R. WEINSTEIN (SBN: 193043)
   Email: mweinstein@whitecase.com
3  SAM O'ROURKE (SBN: 205233)
   Email: sorourke@whitecase.com
4  **WHITE & CASE LLP**
5  3000 El Camino Real
   5 Palo Alto Square, 9th Floor
6  Palo Alto, California 94306
7  Telephone: 650/213-0300
   Facsimile:  650/213-8158
8
9  Attorneys for Plaintiff Oplink Communications, Inc.

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  OPLINK COMMUNICATIONS, INC., | Case No. C 07-4582 (MJJ) |
| 15         Plaintiff, | **[PROPOSED]** |
| 16         v. | **ORDER DENYING DEFENDANTS O-NET COMMUNICATIONS (SHENZHEN) LIMITED AND MULTIWAVE DIGITAL SOLUTIONS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** |
| 17 | |
| 18  O-NET COMMUNICATIONS (SHENZHEN) LIMITED; MULTIWAVE DIGITAL SOLUTIONS, INC.; CHUNMENG WU, AN INDIVIDUAL, | |
| 19 | |
| 20         Defendants. | |
| 21 | Date: November 27, 2007 |
| 22 | Time: 9:30 a.m. |
| | Ctrm: Courtroom 11, 19th Floor |
| 23 | |
| | The Honorable Martin J. Jenkins |
| 24 | |

25    Defendants O-Net Communications (Shenzhen) Limited and Multiwave Digital

26  Solutions, Inc. filed a Motion to Dismiss and Motion to Strike, Or Alternatively, For a More Definite

27  Statement on September 17, 2007, and Plaintiff Oplink Communications, Inc. ("Oplink") has

28

opposed this motion. For the reasons set forth below, the Court hereby **DENIES** defendants' motion.

## I.  BACKGROUND

Oplink filed an amended complaint on August 24, 2007 alleging infringement of U.S. Patent Nos. 5,661,829, 6,215,919 and 6,895,129 and state law claims including trade secret misappropriation, breach of duty of loyalty, unfair competition, breach of contract and intentional interference with contractual relations against defendants O-Net Communications (Shenzhen) Limited ("O-Net"), Multiwave Digital Solutions, Inc. ("Multiwave") and Chunmeng Wu ("Wu"). On September 17, 2007, defendants O-Net and Multiwave (collectively, "Defendants") filed a Motion to Dismiss and Motion to Strike, Or Alternatively, For a More Definite Statement relating to Oplink's claims of inducement of infringement and willful infringement. Defendants' central argument in its motion is that Oplink's claims for inducement of infringement and willful infringement are insufficiently pleaded because, according to Defendants, Oplink was required "to articulate facts or conduct showing it at least plausible that O-Net Shenzhen or Multiwave had the requisite level of intent for Oplink's inducement claim, and had the requisite level of willfulness that could support an enhanced damage award. . . ." Motion, at p. 3:2-5.

The Court has reviewed all briefs submitted by the parties related to the pending motion and provides its analysis of the motion as set forth below.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure and Ninth Circuit law apply to Defendants' 12(b)(6) motion to dismiss. *See, e.g., McZeal v. Sprint Nextel Corp.*, ___ F.3d ____, 2007 WL 2683705, at *1 (Fed. Cir. Sept. 14, 2007) (applying regional circuit law to determine whether a district court properly dismissed a patent and trademark infringement action for failure to state a claim). As Oplink asserts, Fed. R. Civ. P. 9(b) applies to claims for willful infringement and inducement of infringement. Rule 9(b) provides: "Malice, intent, knowledge, and other condition of mind may be averred generally." Fed. R. Civ. Proc. 9(b). As explained in detail below, the Court agrees with Oplink's contention that its claims for inducement of infringement and willful infringement comply with this pleading standard.

-2-

## III. ANALYSIS

### A. Oplink's Pleadings Are Sufficient.

The Ninth Circuit has interpreted the language of Fed. R. Civ. P. 9(b) as permitting a plaintiff to simply allege that the defendant possessed the requisite mental state, without pleading any facts. *See In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1545 (9th Cir. 1994) (en banc) ("Rule 9(b) does not require '**any** particularity in connection with an averment of intent, knowledge or condition of the mind.'") (quoting *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973)) (emphasis in original), *superseded by statute on other grounds*.[1]  In other words, "[w]herever it is material to allege malice, fraudulent intention, knowledge, or other condition of the mind of any person, it shall be sufficient to allege the same as a fact *without setting out the circumstances from which the same is to be inferred.*"  *Id.* (emphasis in original); *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) ("The Ninth Circuit has interpreted [Rule 8 and the second sentence of Rule 9(b)] to mean that conclusory pleading is sufficient.").[2]

The rule that a defendant's state of mind "may be averred generally" has significant and important policy considerations. As noted by the leading treatise on federal civil procedure: "The rule recognizes that any attempt to require specificity in pleading a condition of the human mind would be unworkable and undesirable." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1301 at pp. 290-291 (2004). "It would be unworkable

---

[1] The Ninth Circuit's decision in *GlenFed* addressed the required level of allegations of fraudulent intent (scienter) in a securities action. The court held that "plaintiffs may aver scienter generally, just as the rule states-that is, simply by saying that scienter existed." *GlenFed*, 42 F.3d at 1547. Congress subsequently enacted statutes requiring specific allegations of scienter in securities fraud actions, *see* 15 U.S.C. § 78u-4(b), but the holding of *GlenFed* continues to control outside the securities law context.

[2] The first sentence of Rule 9(b) imposes a heightened pleading standard for allegations of fraud. As Oplink correctly indicates, this portion of Rule 9(b) is inapplicable here because willful and induced infringement are not based on fraud. *See Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) (holding that willful infringement "does not equate to fraud" and is therefore not subject to the heightened Rule 9(b) pleading requirements); *Snap-On Inc. v. Hunter Engineering Co.*, 29 F. Supp. 2d 965, 970 (E.D. Wis. 1998).

1  because of the difficulty inherent in describing a state of mind with any degree of exactitude and
2  because of the complexity and prolixity that any attempt to support these averments by setting forth
3  all the evidence on which they are based would introduce into the pleading." *Id*.

4  The principle of Rule 9(b) was applied in the patent infringement context in *Snap-On
5  Inc. v. Hunter Engineering Co.*, 29 F. Supp. 2d 965 (E.D. Wis. 1998).  The court in *Snap-On* denied
6  a motion to dismiss a claim for contributory infringement and inducement of infringement when the
7  plaintiff merely alleged that the defendant's infringement was "willful and deliberate." *Id.* at 970.
8  The court rejected the argument that the plaintiff was required to plead facts to support such an
9  allegation, holding that under Rule 9(b), "[t]his allegation is sufficient." *Id.*; *see also Multimedia
10 Patent Trust v. Microsoft Corp et al.,* No. 07-CV-0747-H, 2007 WL 2696675, at *9 (S.D. Cal. Sept.
11 10, 2007) (denying motion to dismiss claim of intent to defraud in patent case because intent can be
12 pleaded generally pursuant to Rule 9(b)).

13 In the present case, the Court finds that Oplink's willfulness and inducement
14 allegations are sufficient under Rule 9(b) as a matter of law.  In its amended complaint, Oplink
15 alleges that the Defendants' infringement "has been, and continues to be, with full knowledge of [the
16 patent], making the infringement willful."  First Amended Complaint, ¶¶ 15, 20, 25.  Oplink's
17 complaint also states that it seeks enhanced damages "resulting from the knowing, deliberate and
18 willful infringement by O-Net and Multiwave . . . ." *Id.* at p. 11:12-14.  Oplink's inducement
19 allegations state that "O-Net and Multiwave have and continue to indirectly infringe [each of the
20 patents at issue] through their contribution to, and/or inducement of, infringement of [each of the
21 patents] by third parties." *Id.*, ¶¶ 14, 19, 24.  The Court finds that these allegations sufficiently state
22 the required mental state pursuant to Rule 9(b) and applicable case law.[3]

---

25 [3] The Court agrees with Oplink that Defendants incorrectly state that *In re Seagate Technology,
26 LLC*, 497 F.3d 1360 (Fed. Cir. 2007) requires a plaintiff to "*plead facts* to support a reckless
   disregard of its patents."  Motion at 6:20-21 (emphasis added).  *Seagate* addressed the substantive
27 elements required to establish willfulness *at trial*, not the requirements for pleading willfulness in a
   complaint.  As explained in the text, the *pleading* of willfulness is governed by Rule 9(b), which
28 states that it can be averred generally.

-4-

Oplink correctly indicates in its opposition that Defendants' motion to dismiss is based almost entirely on the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), which Defendants contend altered established pleading standards such that Oplink must plead specific facts to support its inducement and willful infringement allegations. But, as explained above, the Court finds that Rule 9(b) is clear that a complaint does not need to include facts to support allegations of intent, knowledge or willfulness. The Court agrees with Oplink's reading of the case that nothing in *Bell Atlantic* changed that. The Supreme Court acknowledged that "we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished 'by the process of amending the Federal Rules, and not by judicial interpretation.'" *Id.* at 1973, n. 14 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (holding that federal courts cannot impose heightened pleading standards to claims other than those sounding in mistake or fraud).

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby denies Defendants' Motion to Dismiss and Motion to Strike, Or Alternatively, For a More Definite Statement.

**IT IS SO ORDERED.**

Dated: _____

Martin J. Jenkins
United States District Judge