1  DARRYL M. WOO (CSB NO. 100513)
   dwoo@fenwick.com
2  HEATHER MEWES (CSB NO. 203690)
   hmewes@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th floor
4  San Francisco, CA 94104
   Telephone: (415) 875-2300
5  Facsimile:  (415) 281-1350

6  CAROLYN CHANG (CSB NO. 217933)
   cchang@fenwick.com
7  MARY WANG (CSB NO. 234636)
   mwang@fenwick.com
8  JULIE NOKLEBERG (CSB NO. 247837)
   jnokleberg@fenwick.com
9  FENWICK & WEST LLP
   Silicon Valley Center, 801 California Street
10 Mountain View, CA 94041
   Telephone: (650) 988-8500
11 Facsimile:  (650) 938-5200

12 Attorneys for Defendants and Counterclaimants
   O-Net Communications (Shenzhen) Limited,
13 Multiwave Digital Solutions, Inc. and
   Chunmeng Wu, an individual

14

15 UNITED STATES DISTRICT COURT

16 NORTHERN DISTRICT OF CALIFORNIA

17 OPLINK COMMUNICATIONS, INC.,            Case No. CV 07-4582 MJJ

18              Plaintiff,                 **DEFENDANTS' OPPOSITION TO OPLINK COMMUNICATIONS, INC.'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND DISMISS THEIR COUNTERCLAIMS**

19       v.

20 O-NET COMMUNICATIONS
   (SHENZHEN) LIMITED, MULTIWAVE
21 DIGITAL SOLUTIONS, INC.,
   CHUNMENG WU, an individual,
22                                         Date:     November 27, 2007
                Defendants.                Time:     9:30 a.m.
23                                         Location: Courtroom 11, 19th Floor
                                           Judge:    The Honorable Martin J. Jenkins

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLTF'S                                    CASE NO. CV 07-4582 MJJ
MOTION TO STRIKE

## INTRODUCTION

Plaintiff Oplink's motion to strike affirmative defenses and dismiss counterclaims is nothing more than retaliation. Oplink is not prejudiced or confused by O-Net's pleadings—rather, it seeks a negotiating lever to force O-Net to abandon its pending motion to dismiss. Indeed, O-Net sought to resolve this motion informally, asking Oplink to consent to the filing of an amended answer. The proposed amended answer addressed all legitimate concerns raised by Oplink in its motion. Oplink refused.[1] Oplink insists that before it will consent to any amendment by O-Net, O-Net must also agree to drop its motion to dismiss. O-Net's motion, however, is based on recent U.S. Supreme Court and Federal Circuit authority and raises substantive and meaningful objections to Oplink's pleadings. In contrast, Oplink resorts to blindly attacking all of O-Net's affirmative defenses and counterclaims without legitimate bases or legal support.

For example, while Oplink asks this Court to strike all seven of O-Net's affirmative defenses, it cannot even articulate substantive grounds for striking four of those defenses: O-Net's first (failure to state a claim), third (damages limited by 35 U.S.C. § 287), fifth (failure to mitigate), and sixth (consent and/or acquiescence) affirmative defenses. *See* Oplink's Motion at 7:3-15. As to O-Net's invalidity defense and counterclaim, Oplink simply ignores its own case law, which explicitly approves allegations of patent invalidity using language that mirrors O-Net's allegations in this case. *See Advanced Cardiovascular Sys., Inc ("ACS") v. SciMed Sys.*, 40 U.S.P.Q.2d 1291, 1293-94 (N.D. Cal. 1996); *Network Caching Tech., LLC ("NCT") v. Novell, Inc.*, Case No. 01-2079-VRW, 2001 U.S. Dist. LEXIS 26211, at * 6-7 (N.D. Cal. Dec. 31, 2001).

Oplink's only legitimate objections are addressed fully by O-Net's proposed Amended Answer and Counterclaims. O-Net respectfully asks that this Court grant leave to file the proposed First Amended Answer and Counterclaims, and deny Oplink's motion.

---

[1] Because Oplink will not stipulate, O-Net seeks leave to file its proposed First Amended Answer and Counterclaims in the form attached as Exhibit A to the Declaration of Carolyn Chang in Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims ("Chang Decl."). A redline reflecting the proposed amendments from Defendants' current answer is attached as Exhibit B to the Chang Decl.

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE     1     CASE NO. CV 07-4582 MJJ

**PROCEDURAL BACKGROUND**

Plaintiff Oplink Communications, Inc. ("Oplink") originally filed suit in the Central District of California on June 7, 2007. *See* Case No. 07-cv-00673-AHS-MLG, Central District of California (Docket # 1). Oplink's complaint asserted claims for patent infringement, trade secret misappropriation and unfair competition. *Id.* Before a response was filed, Oplink amended its complaint to name different defendants (dropping others), to name different patents (dropping others) and to set out further claims for breach of the duty of loyalty, breach of contract and intentional interference. *See* Case No. 07-cv-00673-AHS-MLG, Central District of California (First Amended Complaint, Docket # 11). As amended, the complaint named Defendants O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc. and Chunmeng Wu (collectively "O-Net"). Oplink further agreed to transfer the case from the Central District to this Court, where a declaratory judgment action by O-Net was already pending. *See* Case No. 07-cv-00673-AHS-MLG, Central District of California (Docket # 10); *see also* Case No. 07-3964-MJJ, Northern District of California (by agreement, dismissed without prejudice).

On September 17, 2007 O-Net answered Oplink's First Amended Complaint, asserting affirmative defenses to each of Oplink's various causes of action and asserting counterclaims of non-infringement and invalidity with respect to the asserted Oplink patents. *See* Defendants' Answer to Complaint (Docket # 12). In addition, Defendants O-Net Shenzhen and Multiwave moved to dismiss Oplink's claims for willful patent infringement and inducement of patent infringement. *See* Motion to Dismiss and Motion to Strike, or Alternatively for a More Definite Statement (Docket # 11). Thereafter, Oplink filed this Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims. *See* Docket # 19. Both motions are currently set for hearing on November 27, 2007.

**ARGUMENT**

**I.   DEFENDANTS HAVE PROVIDED ADEQUATE NOTICE OF THEIR AFFIRMATIVE DEFENSES**

As a general proposition, motions to strike are regarded with disfavor because they are often used as delay tactics. *See SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). That is

1 exactly what Oplink does with its motion to strike. Although Oplink has no legitimate basis to
2 continue pursuit of its motion, it asks this Court to strike all seven of O-Net's affirmative defenses
3 without making any attempt to meet its burden under Federal Rule of Civil Procedure 12(f).

4       To prevail in striking O-Net's affirmative defenses, Oplink must convince the Court "that
5 there are no questions of fact, that any questions of law are clear and not in dispute, and that
6 under no set of circumstances could the defense succeed." *See Ellison v. Autozone, Inc.*, Case
7 No. 06-07522 MJJ, 2007 U.S. Dist. LEXIS 70187, at *3 (N.D. Cal. Sept. 13, 2007) (internal
8 citations omitted). Thus, a motion to strike should not be granted "unless the matter [sought to be
9 stricken] has no logical connection to the controversy at issue and may prejudice one or more of
10 the parties to the suit." *Id.*, *citing SEC v. Sands*, 902 F. Supp. at 1165; *see also Rosales v.
11 Citibank*, 133 F. Supp.2d 1177, 1179 (N.D. Cal. 2001) ("motions to strike are generally not
12 granted unless it is clear that the matter sought to be stricken could have no possible bearing on
13 the subject matter of the litigation").

14       Oplink makes no showing of prejudice and makes no claim that O-Net's affirmative
15 defenses have no bearing on this litigation. Oplink makes only the cursory argument that it has
16 not been given sufficient notice of O-Net's affirmative defenses. But it is not genuinely
17 concerned with notice. It brings this motion not to address any real deficiency in O-Net's
18 pleading, but in an attempt to gain a bargaining chip with respect to O-Net's motion to dismiss,
19 refusing to stipulate to O-Net's filing of an amended answer that would clarify its affirmative
20 defenses unless the parties also resolve O-Net's motion to dismiss.[2] *See* Chang Decl., ¶¶ 4-6.
21 Retaliation is not the intended purpose of motions to strike. This Court should deny Oplink's
22 motion to strike O-Net's affirmative defenses.

23     **A.**    **Defendants' Proposed Amended Answer Moots Oplink's Motion With Respect to the Unclean Hands and Uncertainty Defenses**
24

25       O-Net's proposed amended answer sufficiently addresses any real complaint Oplink may
26 have with respect to O-Net's affirmative defenses. Accordingly, this motion can be resolved by

---

27 [2] As set forth in Defendants' Motion to Dismiss, the parties are not on equal footing. Oplink has not, and cannot, meet the pleading requirements for its claims, which is why it, unlike O-Net, did
28 not proffer any amended complaint during meet and confer. *See* Chang Decl., ¶ 6.

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE     3     CASE NO. CV 07-4582 MJJ

1  granting O-Net leave to file its proposed First Amended Answer and Counterclaims.  *See* Chang
2  Decl., Ex. A.

3  Oplink first complains that O-Net's fourth affirmative defense of unclean hands is not
4  pleaded with specificity and therefore should be stricken.  It argues that in the patent context,
5  "unclean hands" is synonymous with "inequitable conduct," a fraud claim which must be pled
6  with particularity.  *See* Oplink's Motion at 3:13-4:14.  Oplink misapprehends the defense.  The
7  complaint does not just allege patent infringement; it also alleges trade secret misappropriation,
8  unfair competition and other related claims.  O-Net do not intend (at least at present) to assert
9  inequitable conduct as a defense to Oplink's patent infringement claims.  O-Net's proposed First
10 Amended Answer and Counterclaims clarifies this point and now alleges:  "Defendants further
11 allege that Oplink's **non-patent claims** are barred in whole or in part by unclean hands."  *See*
12 Chang Decl., Ex. A at ¶ 63 (emphasis added).

13 Accordingly, O-Net's unclean hands defense is not a patent-based defense that needs to be
14 pled with specificity.  *See* Fed. R. Civ. P. 8(a); *see also Wyshak v. City Nat'l* Bank, 607 F.2d 824,
15 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is
16 whether it gives plaintiff fair notice of the defense.").  Oplink nevertheless argues that the defense
17 should be stricken simply because O-Net provide no factual basis for the unclean hands defense.
18 Oplink cites *Network Caching Technology, LLC ("NCT") v. Novell, Inc.*, Case No. 01-2079-
19 VRW, 2001 U.S. Dist. LEXIS 26211 (N.D. Cal. Dec. 21, 2001), as the only support for its
20 position.  *See* Oplink's Motion at 3:18-23.  The unclean hand defense in *NCT*, however, was
21 based on claims of inequitable conduct as to patent prosecution and thus was subject to the
22 heightened pleading requirement.  *NCT*, 2001 U.S. Dist. LEXIS 26211 at * 12.  That case has no
23 application here, where unclean hands is asserted against non-patent claims.

24 In the context of this case, for O-Net's non-patent based unclean hands defenses, the law
25 simply requires a pleading to give fair notice of an affirmative defense.  *Wyshak*, 607 F.2d at 827.
26 This court has held in this context that a defendant need not plead additional factual allegations
27 nor the specific elements of unclean hands to maintain the affirmative defense, and denied
28 motions to strike based on arguments similar to those advanced by Oplink in this case.  *Smith v.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE    4    CASE NO. CV 07-4582 MJJ

*Wal-Mart Stores*, Case No. 06-2069, 2006 U.S. Dist. LEXIS 72225, * 40 (N.D. Cal. Sept. 20, 2006) ("Defendant's failure to state the elements and facts supporting its unclean hands defense is not sufficient to prove that Plaintiffs have not been placed on 'fair notice of the defense.'"); *Ganley v. County of San Mateo*, Case No. 06-3923, 2007 U.S. Dist. LEXIS 26467, *6, * 14-15 (N.D. Cal. Mar. 22, 2007) (denying motion to strike defendants' unclean hands affirmative defense where it contained neither additional factual allegations nor the specific elements other than the assertion of unclean hands).  The Court should do the same here.

Accordingly, O-Net requests that this Court grant it leave to file the proposed First Amended Answer and Counterclaims, and deny Oplink's motion to strike.  Granting O-Net leave to file the proposed amended answer also resolves Oplink's objections to O-Net's seventh affirmative defense of uncertainty.  O-Net has agreed to withdraw its uncertainty defense, and the proposed amended answer does not contain this defense.

### B. Defendants' Affirmative Defense of Patent Invalidity Is Adequately Pled

Oplink next objects to O-Net's affirmative defense of patent invalidity, claiming that O-Net's allegations setting forth the grounds for patent invalidity cannot be sustained under the Federal Rules.  It is Oplink's argument, however, that cannot be sustained.

Oplink's own case law establishes that O-Net has sufficiently pled an affirmative defense of patent invalidity.  Oplink first cites *Advanced Cardiovascular Sys., Inc. ("ACS") v. Medtronic, Inc.*, 41 U.S.P.Q.2d 1770, 1773 (N.D. Cal. 1996), where the court granted a motion to strike an affirmative defense that simply alleged that the patent was "invalid, void, and unenforceable for failure to satisfy the requirements of patentability contained in Title 35 of United States Code, including but not limited to, sections 101, 102, 103 and/or 112."  What Oplink ignores, however, is that the court in *ACS* specifically approved language in a proposed amended answer that tracks the language used by O-Net here in pleading patent invalidity.  *Id*. at 1773 n. 2.  Indeed, the court in *ACS* approved an invalidity affirmative defense that alleged that the patent was invalid

> for failure to meet the 'Conditions for Patentability" of 35 U.S.C. §§ 102 and 103 because the alleged invention thereof is taught by, suggested by, and/or, obvious in view of, the prior art, and, no claim of the [patent in suit] can be validly construed to cover any [accused product].

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE     5     CASE NO. CV 07-4582 MJJ

1  *ACS,* 40 U.S.P.Q.2d at 1293-94.

2  O-Net similarly has set forth the specific grounds enumerated by the statutes governing

3  patentability as the bases for its invalidity defense. Following Oplink's own case law, O-Net's

4  invalidity affirmative defense should likewise be approved. *See id.*

5  Oplink's reliance on *Grid Sys. Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042

6  (N.D. Cal. 1991), is misplaced. Notably, *Grid Systems* was decided in 1991, before the Northern

7  District's adoption of the Patent Local Rules. Unlike in *Grid Systems*, O-Net is required to serve

8  and is bound by invalidity contentions that are intended to crystallize its invalidity theories early

9  in the litigation. Patent L.R. 3-3; *see also LG Elec., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D.

10  360, 367 (N.D. Cal. 2002) (recognizing that the patent local rules are "designed to require parties

11  to crystallize their theories early in the litigation and to adhere to those theories once they have

12  been disclosed") (internal citations omitted). Oplink will be provided with highly detailed charts

13  setting forth O-Net's specific claims of patent invalidity on a claim by claim basis for each patent

14  in suit. *See* Patent L.R. 3-3(c). In light of the patent local rule disclosures, there is no real

15  concern that Oplink will not have notice of O-Net's invalidity positions or suffer any prejudice.

16  Moreover, the pleading rejected in *Grid Systems* simply stated that nine patents at issue

17  were invalid for "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and

18  112." *Id.* at 1042. Here, O-Net's invalidity defense is more akin to the one approved by the court

19  in *ACS*; it provides more factual specificity, outlining each of the bases for invalidity rather than

20  just reciting the statute. In fact, the court in *NCT v. Novell*, a case relied on by Oplink, made this

21  exact distinction. Relying on *Grid Systems*, the court in *NCT* granted a motion to strike an

22  affirmative defense that stated simply that each claim of the asserted patents "is invalid because it

23  fails to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including one ore

24  more of 35 U.S.C. § 101, 102, 103, and/or 112." *NCT v. Novell*, 2001 U.S. Dist LEXIS 26211 at

25  * 5-6. That court, however, went on to approve the defendant's proposed amendment that stated

26  that each claim of the asserted patents

27  > is invalid because it fails to meet the 'conditions for patentability'
28  > of 35 U.S.C. §§ 101, 103, 103, and/or 112 because the alleged
   > invention thereof lacks utility, is taught by, suggested by, and/or,

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE     6     CASE NO. CV 07-4582 MJJ

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

> obvious in view of, the prior art, and/or is unsupported by the written description of the patented invention, and no claims of those patents can be validity construed to cover any [accused] product.

*Id.* at *6-7. This language was found to give plaintiff fair notice of defendant's affirmative defense. *Id.* at *7. O-Net's affirmative defense in this case is modeled after the one approved of in *NCT*.

As the applicable case law has approved the language O-Net used to plead its invalidity affirmative defense, this Court should deny Oplink's motion to strike O-Net's second affirmative defense.

### C.  Oplink Fails to Address Substantively Any Inadequacies with Defendants' Remaining Affirmative Defenses

The baseless nature of Oplink's motion is highlighted by its treatment of O-Net's remaining affirmative defenses. It asks the Court to strike the defenses even though it makes no substantive objections to them, arguing only that as bare legal conclusions they fail to give Oplink fair notice. *See* Oplink's motion at 4:17-27, 5:3-15

Most egregious is Oplink's request that O-Net's first affirmative defense for failure to state a claim be stricken. Besides listing it as one of O-Net's affirmative defenses, Oplink makes no other mention of O-Net's failure to state a claim defense in its motion. This affirmative defense is taken directly from Form 20 of the Federal Rules, and under the Federal Rules it is necessarily sufficient. Fed. R. Civ. P. 84; Fed. R. Civ. P, Form 20; *see also NCT*, 2001 U.S. Dist. LEXIS 26211 at * 5 (relying on Federal Rules in denying motion to strike affirmative defense of failure to state a claim). Moreover, concurrent with the filing of its answer, O-Net also filed a motion to dismiss—if this does not provide sufficient notice, it is hard understand what could.

Oplink also objects to O-Net's laches, waiver, and equitable estoppel defenses as failing to provide adequate notice. In some cases, however, merely pleading the name of an affirmative defense is sufficient to give fair notice. *Smith*, 2006 U.S. Dist. LEXIS 72225 at *39, *citing Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). By definition, each of these defenses seeks equitable relief based upon Oplink's conduct and delay with respect to its claims, resulting in prejudice to O-Net. As recognized in *Smith v. Wal-Mart*, an affirmative defense such as laches

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE    7    CASE NO. CV 07-4582 MJJ

1  need not set forth the specific elements so long as the other side receives notice as to what is at

2  issue. 2006 U.S. Dist. LEXIS 72225 at * 40, *citing Sagana v. Ternorio*, 384 F.3d 731, 736-37

3  (9th Cir. 2004) ("[a] party need not plead specific legal theories … so long as the other side

4  receives notice as to what is at issue in the case." ).  In the context of Oplink's allegations,

5  O-Net's pleading of laches, waiver, and equitable estoppel alone provides Oplink with adequate

6  notice and is sufficient pleading as a matter of law.

7  With respect to O-Net's third (damages limited by 35 U.S.C. § 287), fifth (failure to

8  mitigate), and sixth (consent and acquiescence) affirmative defenses, Oplink does not even cite

9  any law addressing those specific affirmative defenses.  Its entire argument consists of reciting

10 the defenses and simply concluding that it does not have sufficient notice.  Despite Oplink's

11 complete failure to make any showing in support of its motion to strike, O-Net's proposed First

12 Amended Answer and Counterclaim further clarifies that as set forth in the statute, the third

13 affirmative defense limiting damages to those under 35 U.S.C. § 287 applies only to Oplink's

14 patent claims.  Similarly, O-Net also proposes, as set forth in the proposed amended answer, to

15 clarify that the fifth and sixth affirmative defenses are limited to Oplink's non-patent claims.  In

16 light of these proposed amendments, Oplink's motion to strike should be denied.

## II. THERE IS NO BASIS TO DISMISS O-NET SHENZHEN'S AND MULTIWAVE'S COUNTERCLAIMS

### A. O-Net Shenzhen and Multiwave Have Provided Sufficient Notice of Their Non-Infringement Counterclaim

20 Oplink also asks this Court to dismiss O-Net Shenzhen's and Multiwave's counterclaim

21 for a declaration of non-infringement.  Oplink does not make this request in good faith.  Not only

22 does Oplink fail to provide any legal support for its motion, its entire argument for dismissing the

23 non-infringement counterclaim consists of three sentences that mischaracterize O-Net Shenzhen's

24 and Multiwave's allegations.

25 Oplink suggests that the first counterclaim is based solely on O-Net's affirmative

26 defenses.  *See* Oplink's Motion at 7:22-24.  Not true.  In addition to claiming that Oplink is not

27 entitled to relief for the reasons stated in the affirmative defenses, O-Net Shenzhen and

28 Multiwave also allege specifically that they "have not and do not infringe (directly, indirectly or

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE        8        CASE NO. CV 07-4582 MJJ

in any other way), and are not liable as an infringer of, any claim of the '829 Patent, the '919 Patent and/or the '129 Patent." *See* Defendants' Answer to Complaint, Affirmative Defenses and Counterclaims at p. 11, ¶ 12.

Such allegations certainly are sufficient to support a claim for a declaration of non-infringement, particularly in light of the specificity of Oplink's claim for infringement, which states simply that "O-Net and Multiwave have and continue to directly infringe the [asserted patents] by importing, making, using, selling, and/or offering for sale products that utilize methods and apparatuses that infringe the [asserted patents]." *See* First Amended Complaint of Plaintiff Oplink Communications, Inc. at ¶¶ 13, 18 and 23. Until Oplink provides more specificity as to how it claims it patents are infringed, O-Net Shenzhen and Multiwave need not and cannot provide any more specificity as to their non-infringement counterclaim. Accordingly, this Court should deny Oplink's motion to dismiss O-Net Shenzhen's and Multiwave's first declaratory counterclaim.

### B.   O-Net Shenzhen and Multiwave Have Adequately Pled Their Invalidity Counterclaim

Oplink's motion to dismiss O-Net Shenzhen's and Multiwave's counterclaim for a declaration of invalidity is similarly without basis. Oplink recycles its arguments with respect to the invalidity affirmative defense to support dismissing the invalidity counterclaim. Just as Oplink's motion to strike Defendants' affirmative defense of invalidity must fail, so too must its motion to dismiss the invalidity counterclaim. *See* Section I.B., above. O-Net Shenzen's and Multiwave's invalidity counterclaim, like O-Net's affirmative defense, is modeled after court-approved invalidity pleadings. Therefore, this Court should deny Oplink's motion to dismiss as to O-Net Shenzhen's and Multiwave's invalidity counterclaim as well.

### CONCLUSION

For the foregoing reasons, O-Net respectfully request this Court deny Oplink's Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims, and grant O-Net

//

//

DEFENDANTS' OPPOSITION TO PLTF'S MOTION TO STRIKE          9          CASE NO. CV 07-4582 MJJ

1 | leave to file the Proposed First Amended Answer and Counterclaims.

Dated: November 6, 2007

FENWICK & WEST LLP

By: /s/Carolyn Chang
Carolyn Chang

Attorney for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc. and
Chunmeng Wu, an individual