1    DARRYL M. WOO (CSB NO. 100513)
     dwoo@fenwick.com
2    HEATHER MEWES (CSB NO. 203690)
     hmewes@fenwick.com
3    FENWICK & WEST LLP
     555 California Street, 12th floor
4    San Francisco, CA 94104
     Telephone:   (415) 875-2300
5    Facsimile:   (415) 281-1350

6    CAROLYN CHANG (CSB NO. 217933)
     cchang@fenwick.com
7    MARY WANG (CSB NO. 234636)
     mwang@fenwick.com
8    JULIE NOKLEBERG (CSB NO. 247837)
     jnokleberg@fenwick.com
9    FENWICK & WEST LLP
     Silicon Valley Center, 801 California Street
10   Mountain View, CA 94041
     Telephone: (650) 988-8500
11   Facsimile:   (650) 938-5200

12   Attorneys for Defendants and Counterclaimants
     O-Net Communications (Shenzhen) Limited,
13   Multiwave Digital Solutions, Inc. and
     Chunmeng Wu, an individual
14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17   OPLINK COMMUNICATIONS, INC.,          Case No.  CV 07-4582 MJJ

18              Plaintiff,                 **DECLARATION OF CAROLYN CHANG IN**
                                           **SUPPORT OF DEFENDANTS' OPPOSITION**
19        v.                               **TO OPLINK COMMUNICATIONS, INC.'S**
                                           **MOTION TO STRIKE DEFENDANTS'**
20   O-NET COMMUNICATIONS                  **AFFIRMATIVE DEFENSES AND DISMISS**
     (SHENZHEN) LIMITED, MULTIWAVE         **THEIR COUNTERCLAIMS**
21   DIGITAL SOLUTIONS, INC.,
     CHUNMENG WU, an individual,
22                                         Date:      November 27, 2007
                Defendants.                Time:      9:30 a.m.
23                                         Location:  Courtroom 11, 19th Floor
                                           Judge:     The Honorable Martin J. Jenkins
24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I, Carolyn Chang, declare and state as follows:

2    1.    I am an attorney at the law firm of Fenwick & West LLP, counsel for Defendants

3    O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc., and Chunmeng

4    Wu ("Defendants") in this matter.  I am licensed to practice law in the State of California and

5    before this Court.  I make this declaration in support of Defendants' Opposition to Plaintiff's

6    Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims.  I make

7    this declaration of my own personal knowledge and would competently testify thereto if called

8    upon to do so.

9    2.    Attached as Exhibit A to this Declaration is a copy of Defendants' proposed First

10   Amended Answer and Counterclaims.

11   3.    Attached as Exhibit B to this Declaration is a redline showing the proposed

12   changes between Defendants' proposed First Amended Answer and Counterclaims (Exhibit A)

13   and Defendants' September 17, 2007 Answer to Complaint, Affirmative Defenses and

14   Counterclaims.

15   4.    On Tuesday, October 30, 2007, I contacted Samuel O'Rourke, counsel for Plaintiff

16   Oplink Communications, Inc. ("Plaintiff") to discuss Defendants' filing of an amended answer

17   and counterclaim to resolve concerns raised in Plaintiff's Motion to Strike.  On Thursday,

18   November 1, 2007, I sent Plaintiff's counsel a copy of Defendants' proposal, seeking Plaintiff's

19   stipulation to file the amended answer and counterclaims.

20   5.    On Monday, November 5, 2007, counsel for Plaintiff indicated that Plaintiff would

21   not stipulate to filing of the amended answer as it only addressed a subset of Plaintiff's concerns.

22   Moreover, Plaintiff's counsel indicated that Plaintiff would not be interested in a stipulation to

23   resolve Plaintiff's Motion to Strike unless the parties could also concurrently reach a resolution

24   with respect to Defendants' Motion to Dismiss.

25   6.    I informed Plaintiff's counsel that Defendants would consider taking their Motion

26   to Dismiss off calendar if Plaintiff withdrew its willfulness and inducement of infringement

27   allegations, or if Plaintiff had a basis to amend their complaint to allege Defendants' actual

28   knowledge of the patents prior to the filing of the complaint, objective recklessness on the part of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CHANG DECL. ISO DFTS' OPPOSITION TO
PLTF'S MOTION TO STRIKE                    1              CASE NO. CV 07-4582 MJJ

1    Defendants, and a specific intent to induce infringement of the patents in suit.  Plaintiff's counsel

2    indicated that Plaintiff would not agree to such an amendment and has not proposed any alternate

3    amendment.

4         I declare under the penalty of perjury that the foregoing is true and correct to the best of

5    my knowledge and that this Declaration was executed on November 6, 2007 in Mountain View,

6    California.

7

8                                        /s/Carolyn Chang

9                                         Carolyn Chang

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CHANG DECL. ISO DFTS' OPPOSITION TO          2          CASE NO. CV 07-4582 MJJ
PLTF'S MOTION TO STRIKE

# EXHIBIT A

DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
HEATHER MEWES (CSB NO. 203690)
hmewes@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA 94104
Telephone:      (415) 875-2300
Facsimile:      (415) 281-1350

CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
MARY WANG (CSB NO. 234636)
mwang@fenwick.com
JULIE NOKLEBERG (CSB NO. 247837)
jnokleberg@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile:      (650) 938-5200

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oplink Communications, Inc., | **Case No. CV 07-4582 MJJ** |
| Plaintiff, | **DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc., Chunmeng Wu, an individual, | **DEMAND FOR JURY TRIAL** |
| | **Date of Filing: September 17, 2006** |
| Defendants. | **Trial Date:      None set** |

## FIRST AMENDED ANSWER

Defendants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen"), Multiwave

Digital Solutions, Inc. ("Multiwave") and Mr. Chunmeng Wu ("Wu") (collectively "Defendants")

answer the First Amended Complaint ("Complaint") of plaintiff Oplink Communications, Inc.

("Oplink"), following its numbered paragraphs, as follows:

**Parties**

1.    Regarding paragraph 1 of the Complaint, Defendants are informed and believe that Oplink is a Delaware corporation with its principal place of business at 46335 Landing Parkway, Fremont, California 94538.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 of the Complaint and therefore deny them.

2.    Regarding paragraph 2 of the Complaint, Defendants admit that O-Net Shenzhen is a Chinese company with its principal place of business at #10-1 South, Maqueling Industrial Park, Nanshan District of Shenzhen, China.  O-Net Shenzhen avers that is a leading Original Equipment Manufacturer ("OEM") and Original Design Manufacturer ("ODM"), which supplies a variety of products to the global optical networking industry**.**  Except as expressly admitted or averred, the remaining allegations of paragraph 2 are denied.

3.    Regarding paragraph 3 of the Complaint, Defendants admit that Multiwave is a Texas corporation with a place of business in Fremont, California.  Defendants further admit that Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the United States.  Except as expressly admitted or averred, the remaining allegations of paragraph 3 are denied.

4.    Regarding paragraph 4 of the Complaint, Defendants admit that Wu is an individual who resides within the Northern District of California.  Defendants aver that Wu was employed by Oplink until September 2006, and that he is a current employee of Multiwave.  Except as expressly admitted or averred, Defendants deny the allegations in paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5.    Regarding paragraph 5 of the Complaint, Defendants admit that the Complaint purportedly alleges claims arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the statutory and common law of the State of California.

6.    Regarding paragraph 6 of the Complaint, Defendants admit that the Northern

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

2   1331 and 1338(a), and has supplemental jurisdiction over the state law claims under 28 U.S.C.

3   § 1367(a).

4

5       7.      Regarding paragraph 7 of the Complaint, Defendants admit that under 28 U.S.C.

6   §§ 1391 and 1400, venue is proper in the Northern District of California, where Wu resides and

7   Multiwave has a place of business.  Except as expressly admitted or averred, Defendants deny the

8   allegations in paragraph 7 of the Complaint

9                           **Oplink's Patents In Suit**

10      8.      Regarding paragraph 8 of the Complaint, Defendants admit that U.S. Patent No.

11  5,661,829 ("'829 Patent"), entitled "Optical Isolator," was issued by the Patent and Trademark

12  Office on August 26, 1997.  Except as expressly admitted, Defendants deny the allegations of

13  paragraph 8 of the Complaint.

14      9.      Regarding paragraph 9 of the Complaint, Defendants admit that U.S. Patent No.

15  6,215,919 ("'919 Patent"), entitled "Mechanical Optical Switching Device," was issued by the

16  Patent and Trademark Office on April 10, 2001.  Except as expressly admitted, Defendants deny

17  the allegations of paragraph 9 of the Complaint.

18      10.     Regarding paragraph 10 of the Complaint, Defendants admit that U.S. Patent No.

19  6,895,129 ("'129 Patent"), entitled "Optical Circulator," was issued by the Patent and Trademark

20  Office on May 17, 2005.  Except as expressly admitted, Defendants deny the allegations of

21  paragraph 10 of the Complaint.

22      11.     Defendants lack knowledge or information sufficient to form a belief as to the

23  truth or falsity of the allegations in paragraph 11 of the Complaint and therefore deny them.

24                          **First Claim for Relief**

25                  **Infringement of U.S. Patent No. 5,661,829**

26                  **(Against O-Net Shenzhen and Multiwave)**

27      12.     O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to

28  paragraphs 1-11 of this Answer as though fully set forth herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    13.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 13 of

2    the Complaint.

3    14.    To the extent that they can be understood, O-Net Shenzhen and Multiwave deny

4    the allegations contained in paragraph 14 of the Complaint.

5    15.    Regarding paragraph 15 of the Complaint, O-Net Shenzhen and Multiwave aver

6    that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District

7    of California on June 7, 2007, they had no notice of Oplink's allegations or charges of

8    infringement, that they have not engaged in any conduct that is objectively reckless with respect

9    to the '829 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-

10   Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

11   the allegations contained in paragraph 15 of the Complaint.

12   16.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 16 of

13   the Complaint.

**Second Claim for Relief**

**Infringement of U.S. Patent No. 6,215,919**

**(Against O-Net Shenzhen and Multiwave)**

14

15

16

17   17.    O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to

18   paragraphs 1-16 of this Answer as though fully set forth herein.

19   18.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 18 of

20   the Complaint.

21   19.    To the extent that they can be understood, O-Net Shenzhen and Multiwave deny

22   the allegations contained in paragraph 19 of the Complaint.

23   20.    Regarding paragraph 20 of the Complaint, O-Net Shenzhen and Multiwave aver

24   that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District

25   of California on June 7, 2007, they had no notice of Oplink's allegations or charges of

26   infringement, that they have not engaged in any conduct that is objectively reckless with respect

27   to the '919 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-

28   Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

Fenwick & West LLP
Attorneys At Law
San Francisco

1   the allegations contained in paragraph 20 of the Complaint.

2       21.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 21 of

3   the Complaint.

4                        **Third Claim for Relief**

5                   **Infringement of U.S. Patent No. 6,895,129**

6                   **(Against O-Net Shenzhen and Multiwave)**

7       22.    O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to

8   paragraphs 1-21 of this Answer as though fully set forth herein.

9       23.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 23 of

10  the Complaint.

11      24.    To the extent that they can be understood, O-Net Shenzhen and Multiwave deny

12  the allegations contained in paragraph 24 of the Complaint.

13      25.    Regarding paragraph 25 of the Complaint, O-Net Shenzhen and Multiwave aver

14  that prior to the receipt of the Complaint of plaintiff Oplink filed in the Central District of

15  California on August 25, 2007, they had no notice of Oplink's allegations or charges of

16  infringement, that they have not engaged in any conduct that is objectively reckless with respect

17  to the '129 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-

18  Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

19  the allegations contained in paragraph 25 of the Complaint.

20      26.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 26 of

21  the Complaint.

22                        **Fourth Claim for Relief**

23          **Trade Secret Misappropriation Under the Uniform Trade Secrets Act**

24                      **(Against Multiwave and Wu)**

25      27.    Multiwave and Wu hereby incorporate by reference their responses to paragraphs

26  1-26 of this Answer as though fully set forth herein.

27      28.    Multiwave and Wu lack knowledge or information sufficient to form a belief as to

28  the truth or falsity of the allegations in paragraph 28 and therefore deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29.     Multiwave and Wu lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore deny them.

30.     Regarding paragraph 30 of the Complaint, Wu admits that he is a former Oplink employee, that he began his employment with Oplink on or about August 29, 2003, and that he left that employ on or about September 8, 2006.  Defendant Wu admits that he signed a document entitled, "Employee Confidential Information and Inventions Agreement," and a document entitled, "Separation Agreement."  Except as expressly admitted, Defendant Wu denies the allegations of paragraph 30.  Except as expressly admitted, Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore denies them.

31.     Multiwave and Wu deny the allegations contained in paragraph 31 of the Complaint.

32.     Regarding paragraph 32 of the Complaint, Multiwave and Wu admit that Wu became an employee of Multiwave subsequent to his employment by Oplink and that Wu is currently a Multiwave employee.  Multiwave and Wu further admit that Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the United States.  Except as expressly admitted, Multiwave and Wu deny the allegations of paragraph 32.

33.     Multiwave and Wu deny the allegations contained in paragraph 33 of the Complaint.

34.     Multiwave and Wu deny the allegations contained in paragraph 34 of the Complaint.

35.     Multiwave and Wu deny the allegations contained in paragraph 35 of the Complaint.

**Fifth Claim for Relief**

**Breach of Duty of Loyalty**

**(Against Wu)**

36.     Wu hereby incorporate by reference his responses to paragraphs 1-35 of this

1    Answer as though fully set forth herein.

2    37.    Regarding paragraph 37 of the Complaint, Wu admits that he held the title of

3    Senior Director of Business Development and Customer Support for Oplink.  Except as expressly

4    admitted, he denies the allegations contained in paragraph 37 of the Complaint.

5    38.    Regarding paragraph 38 of the Complaint, Wu admits that he recommended that

6    Oplink enter into a sales representation agreement with Multiwave, but avers that any decision

7    regarding whether to enter into such an agreement and its terms was made by others at Oplink.

8    Wu admits that he had previously worked with Multiwave at another employer.  Except as

9    expressly admitted, Wu denies the allegations contained in paragraph 38 of the Complaint.

10    39.    Wu lacks knowledge or information sufficient to form a belief as to the truth or

11    falsity of the allegations in paragraph 39 and therefore denies them

12    40.    Wu denies the allegations contained in paragraph 40 of the Complaint.

13    41.    Wu denies the allegations contained in paragraph 41 of the Complaint.

14    42.    Wu denies the allegations contained in paragraph 42 of the Complaint.

15    43.    Wu denies the allegations contained in paragraph 43 of the Complaint.

16    **Sixth Claim for Relief**

17    **Unfair Competition**

18    **(Against Multiwave)**

19    44.    Multiwave hereby incorporates by reference its responses to paragraphs 1-43 of

20    this Answer as though fully set forth herein.

21    45.    Multiwave denies the allegations contained in paragraph 45 of the Complaint.

22    46.    Multiwave denies the allegations contained in paragraph 46 of the Complaint.

23    **Seventh Claim for Relief**

24    **Breach of Contract**

25    **(Against Wu)**

26    47.    Wu hereby incorporates by reference his responses to paragraphs 1-46 of this

27    Answer as though fully set forth herein.

28    48.    Wu admits that he signed a document entitled, "Employee Confidential

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Information and Inventions Agreement."  Except as expressly admitted, Wu denies the allegations of paragraph 48.

49.    Wu admits that he signed a document entitled, "Separation Agreement."  Except as expressly admitted, Wu denies the allegations of paragraph 49.

50.    Wu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 and therefore denies them.

51.    Wu denies the allegations contained in paragraph 51 of the Complaint.

52.    Wu denies the allegations contained in paragraph 52 of the Complaint.

**Eighth Claim for Relief**

**Intentional Interference with Contractual Relations**

**(Against Multiwave)**

53.    Multiwave hereby incorporates by reference its responses to paragraphs 1-52 of this Answer as though fully set forth herein.

54.    Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore denies them.

55.    Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore denies them.

56.    Multiwave admits that it was aware that Wu was formerly employed by Oplink and had signed agreements relating to his employment.  Except as expressly admitted, Multiwave denies the allegations of paragraph 56.

57.    Multiwave denies the allegations contained in paragraph 57 of the Complaint.

58.    Multiwave denies the allegations contained in paragraph 58 of the Complaint.

**REQUESTED RELIEF BY OPLINK**

Defendants deny that Oplink is entitled to any relief

**AFFIRMATIVE DEFENSES**

Defendants hereby assert affirmative defenses to the Complaint as follows:

**First Affirmative Defense**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Failure To State A Claim**

59.    As a first and separate affirmative defense, Defendants allege that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

60.    O-Net Shenzhen and Multiwave, *inter alia*, have moved to dismiss Oplink's allegations of inducement of infringement in paragraphs 14, 19 and 24 of the Complaint and Oplink's allegations of willful infringement in paragraphs 15, 20 and 25 of the Complaint, or, alternatively, for a more definite statement, as well as to strike the requests for relief related to these allegations.

**Second Affirmative Defense**

**Invalidity**

61.    As a second and separate affirmative defense to Oplink's patent claims, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid.

62.    The '829 Patent is invalid for failure to meet the Conditions of Patentability of 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '829 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

63.    The '919 Patent is invalid for failure to meet the Conditions of Patentability of 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    named inventors; or was invented by another prior to the alleged invention; or was taught by,

2    suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper

3    written description; or is not enabling; or does not disclose the best mode of the invention; and no

4    claim of the '919 Patent can be validly construed to cover any products imported, made, used,

5    sold or offered for sale by O-Net Shenzhen and Multiwave.

6        64.    The '129 Patent is invalid for failure to meet the Conditions of Patentability of 35

7    U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject

8    matter; or was used or known by others in this country or was patented or described by a

9    publication before its invention; or was patented or described in a publication or was in public use

10   or for sale more than one year before the date of the patent application; or was not invented by the

11   named inventors; or was invented by another prior to the alleged invention; or was taught by,

12   suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper

13   written description; or is not enabling; or does not disclose the best mode of the invention; and no

14   claim of the '129 Patent can be validly construed to cover any products imported, made, used,

15   sold or offered for sale by O-Net Shenzhen and Multiwave.

16                          **Third Affirmative Defense**

17                     **Damages Limited By 35 U.S.C. § 287**

18       65.    As a third and separate affirmative defense to Oplink's patent claims, Defendants

19   allege that Oplink's claim for damages, if any, is limited by 35 U.S.C. § 287.

20                          **Fourth Affirmative Defense**

21       **Laches, Waiver, Unclean Hands and/or Equitable Estoppel**

22       66.    As a fourth and separate affirmative defense, Defendants allege that Oplink's

23   claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, and/or equitable

24   estoppel.  Defendants further allege that Oplink's non-patent claims are barred in whole or in part

25   by unclean hands.

26                          **Fifth Affirmative Defense**

27                             **Failure to Mitigate**

28       67.    As a fifth and separate affirmative defense to Oplink's non-patent claims, to the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

extent Oplink has sustained any damages allegedly caused by Defendants' conduct, Oplink

cannot recover all or any portion of its claims because Oplink has failed and continues to fail to

exercise reasonable care and diligence to mitigate any alleged damages it has suffered as a

consequence of Defendants' actions.

### Sixth Affirmative Defense

### Consent and/or Acquiescence

68.     As a sixth and separate affirmative defense to Oplink's non-patent claims,

Defendants allege that Oplink's claims are barred on the grounds of consent and/or acquiescence.

### <u>COUNTERCLAIMS FOR DECLARATORY RELIEF</u>

Defendants and counterclaimants O-Net Shenzhen and Multiwave respectfully allege their

counterclaims against Oplink as follows:

### Parties

1.     O-Net Shenzhen is a Chinese company with its principal place of business at #10-1

South, Maqueling Industrial Park, Nanshan District of Shenzhen, China.

2.     Multiwave is a Texas corporation with a place of business located at 44790 S.

Grimmer Blvd., Suite 201, Fremont, CA 94538.

3.     On information and belief, Oplink is a Delaware corporation with its principal

place of business at 46335 Landing Parkway, Fremont, California 94538.

### Jurisdiction and Venue

4.     These are Counterclaims for a declaratory judgment arising under 28 U.S.C.

§§ 2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code,

and authorized, *inter alia*, by Rule 13 of the Federal Rules of Civil Procedure.

5.     This Court has subject matter jurisdiction of these Counterclaims pursuant to 28

U.S.C. §§ 1331, 1338, 2001 and 2202.

6.     Oplink is subject to personal jurisdiction in this judicial district by virtue of its

stipulation transferring Case No. SACV 07-673 AHS (MLGx) from the Central District of

California to the Northern District, and because its principal place of business is located in this

judicial district.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  7.  Venue in proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

2  8.  An actual controversy exists between O-Net Shenzhen, Multiwave and Oplink by

3 virtue of the allegations of Oplink's Complaint and Defendants' Answer as to both the invalidity

4 and non-infringement of Oplink's '829, '919 and '129 Patents.

5          **First Counterclaim**

6        **Declaration of Non-Infringement**

7  9.  O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

8 in paragraphs 1-8 of these Counterclaims as though fully set forth herein.

9  10.  Oplink claims to be the owner of the entire right, title and interest in and to the

10 '829 Patent, the '919 Patent and the '129 Patent.

11  11.  Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '829

12 Patent, the '919 Patent and the '129 Patent.

13  12.  O-Net Shenzhen and Multiwave have not and do not infringe (directly, indirectly

14 or in any other way), and are not liable as an infringer of, any claim of the '829 Patent, the '919

15 Patent and/or the '129 Patent and Oplink is entitled to no relief for any claim in the Complaint

16 for, *inter alia*, the reasons stated in Defendants' Affirmative Defenses, above, which are

17 incorporated herein by reference.

18  13.  Absent a declaration of non-infringement, Oplink will continue to assert the '829

19 Patent, the '919 Patent and/or the '129 Patent against O-Net Shenzhen and Multiwave and will in

20 this way cause damage to O-Net Shenzhen and Multiwave.

21  14.  O-Net Shenzhen and Multiwave thus seek a declaration that they do not infringe

22 the '829 Patent, the '919 Patent and/or the '129 Patent and are not liable as infringers.

23          **Second Counterclaim**

24     **Declaration of Invalidity of the '829 Patent**

25  15.  O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

26 in paragraphs 1-14 of these Counterclaims as though fully set forth herein.

27  16.  Oplink claims to be the owner of the entire right, title and interest in and to the

28 '829 Patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    17.    Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '829

2    Patent.

3    18.    The claims of Oplink's '829 Patent is invalid for failure to meet the Conditions of

4    Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention

5    thereof was not patentable subject matter; or was used or known by others in this country or was

6    patented or described by a publication before its invention; or was patented or described in a

7    publication or was in public use or for sale more than one year before the date of the patent

8    application; or was not invented by the named inventors; or was invented by another prior to the

9    alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is

10    indefinite; or does not contain a proper written description; or is not enabling; or does not disclose

11    the best mode of the invention; and no claim of the '829 Patent can be validly construed to cover

12    any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

13    19.    Absent a declaration of invalidity, Oplink will continue to assert the '829 Patent,

14    against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

15    20.    O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's

16    '829 Patent is invalid for failure to satisfy one or more of the Conditions of Patentability specified

17    in 35 U.S.C. §§ 101, 102, 103 and 112.

18    **Third Counterclaim**

19    **Declaration of Invalidity of the '919 Patent**

20    21.    O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

21    in paragraphs 1-20 of these Counterclaims as though fully set forth herein.

22    22.    Oplink claims to be the owner of the entire right, title and interest in and to the

23    '919 Patent.

24    23.    Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '919

25    Patent.

26    24.    The claims of Oplink's '919 Patent is invalid for failure to meet the Conditions of

27    Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention

28    thereof was not patentable subject matter; or was used or known by others in this country or was

1    patented or described by a publication before its invention; or was patented or described in a

2    publication or was in public use or for sale more than one year before the date of the patent

3    application; or was not invented by the named inventors; or was invented by another prior to the

4    alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is

5    indefinite; or does not contain a proper written description; or is not enabling; or does not disclose

6    the best mode of the invention; and no claim of the '919 Patent can be validly construed to cover

7    any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

8        25.     Absent a declaration of invalidity, Oplink will continue to assert the '919 Patent

9    against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

10       26.     O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's

11    '919 is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35

12    U.S.C. §§ 101, 102, 103 and 112.

**Fourth Counterclaim**

**Declaration of Invalidity of the '129 Patent**

15       27.     O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

16    in paragraphs 1-26 of these Counterclaims as though fully set forth herein.

17       28.     Oplink claims to be the owner of the entire right, title and interest in and to the

18    '129 Patent.

19       29.     Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '129

20    Patent.

21       30.     The claims of Oplink's '129 Patent is invalid for failure to meet the Conditions of

22    Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention

23    thereof was not patentable subject matter; or was used or known by others in this country or was

24    patented or described by a publication before its invention; or was patented or described in a

25    publication or was in public use or for sale more than one year before the date of the patent

26    application; or was not invented by the named inventors; or was invented by another prior to the

27    alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is

28    indefinite; or does not contain a proper written description; or is not enabling; or does not disclose

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   the best mode of the invention; and no claim of the '129 Patent can be validly construed to cover

2   any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

3       31.    Absent a declaration of invalidity, Oplink will continue to assert the '129 Patent

4   against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

5       32.    O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's

6   '129 is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35

7   U.S.C. §§ 101, 102, 103 and 112.

8                              **PRAYER FOR RELIEF**

9       WHEREFORE, Defendants pray for judgment with respect to Oplink's Complaint,

10  Defendants Affirmative Defenses and above Counterclaims, and O-Net Shenzhen's and

11  Multiwave's Motion to Dismiss, or, alternatively, for a More Definite Statement and Motion to

12  Strike as follows:

13      a)     Judgment on the First Amended Complaint in favor of Defendants and against

14  Oplink;

15      b)     Judgment on each Counterclaim in favor of defendants O-Net Shenzhen and

16  Multiwave and against Oplink;

17      c)     Judgment declaring that the claims of the '829 Patent are not infringed by O-Net

18  Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

19      d)     Judgment declaring that the claims of the '919 Patent are not infringed by O-Net

20  Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

21      e)     Judgment declaring that the claims of the '129 Patent are not infringed by O-Net

22  Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

23      f)     Judgment declaring that the claims of the '829 Patent are invalid;

24      g)     Judgment declaring that the claims of the '919 Patent are invalid;

25      h)     Judgment declaring that the claims of the '129 Patent are invalid;

26      i)     A declaration that Defendants' defenses and counterclaims present an exceptional

27  case entitling Defendants to, and therefore awarding, them their reasonable attorneys' fees

28  pursuant to 35 U.S.C. § 285.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1         j)       An award of costs, expenses and attorneys' fees to Defendants; and

2         k)       An award to Defendants of such other and further relief as this Court deems just

3    and proper.

Dated: November ___, 2007          FENWICK & WEST LLP

4

5

6              By:_____

                 Darryl M. Woo

7              Attorney for Defendants and Counterclaimants

8              O-Net Communications (Shenzhen) Limited,
          Multiwave Digital Solutions, Inc.,
9              and Chunmeng Wu, an individual

10    ### DEMAND FOR JURY TRIAL

11        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by

12    jury on all issues so triable, including without limitation, Oplink's claims and Defendants'

13    affirmative defenses and counterclaims.

14

15    Dated:  November ___, 2007          FENWICK & WEST LLP

16

17              By:_____

18                     Darryl M. Woo

19              Attorney for Defendants and Counterclaimants
          O-Net Communications (Shenzhen) Limited
20              and Multiwave Digital Solutions, Inc., and
          Chunmeng Wu, an individual

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT B

DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
HEATHER MEWES (CSB NO. 203690)
hmewes@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA 94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
MARY WANG (CSB NO. 234636)
mwang@fenwick.com
JULIE NOKLEBERG (CSB NO. 247837)
jnokleberg@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
555801 California Street, 12th floor
San Francisco, CA 94104
Mountain View, CA 94041
Telephone: (415) 875-2300650) 988-8500
Facsimile:     (415) 281-1350650) 938-5200

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oplink Communications, Inc.,<br><br>        Plaintiff,<br><br>v.<br><br>O-Net Communications (Shenzhen) Limited,<br>Multiwave Digital Solutions, Inc.,<br>Chunmeng Wu, an individual,<br><br>        Defendants. | Case No.  CV 07-4582 JSWMJJ<br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Date of Filing:  September 17, 2006<br>Trial Date:      None set** |

## FIRST AMENDED ANSWER

Defendants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen"), Multiwave

Digital Solutions, Inc. ("Multiwave") and Mr. Chunmeng Wu ("Wu") (collectively "Defendants")

answer the First Amended Complaint ("Complaint") of plaintiff Oplink Communications, Inc. ("Oplink"), following its numbered paragraphs, as follows:

### Parties

1. Regarding paragraph 1 of the Complaint, Defendants are informed and believe that Oplink is a Delaware corporation with its principal place of business at 46335 Landing Parkway, Fremont, California 94538. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 of the Complaint and therefore deny them.

2. Regarding paragraph 2 of the Complaint, Defendants admit that O-Net Shenzhen is a Chinese company with its principal place of business at #10-1 South, Maqueling Industrial Park, Nanshan District of Shenzhen, China. O-Net Shenzhen avers that is a leading Original Equipment Manufacturer ("OEM") and Original Design Manufacturer ("ODM"), which supplies a variety of products to the global optical networking industry. Except as expressly admitted or averred, the remaining allegations of paragraph 2 are denied.

3. Regarding paragraph 3 of the Complaint, Defendants admit that Multiwave is a Texas corporation with a place of business in Fremont, California. Defendants further admit that Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the United States. Except as expressly admitted or averred, the remaining allegations of paragraph 3 are denied.

4. Regarding paragraph 4 of the Complaint, Defendants admit that Wu is an individual who resides within the Northern District of California. Defendants aver that Wu was employed by Oplink until September 2006, and that he is a current employee of Multiwave. Except as expressly admitted or averred, Defendants deny the allegations in paragraph 4 of the Complaint.

### Jurisdiction and Venue

5. Regarding paragraph 5 of the Complaint, Defendants admit that the Complaint purportedly alleges claims arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the statutory and common law of the State of California.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.       Regarding paragraph 6 of the Complaint, Defendants admit that the Northern District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

7.       Regarding paragraph 7 of the Complaint, Defendants admit that under 28 U.S.C. §§ 1391 and 1400, venue is proper in the Northern District of California, where Wu resides and Multiwave has a place of business.  Except as expressly admitted or averred, Defendants deny the allegations in paragraph 7 of the Complaint

**Oplink's Patents In Suit**

8.       Regarding paragraph 8 of the Complaint, Defendants admit that U.S. Patent No. 5,661,829 ("'829 Patent"), entitled "Optical Isolator," was issued by the Patent and Trademark Office on August 26, 1997.  Except as expressly admitted, Defendants deny the allegations of paragraph 8 of the Complaint.

9.       Regarding paragraph 9 of the Complaint, Defendants admit that U.S. Patent No. 6,215,919 ("'919 Patent"), entitled "Mechanical Optical Switching Device," was issued by the Patent and Trademark Office on April 10, 2001.  Except as expressly admitted, Defendants deny the allegations of paragraph 9 of the Complaint.

10.       Regarding paragraph 10 of the Complaint, Defendants admit that U.S. Patent No. 6,895,129 ("'129 Patent"), entitled "Optical Circulator," was issued by the Patent and Trademark Office on May 17, 2005.  Except as expressly admitted, Defendants deny the allegations of paragraph 10 of the Complaint.

11.       Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore deny them.

**First Claim for Relief**

**Infringement of U.S. Patent No. 5,661,829**

**(Against O-Net Shenzhen and Multiwave)**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.     O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to paragraphs 1-11 of this Answer as though fully set forth herein.

13.     O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 13 of the Complaint.

14.     To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 14 of the Complaint.

15.     Regarding paragraph 15 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District of California on June 7, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect to the '829 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-Net Shenzhen or Multiwave. Except as expressly averred, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 15 of the Complaint.

16.     O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 16 of the Complaint.

**Second Claim for Relief**

**Infringement of U.S. Patent No. 6,215,919**

**(Against O-Net Shenzhen and Multiwave)**

17.     O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to paragraphs 1-16 of this Answer as though fully set forth herein.

18.     O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 18 of the Complaint.

19.     To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 19 of the Complaint.

20.     Regarding paragraph 20 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District of California on June 7, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect

1   to the ÷'919 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-

2   Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

3   the allegations contained in paragraph 20 of the Complaint.

4       21.     O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 21 of

5   the Complaint.

6                               **Third Claim for Relief**

7                       **Infringement of U.S. Patent No. 6,895,129**

8                       **(Against O-Net Shenzhen and Multiwave)**

9       22.     O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to

10  paragraphs 1-21 of this Answer as though fully set forth herein.

11      23.     O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 23 of

12  the Complaint.

13      24.     To the extent that they can be understood, O-Net Shenzhen and Multiwave deny

14  the allegations contained in paragraph 24 of the Complaint.

15      25.     Regarding paragraph 25 of the Complaint, O-Net Shenzhen and Multiwave aver

16  that prior to the receipt of the Complaint of plaintiff Oplink filed in the Central District of

17  California on August 25, 2007, they had no notice of Oplink's allegations or charges of

18  infringement, that they have not engaged in any conduct that is objectively reckless with respect

19  to the ÷'129 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-

20  Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

21  the allegations contained in paragraph 25 of the Complaint.

22      26.     O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 26 of

23  the Complaint.

24                              **Fourth Claim for Relief**

25          **Trade Secret Misappropriation Under the Uniform Trade Secrets Act**

26                      **(Against Multiwave and Wu)**

27      27.     Multiwave and Wu hereby incorporate by reference their responses to paragraphs

28  1-26 of this Answer as though fully set forth herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28.     Multiwave and Wu lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 and therefore deny them.

29.     Multiwave and Wu lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore deny them.

30.     Regarding paragraph 30 of the Complaint, Wu admits that he is a former Oplink employee, that he began his employment with Oplink on or about August 29, 2003, and that he left that employ on or about September 8, 2006.  Defendant Wu admits that he signed a document entitled, "Employee Confidential Information and Inventions Agreement," and a document entitled, "Separation Agreement."  Except as expressly admitted, Defendant Wu denies the allegations of paragraph 30.  Except as expressly admitted, Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore denies them.

31.     Multiwave and Wu deny the allegations contained in paragraph 31 of the Complaint.

32.     Regarding paragraph 32 of the Complaint, Multiwave and Wu admit that Wu became an employee of Multiwave subsequent to his employment by Oplink and that Wu is currently a Multiwave employee.  Multiwave and Wu further admit that Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the United States.  Except as expressly admitted, Multiwave and Wu deny the allegations of paragraph 32.

33.     Multiwave and Wu deny the allegations contained in paragraph 33 of the Complaint.

34.     Multiwave and Wu deny the allegations contained in paragraph 34 of the Complaint.

35.     Multiwave and Wu deny the allegations contained in paragraph 35 of the Complaint.

**Fifth Claim for Relief**

**Breach of Duty of Loyalty**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**(Against Wu)**

36.     Wu hereby incorporate by reference his responses to paragraphs 1-35 of this Answer as though fully set forth herein.

37.     Regarding paragraph 37 of the Complaint, Wu admits that he held the title of Senior Director of Business Development and Customer Support for Oplink.  Except as expressly admitted, he denies the allegations contained in paragraph 37 of the Complaint.

38.     Regarding paragraph 38 of the Complaint, Wu admits that he recommended that Oplink enter into a sales representation agreement with Multiwave, but avers that any decision regarding whether to enter into such an agreement and its terms was made by others at Oplink.  Wu admits that he had previously worked with Multiwave at another employer.  Except as expressly admitted, Wu denies the allegations contained in paragraph 38 of the Complaint.

39.     Wu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore denies them

40.     Wu denies the allegations contained in paragraph 40 of the Complaint.

41.     Wu denies the allegations contained in paragraph 41 of the Complaint.

42.     Wu denies the allegations contained in paragraph 42 of the Complaint.

43.     Wu denies the allegations contained in paragraph 43 of the Complaint.

**Sixth Claim for Relief**

**Unfair Competition**

**(Against Multiwave)**

44.     Multiwave hereby incorporates by reference its responses to paragraphs 1-43 of this Answer as though fully set forth herein.

45.     Multiwave denies the allegations contained in paragraph 45 of the Complaint.

46.     Multiwave denies the allegations contained in paragraph 46 of the Complaint.

**Seventh Claim for Relief**

**Breach of Contract**

**(Against Wu)**

47.     Wu hereby incorporates by reference his responses to paragraphs 1-46 of this Answer as though fully set forth herein.

48.     Wu admits that he signed a document entitled, "Employee Confidential Information and Inventions Agreement."  Except as expressly admitted, Wu denies the allegations of paragraph 48.

49.     Wu admits that he signed a document entitled, "Separation Agreement."  Except as expressly admitted, Wu denies the allegations of paragraph 49.

50.     Wu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 and therefore denies them.

51.     Wu denies the allegations contained in paragraph 51 of the Complaint.

52.     Wu denies the allegations contained in paragraph 52 of the Complaint.

**Eighth Claim for Relief**

**Intentional Interference with Contractual Relations**

**(Against Multiwave)**

53.     Multiwave hereby incorporates by reference its responses to paragraphs 1-52 of this Answer as though fully set forth herein.

54.     Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore denies them.

55.     Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore denies them.

56.     Multiwave admits that it was aware that Wu was formerly employed by Oplink and had signed agreements relating to his employment.  Except as expressly admitted, Multiwave denies the allegations of paragraph 56.

57.     Multiwave denies the allegations contained in paragraph 57 of the Complaint.

58.     Multiwave denies the allegations contained in paragraph 58 of the Complaint.

**<u>REQUESTED RELIEF BY OPLINK</u>**

Defendants deny that Oplink is entitled to any relief

Fenwick & West LLP
Attorneys At Law
San Francisco

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**AFFIRMATIVE DEFENSES**

Defendants hereby assert affirmative defenses to the Complaint as follows:

**First Affirmative Defense**

**Failure To State A Claim**

59.     As a first and separate affirmative defense, Defendants allege that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

60.     O-Net Shenzhen and Multiwave, *inter alia*, have moved to dismiss Oplink's allegations of inducement of infringement in paragraphs 14, 19 and 24 of the Complaint and Oplink's allegations of willful infringement in paragraphs 15, 20 and 25 of the Complaint, or, alternatively, for a more definite statement, as well as to strike the requests for relief related to these allegations.

**Second Affirmative Defense**

**Invalidity**

61.     As a second and separate affirmative defense to Oplink's patent claims, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid.

62.     61. As a second and separate affirmative defense, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid for failure to satisfy one or more ofThe '829 Patent is invalid for failure to meet the Conditions of Patentability specified inof 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of  the '829 Patent, the '919 Patent and/or the '129 Patent can be validly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  construed to cover any products imported, made, used, sold or offered for sale by ~~plaintiff~~O-Net

2  Shenzhen and Multiwave.

3      63.     The '919 Patent is invalid for failure to meet the Conditions of Patentability of 35

4  U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject

5  matter; or was used or known by others in this country or was patented or described by a

6  publication before its invention; or was patented or described in a publication or was in public use

7  or for sale more than one year before the date of the patent application; or was not invented by the

8  named inventors; or was invented by another prior to the alleged invention; or was taught by,

9  suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper

10  written description; or is not enabling; or does not disclose the best mode of the invention; and no

11  claim of the '919 Patent can be validly construed to cover any products imported, made, used,

12  sold or offered for sale by O-Net Shenzhen and Multiwave.

13      64.     The '129 Patent is invalid for failure to meet the Conditions of Patentability of 35

14  U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject

15  matter; or was used or known by others in this country or was patented or described by a

16  publication before its invention; or was patented or described in a publication or was in public use

17  or for sale more than one year before the date of the patent application; or was not invented by the

18  named inventors; or was invented by another prior to the alleged invention; or was taught by,

19  suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper

20  written description; or is not enabling; or does not disclose the best mode of the invention; and no

21  claim of the '129 Patent can be validly construed to cover any products imported, made, used,

22  sold or offered for sale by O-Net Shenzhen and Multiwave.

23                          **Third Affirmative Defense**

24                  **Damages Limited By 35 U.S.C. § ~~187~~287**

25      65.     ~~62.~~ As a third and separate affirmative defense to Oplink's patent claims,

26  Defendants allege that Oplink's claim for damages, if any, is limited by 35 U.S.C. § 287.

27                          **Fourth Affirmative Defense**

28              **Laches, Waiver, Unclean Hands and/or Equitable Estoppel**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   66. 63. As a fourth and separate affirmative defense, Defendants allege that Oplink's

2   claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, unclean hands,

3   and/or equitable estoppel. Defendants further allege that Oplink's non-patent claims are barred in

4   whole or in part by unclean hands.

5                                   **Fifth Affirmative Defense**

6                                       **Failure to Mitigate**

7   67. 64. As a fifth and separate affirmative defense to Oplink's non-patent claims, to

8   the extent Oplink has sustained any damages allegedly caused by Defendants' conduct, Oplink

9   cannot recover all or any portion of its claims because Oplink has failed and continues to fail to

10  exercise reasonable care and diligence to mitigate any alleged damages it has suffered as a

11  consequence of Defendants' actions.

12                                  **Sixth Affirmative Defense**

13                                **Consent and/or Acquiescence**

14  68. 65. As a sixth and separate affirmative defense to Oplink's non-patent claims,

15  Defendants allege that Oplink's claims are barred on the grounds of consent and/or acquiescence.

16                                  **Seventh Affirmative Defense**

17                                        **Uncertainty**

18  66. As a seventh and separate affirmative defense, each claim is barred, in whole or in

19  part, because Oplink fails to describe the facts supporting its claims with sufficient certainty.

20                          **COUNTERCLAIMS FOR DECLARATORY RELIEF**

21          Defendants and counterclaimants O-Net Shenzhen and Multiwave respectfully allege their

22  counterclaims against Oplink as follows:

23                                          **Parties**

24          1.      O-Net Shenzhen is a Chinese company with its principal place of business at #10-1

25  South, Maqueling Industrial Park, Nanshan District of Shenzhen, China.

26          2.      Multiwave is a Texas corporation with a place of business located at 44790 S.

27  Grimmer Blvd., Suite 201, Fremont, CA 94538.

28

1        3.       On information and belief, Oplink is a Delaware corporation with its principal

2    place of business at 46335 Landing Parkway, Fremont, California 94538.

3    **Jurisdiction and Venue**

4        4.       These are Counterclaims for a declaratory judgment arising under 28 U.S.C. §§

5    2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code, and

6    authorized, *inter alia*, by Rule 13 of the Federal Rules of Civil Procedure.

7        5.       This Court has subject matter jurisdiction of these Counterclaims pursuant to 28

8    U.S.C. §§ 1331, 1338, 2001 and 2202.

9        6.       Oplink is subject to personal jurisdiction in this judicial district by virtue of its

10   stipulation transferring Case No. SACV 07-673 AHS (MLGx) from the Central District of

11   California to the Northern District, and because its principal place of business is located in this

12   judicial district.

13       7.       Venue in proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

14       8.       An actual controversy exists between O-Net Shenzhen, Multiwave and Oplink by

15   virtue of the allegations of Oplink's Complaint and Defendants' Answer as to both the invalidity

16   and non-infringement of Oplink's '829, '919 and '129 Patents.

17   **First Counterclaim**

18   **Declaration of Non-Infringement**

19       9.       O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

20   in paragraphs 1-8 of these Counterclaims as though fully set forth herein.

21       10.     Oplink claims to be the owner of the entire right, title and interest in and to the

22   '829 Patent, the '919 Patent and the '129 Patent.

23       11.     Oplink has charged O-Net Shenzhen and Multiwave with infringement of the

24   '829 Patent, the '919 Patent and the '129 Patent.

25       12.     O-Net Shenzhen and Multiwave have not and do not infringe (directly, indirectly

26   or in any other way), and are not liable as an infringer of, any claim of the '829 Patent, the '919

27   Patent and/or the '129 Patent and Oplink is entitled to no relief for any claim in the Complaint

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  for, *inter alia*, the reasons stated in Defendants' Affirmative Defenses, above, which are

2  incorporated herein by reference.

3      13.    Absent a declaration of non-infringement, Oplink will continue to assert the '829

4  Patent, the '919 Patent and/or the '129 Patent against O-Net Shenzhen and Multiwave and will in

5  this way cause damage to O-Net Shenzhen and Multiwave.

6      14.    O-Net Shenzhen and Multiwave thus seek a declaration that they do not infringe

7  the ~'~'829 Patent, the '919 Patent and/or the '129 Patent and are not liable as infringers.

## Second Counterclaim

## Declaration of Invalidity __of the '829 Patent__

10     15.    O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

11  in paragraphs 1-14 of these Counterclaims as though fully set forth herein.

12     16.    Oplink claims to be the owner of the entire right, title and interest in and to the

13  ~'829 Patent, the '919 Patent and the '129~'829 Patent.

14     17.    Oplink has charged O-Net Shenzhen and Multiwave with infringement of the ~'829

15  ~Patent, the '919 Patent and the '129~'829 Patent.

16     18.    The claims of Oplink's ~'~'829 Patent~, the '919 Patent and/or the '129 Patent are__ is__

17  invalid for failure to ~satisfy one or more of__meet__ the Conditions of Patentability specified in 35

18  U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject

19  matter; or was used or known by others in this country or was patented or described by a

20  publication before its invention; or was patented or described in a publication or was in public use

21  or for sale more than one year before the date of the patent application; or was not invented by the

22  named inventors; or was invented by another prior to the alleged invention; or was taught by,

23  suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper

24  written description; or is not enabling; or does not disclose the best mode of the invention; and no

25  claim of the ~'829 Patent, the '919 Patent and/or the '129~'829 Patent can be validly construed to

26  cover any products imported, made, used, sold or offered for sale by ~plaintiff__O-Net Shenzhen and__

27  __Multiwave__.

28

Fenwick & West LLP
Attorneys At Law
San Francisco

Fenwick & West LLP
Attorneys At Law
San Francisco

19.    Absent a declaration of invalidity, Oplink will continue to assert the ~'829 Patent, the '919 Patent and/or the '129 Patent against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

20.    O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's '829 Patent is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Counterclaim

### Declaration of Invalidity of the '919 Patent

21.    O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations in paragraphs 1-20 of these Counterclaims as though fully set forth herein.

22.    Oplink claims to be the owner of the entire right, title and interest in and to the '919 Patent.

23.    Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '919 Patent.

24.    The claims of Oplink's '919 Patent is invalid for failure to meet the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '919 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

25.    Absent a declaration of invalidity, Oplink will continue to assert the '919 Patent against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26.      O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's '919 is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112.

**Fourth Counterclaim**

**Declaration of Invalidity of the '129 Patent**

27.      O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations in paragraphs 1-26 of these Counterclaims as though fully set forth herein.

28.      Oplink claims to be the owner of the entire right, title and interest in and to the '129 Patent.

29.      Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '129 Patent.

30.      The claims of Oplink's '129 Patent is invalid for failure to meet the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '129 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

31.      Absent a declaration of invalidity, Oplink will continue to assert the '129 Patent against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

32.      ~~20.~~ O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's ~~'829 Patent, the '919 Patent and/or the '129 Patent are~~ '129 is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment with respect to Oplink's Complaint, Defendants Affirmative Defenses and above Counterclaims, and O-Net Shenzhen's and Multiwave's Motion to Dismiss, or, alternatively, for a More Definite Statement and Motion to Strike as follows:

a)      Judgment on the First Amended Complaint in favor of Defendants and against Oplink;

b)      Judgment on each Counterclaim in favor of defendants O-Net Shenzhen and Multiwave and against Oplink;

c)      Judgment declaring that the claims of the '829 Patent are not infringed by O-Net Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

d)      Judgment declaring that the claims of the '919 Patent are not infringed by O-Net Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

e)      Judgment declaring that the claims of the '129 Patent are not infringed by O-Net Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

f)      Judgment declaring that the claims of the '829 Patent are invalid;

g)      Judgment declaring that the claims of the '919 Patent are invalid;

h)      Judgment declaring that the claims of the '129 Patent are invalid;

i)      A declaration that Defendants' defenses and counterclaims present an exceptional case entitling Defendants to, and therefore awarding, them their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

j)      An award of costs, expenses and attorneys' fees to Defendants; and

k)      An award to Defendants of such other and further relief as this Court deems just and proper.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Dated: ~~September 17,~~November ___, 2007          FENWICK & WEST LLP

2

3                                                       By: _____/ s /_____
                                                              Darryl M. Woo
4

5                                                       Attorney for Defendants and Counterclaimants
                                                        O-Net Communications (Shenzhen) Limited,
6                                                       Multiwave Digital Solutions, Inc.,
                                                        and Chunmeng Wu, an individual

7                                    **DEMAND FOR JURY TRIAL**

8           Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by

9   jury on all issues so triable, including without limitation, Oplink's claims and Defendants'

10  affirmative defenses and counterclaims.

11

12  Dated: ~~September 17,~~November ___, 2007          FENWICK & WEST LLP

13

14                                                      By: _____/ s /_____
                                                              Darryl M. Woo
15

16                                                      Attorney for Defendants and Counterclaimants
                                                        O-Net Communications (Shenzhen) Limited
17                                                      and Multiwave Digital Solutions, Inc., and
                                                        Chunmeng Wu, an individual
18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Document comparison by Workshare Professional on Tuesday, November 06, 2007 12:54:40 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:/Documents and Settings/cchang/Desktop/OriginalAnswer.DOC |
| Description | OriginalAnswer |
| Document 2 ID | file://C:/Documents and Settings/cchang/Desktop/Amended_Answer.DOC |
| Description | Amended_Answer |
| Rendering set | Fenwick & West |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 92 |
| Deletions | 50 |
| Moved from | 7 |
| Moved to | 7 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 156 |