DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
HEATHER MEWES (CSB NO. 203690)
hmewes@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
MARY WANG (CSB NO. 234636)
mwang@fenwick.com
JULIE NOKLEBERG (CSB NO. 247837)
jnokleberg@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc. and
Chunmeng Wu, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., | Case No. CV 07-4582 MJJ |
| Plaintiff, | **[PROPOSED] ORDER DENYING OPLINK COMMUNICATIONS, INC.'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND DISMISS THEIR COUNTERCLAIMS** |
| v. | |
| O-NET COMMUNICATIONS (SHENZHEN) LIMITED, MULTIWAVE DIGITAL SOLUTIONS, INC., CHUNMENG WU, an individual, | Date: November 27, 2007<br>Time: 9:30 a.m.<br>Location: Courtroom 11, 19th Floor<br>Judge: The Honorable Martin J. Jenkins |
| Defendants. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Presently before the Court is Plaintiff Oplink Communications, Inc's Motion to Strike

2   Defendants' Affirmative Defenses and Dismiss Their Counterclaims (Docket No. 19). For the

3   following reasons, the Court DENIES the Motion in part, and GRANTS Defendants' request for

4   leave to file their proposed First Amended Complaint and Counterclaims.

5   <u>**BACKGROUND**</u>

6   Oplink's First Amended Complaint asserts claims for patent infringement, trade secret

7   misappropriation, unfair competition, breach of the duty of loyalty, breach of contract and

8   intentional interference. On September 17, 2007, Defendants (collectively, "O-Net") answered

9   Oplink's First Amended Complaint, asserting affirmative defenses to each of Oplink's various

10  causes of action and asserting counterclaims of non-infringement and invalidity with respect to

11  the asserted Oplink patents. *See* Defendants' Answer to Complaint (Docket # 12). In addition,

12  Defendants O-Net Shenzhen and Multiwave moved to dismiss Oplink's claims for willful patent

13  infringement and inducement of patent infringement. *See* Motion to Dismiss and Motion to

14  Strike, or Alternatively for a More Definite Statement (Docket # 11). Thereafter, Oplink filed

15  this Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims. *See*

16  Docket # 19. Both motions were heard by this Court on November 27, 2007.

17  <u>**LEGAL STANDARD**</u>

18  Federal Rule of Civil Procedure 12(f) permits the Court to "[strike] from any pleading any

19  insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

20  12(f). Rule 12(f) motions are generally disfavored due to the limited importance of pleading in

21  federal practice, and because they are often used as a delaying tactic. *SEC v. Sands*, 902 F. Supp.

22  1149, 1165 (C.D. Cal. 1995). Accordingly, motions to strike should be denied "unless the matter

23  [sought to be stricken] has no logical connection to the controversy at issue and may prejudice

24  one or more of the parties to the suit." *Ellison v. Autozone, Inc.*, Case No. 06-07522 MJJ, 2007

25  U.S. Dist. LEXIS 70187, at *3 (N.D. Cal. Sept. 13, 2007), *citing SEC v. Sands*, 902 F. Supp. at

26  1165; *see also Rosales v. Citibank*, 133 F. Supp.2d 1177, 1179 (N.D. Cal. 2001) ("motions to

27  strike are generally not granted unless it is clear that the matter sought to be stricken could have

28  no possible bearing on the subject matter of the litigation").

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Oplink bears the burden of demonstrating "that there are no questions of fact, that any

2    questions of law are clear and not in dispute, and that under no set of circumstances could the

3    defense succeed." *See Ellison*, Case No. 06-07522 MJJ, 2007 U.S. Dist. LEXIS 70187 at *3

4    (internal citations omitted).

5                                    **ANALYSIS**

6    **I.    OPLINK'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

7         **A.    Defendants' Proposed First Amended Answer and Counterclaims Moots
              Oplink's Motion with Respect to the Unclean Hands and Uncertainty
8              Defenses**

9    Oplink asks this Court to strike O-Net's fourth affirmative defense of unclean hands.

10   Oplink relies on case law that requires an unclean hands defense based upon inequitable conduct

11   before the United States Patent and Trademark Office to be pled with particularity under Federal

12   Rule of Civil Procedure 9(b). *See* Oplink's Motion at 3:24-4:12. Oplink goes on to argue that

13   "there is no way Oplink or the Court can determine whether Defendants' unclean hands defense is

14   based on inequitable conduct." *Id*. at 4:8-9. With its proposed First Amended Answer and

15   Counterclaims, O-Net clarifies that its unclean hands defense is not based on inequitable conduct.

16   The Court therefore grants O-Net's request for leave to file its First Amended Answer and

17   Counterclaims.

18   Oplink cites *Network Caching Technology, LLC ("NCT") v. Novell, Inc.*, Case No. 01-

19   2079-VRW, 2001 U.S. Dist. LEXIS 26211 (N.D. Cal. Dec. 21, 2001) to suggest that even as to

20   non-patent claims, O-Net is required to provide more specificity for its unclean hands defense.

21   *NCT*, however, held that an unclean hands defense asserted against patent claims was subject to

22   the heightened pleading requirement; it did not address the application of an unclean hands

23   defense to non-patent claims. *Id*. at * 12. Cases addressing the assertion of unclean hands to

24   non-patent claims have found allegations similar to O-Net's sufficient. *See e.g. Smith v. Wal-*

25   *Mart Stores*, Case No. 06-2069, 2006 U.S. Dist. LEXIS 72225, * 40 (N.D. Cal. Sept. 20, 2006)

26   ("Defendant's failure to state the elements and facts supporting its unclean hands defense is not

27   sufficient to prove that Plaintiffs have not been placed on 'fair notice of the defense.'"); *Ganley v.*

28   *County of San Mateo*, Case No. 06-3923, 2007 U.S. Dist. LEXIS 26467, *6, * 14-15 (N.D. Cal.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Mar. 22, 2007) (denying motion to strike defendants' unclean hands affirmative defense where it

2   contained neither additional factual allegations nor the specific elements other than the assertion

3   of unclean hands).  Accordingly, with the clarification in O-Net's proposed Amended Answer and

4   Counterclaims, the Court denies Oplink's motion to strike O-Net's unclean hands defense.

5          O-Net has agreed to withdraw its uncertainty defense.  The Court therefore grants O-Net

6   leave to file its proposed amendment and denies Oplink's motion to strike as moot.

**B.     Defendants Have Sufficiently Pled a Defense of Patent Invalidity**

8          As its second affirmative defense O-Net alleges patent invalidity, stating

> that the claims of the '829 Patent, the '919 Patent and/or the '129
> Patent are invalid for failure to satisfy one or more of the
> Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103
> and 112 because the alleged invention thereof was not patentable
> subject matter; or was used or known by others in this country or
> was patented or described by a publication before its invention; or
> was patented or described in a publication or was in public use or
> for sale more than one year before the date of the patent
> application; or was not invented by the named inventors; or was
> invented by another prior to the alleged invention; or was taught by,
> suggested by, and/or obvious in view of, the prior art; or is
> indefinite; or does not contain a proper written description; or is not
> enabling; or does not disclose the best mode of the invention; and
> no claim of  the '829 Patent, the '919 Patent and/or the '129 Patent
> can be validly construed to cover any products imported, made,
> used, sold or offered for sale by plaintiff.

O-Net's Answer to Complaint, Affirmative Defenses and Counterclaims (Docket # 12) ¶ 61.

         Oplink contends that the Court should strike O-Net's invalidity affirmative defense

claiming that it fails to provide Oplink sufficient notice.  Oplink's argument is without merit as

demonstrated by its own case law.  Oplink relies on *Advanced Cardiovascular Sys., Inc ("ACS")*

*v. SciMed Sys.*, 40 U.S.P.Q.2d 1291, 1293-94 (N.D. Cal. 1996), but that court approved a

proposed amendment that mirrors O-Net's allegations, pleading invalidity

> for failure to meet the 'Conditions for Patentability" of 35 U.S.C.
> §§ 102 and 103 because the alleged invention thereof is taught by,
> suggested by, and/or, obvious in view of, the prior art, and, no
> claim of the [patent in suit] can be validly construed to cover any
> [accused product].

*See also Advanced Cardiovascular Sys., Inc. ("ACS") v. Medtronic, Inc.*, 41 U.S.P.Q.2d 1770,

1773 n.2 (N.D. Cal. 1996).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Network Caching Tech., LLC ("NCT") v. Novell, Inc.*, Case No. 01-2079-VRW, 2001

U.S. Dist. LEXIS 26211, at * 6-7 (N.D. Cal. Dec. 31, 2001), another case relied on by Oplink,

similarly approved of a proposed amendment that alleged that each claim of the asserted patents

> is invalid because it fails to meet the 'conditions for patentability'
> of 35 U.S.C. §§ 101, 103, 103, and/or 112 because the alleged
> invention thereof lacks utility, is taught by, suggested by, and/or,
> obvious in view of, the prior art, and/or is unsupported by the
> written description of the patented invention, and no claims of those
> patents can be validity construed to cover any [accused] product.

As O-Net points out, *Grid Sys. Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042

(N.D. Cal. 1991), is distinguishable. That case was decided before the Northern District's

adoption of the Patent Local Rules. There is little risk of prejudice here, where Oplink will be

given detailed notice of O-Net's invalidity contentions under the disclosure requirements of the

patent local rules. *See* Patent L.R. 3-3. In addition, the pleading rejected in *Grid Systems* simply

stated that nine patents at issue were invalid for "failure to comply with the requirements of 35

U.S.C. §§ 101, 102, 103, and 112." *Id.* at 1042. Here, O-Net's invalidity defense is more akin to

the one approved by the court in *ACS*; it provides more factual specificity, outlining each of the

bases for invalidity rather than just reciting the statute.

Furthermore, O-Net has further separated out allegations independently for each asserted

patent in its proposed First Amended Answer and Counterclaims. Accordingly, the Court denies

Oplink's motion to strike O-Net's invalidity affirmative defense.

### C.   Oplink Has Not Met Its Burden With Respect to Its Motion to Strike O-Net's First, Third, Fourth, Fifth and Sixth Affirmative Defenses

Oplink also asks this Court to strike O-Net's first affirmative defenses for failure to state a

claim. But Oplink makes no mention of this defense in its motion. The affirmative defense of

failure to state a claim is set forth in Form 20 of the Federal Rules, and under the Federal Rules it

is necessarily sufficient. Fed. R. Civ. P. 84; Fed. R. Civ, P, Form 20; *see also NCT*, 2001 U.S.

Dist. LEXIS 26211 at * 5 (relying on Federal Rules in denying motion to strike affirmative

defense of failure to state a claim). Oplink's claim that it has insufficient notice of O-Net's

defense is untenable in light of the fact that concurrent with filing its answer, O-Net filed a

motion to dismiss for failure to state a claim setting forth particular grounds for its defense. The

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Court therefore denies Oplink's motion to strike O-Net's first affirmative defense.

2    Oplink contends that O-Net's allegation that Oplink's claims are barred by the doctrine of

3    laches, waiver, and equitable estoppel fails to provide adequate notice of O-Net's defense.  In

4    some cases, however, merely pleading the name of an affirmative defense is sufficient to give fair

5    notice.  *Smith*, 2006 U.S. Dist. LEXIS 72225 at *39, *citing Woodfield v. Bowman*, 193 F.3d 354,

6    362 (5th Cir. 1999).  As this court has recognized, an affirmative defense such as laches need not

7    set forth the specific elements so long as the other side receives notice as to what is at issue.  2006

8    U.S. Dist. LEXIS 72225 at * 40, *citing Sagana v. Ternorio*, 384 F.3d 731, 736-37 (9th Cir. 2004)

9    ("[a] party need not plead specific legal theories … so long as the other side receives notice as to

10   what is at issue in the case." ).  Here, Oplink has not demonstrated any prejudice or confusion

11   with respect to O-Net's claims.  Therefore, this Court denies Oplink's motion to strike O-Net's

12   fourth affirmative defense of laches, waiver, and equitable estoppel.

13   O-Net then lumps the remaining three affirmative defenses of limitation of damages under

14   35 U.S.C. § 287 (third affirmative defense), failure to mitigate damages (fifth affirmative

15   defense), and consent and acquiescence (sixth affirmative defense) together without any citations

16   to applicable case law.  O-Net's proposed First Amended Answer and Counterclaim further

17   clarifies that as set forth in the statute, the third affirmative defense limiting damages to those

18   under 35 U.S.C. § 287 applies only to Oplink's patent claims.  Similarly, O-Net also proposes, as

19   set forth in the proposed amended answer, to clarify that the fifth and sixth affirmative defenses

20   are limited to Oplink's non-patent claims.  In light of these proposed amendments and Oplink's

21   failure to articulate insufficiencies in the allegations, this Court denies Oplink's motion to strike

22   should be denied.

23   ## II.    OPLINK'S MOTION DISMISS O-NET SHENZHEN'S AND MULTIWAVE'S COUNTERCLAIMS

24   ### A.    O-Net Shenzhen and Multiwave Have Sufficiently Stated a Non-Infringement Counterclaim

25   Oplink seeks dismissal O-Net Shenzhen's and Multiwave's counterclaim for a declaration

26   of non-infringement under Federal Rule of Civil Procedure 12(b)(6).  Oplink, however, ignores

27   the allegations in O-Net Shenzhen's and Multiwave's counterclaim.  O-Net Shenzhen and

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Multiwave specifically allege that they "have not and do not infringe (directly, indirectly or in

2    any other way), and are not liable as an infringer of, any claim of the '829 Patent, the '919 Patent

3    and/or the '129 Patent."  *See* Defendants' Answer to Complaint, Affirmative Defenses and

4    Counterclaims at p. 11, ¶ 12.   That is sufficient to state a claim for a declaration of non-

5    infringement.  In fact, Oplink's infringement claims are no more factually detailed, alleging only

6    that "O-Net and Multiwave have and continue to directly infringe the [asserted patents] by

7    importing, making, using, selling, and/or offering for sale products that utilize methods and

8    apparatuses that infringe the [asserted patents]."  *See* First Amended Complaint of Plaintiff

9    Oplink Communications, Inc. at ¶¶ 13, 18 and 23.  Until Oplink provides more specificity as to

10   how it claims it patents are infringed, O-Net Shenzhen and Multiwave need not and cannot

11   provide any more specificity as to their non-infringement counterclaim.  Accordingly, this Court

12   denies Oplink's motion to dismiss O-Net Shenzhen's and Multiwave's first declaratory

13   counterclaim.

14       **B.      O-Net Shenzhen and Multiwave Have Adequately Pled Their Invalidity
                   Counterclaim**

15

16       Oplink also asks the Court to dismiss O-Net's invalidity counterclaims for the same

17   reasons as its motion to strike O-Net's invalidity defense.  For the same reasons the Court denied

18   Oplink's motion to strike, the Court denies Oplink's motion to dismiss.

19                              **CONCLUSION**

20       For the foregoing reasons, the Court grants O-Net leave to file its proposed First Amended

21   Answer and Counterclaims.  The Court hereby denies Oplink's Motion to Strike Defendants'

22   Affirmative Defenses and Dismiss Their Counterclaims.

23   **IT IS SO ORDERED.**

24   Dated: November 6, 2007

25

26                                    _____

27                                    The Honorable Martin J. Jenkins
                                      United States District Court Judge
                                      Northern District of California

28