1  DARRYL M. WOO (CSB NO. 100513)
   dwoo@fenwick.com
2  HEATHER MEWES (CSB NO. 203690)
   hmewes@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th floor
4  San Francisco, CA  94104
   Telephone:   (415) 875-2300
5  Facsimile:    (415) 281-1350

6  CAROLYN CHANG (CSB NO. 217933)
   cchang@fenwick.com
7  MARY WANG (CSB NO. 234636)
   mwang@fenwick.com
8  JULIE NOKLEBERG (CSB NO. 247837)
   jnokleberg@fenwick.com
9  FENWICK & WEST LLP
   Silicon Valley Center, 801 California Street
10 Mountain View, CA 94041
   Telephone: (650) 988-8500
11 Facsimile:   (650) 938-5200

12 Attorneys for Defendants and Counterclaimants
   O-Net Communications (Shenzhen) Limited,
13 Multiwave Digital Solutions, Inc. and
   Chunmeng Wu, an individual

14

15                        UNITED STATES DISTRICT COURT

16                       NORTHERN DISTRICT OF CALIFORNIA

17 | OPLINK COMMUNICATIONS, INC., | Case No. CV 07-4582 MJJ
18 |         Plaintiff, | **DEFENDANTS O-NET COMMUNICATIONS (SHENZHEN) LIMITED AND MULTIWAVE DIGITAL SOLUTIONS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND MOTION TO STRIKE, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**
19 |         v. |
20 | O-NET COMMUNICATIONS (SHENZHEN) LIMITED, MULTIWAVE DIGITAL SOLUTIONS, INC., CHUNMENG WU, an individual, |
21 | |
22 |         Defendants. |
23 | | Date:     November 27, 2007
     |                   | Time:     9:30 a.m.
24 | | Location: Courtroom 11, 19th Floor
     |                   | Judge:    The Honorable Martin J. Jenkins

25

26

27

28

REPLY ISO O-NET SHENZHEN'S AND                              CASE NO. CV 07-4582 MJJ
MULTIWAVE'S MOTION TO DISMISS

1 **INTRODUCTION**

2 Oplink does not dispute that its claim for inducement of patent infringement requires
3 O-Net Shenzhen and Multiwave to have had actual knowledge of the patents in suit and the
4 specific intent to induce others to infringe those patents. Nor does Oplink dispute that its claim
5 for willful infringement requires O-Net Shenzhen and Multiwave to have had actual knowledge
6 of the patents in suit and to have acted in reckless disregard of those patents. But in opposing this
7 Motion, Oplink is unable to identify any of these allegations in its First Amended Complaint
8 ("FAC"). Instead, Oplink sidesteps the real issue and dedicates the entirety of its opposition to
9 arguing that general averments of knowledge and intent suffice, even after the Supreme Court's
10 ruling in *Bell Atlantic*.

11 Oplink's opposition misses the point. Oplink's claims of inducement and willfulness
12 must be dismissed not because *Bell Atlantic* imposes a new heightened pleading standard, but
13 because Oplink fails to make ***any*** averments, general or otherwise, regarding O-Net Shenzhen's
14 and Multiwave's knowledge and intent. While detailed factual allegations are not necessary, *Bell
15 Atlantic* clarified that a properly pled complaint must allege enough to state some plausible
16 entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1968 (2007); *see
17 also Anticancer Inc. v. Xenogen Corp.*, Case No. 05-0448, 2007 U.S. Dist. LEXIS 59811, at * 9-
18 10 (S.D. Cal. Aug. 13, 2007) (holding that under *Bell Atlantic* "pleadings must allege enough
19 facts so as to demonstrate a plausible entitlement to relief.").

20 In the context of Oplink's inducement and willfulness claims, plausible entitlement to
21 relief requires, at the very least, a general averment of actual knowledge of each of the asserted
22 patents, specific intent to induce infringement, and reckless disregard of the patents. *See
23 Anticancer*, Case No. 05-0448, 2007 U.S. Dist. LEXIS 59811 at * 11 (dismissing claim that
24 simply alleged that each defendants "has indirectly infringed the [] Patent and by contributing to
25 or inducing direct infringements of the [] Patent by others.").

26 This standard could be met here if Oplink had a good faith basis to make such allegations
27 against O-Net Shenzhen and Multiwave. In fact, O-Net Shenzhen and Multiwave indicated that
28

REPLY ISO O-NET SHENZHEN'S AND
MULTIWAVE'S MOTION TO DISMISS      1      CASE NO. CV 07-4582 MJJ

this motion could be resolved informally if Oplink amended its complaint to allege actual knowledge, specific intent, and reckless disregard.  Oplink refuses to do so, however.  It refuses because it has no basis to make such allegations.  Without a basis to make such allegations, Oplink has no basis to state a claim for inducement and willful infringement.  Accordingly, this Court should grant O-Net Shenzhen's and Multiwave's motion to dismiss.

## ARGUMENT

### I. OPLINK'S COMPLAINT FAILS TO DEMONSTRATE PLAUSIBLE ENTITLEMENT TO RELIEF

In an attempt to defeat this Motion, Oplink mischaracterizes O-Net Shenzhen's and Multiwave's arguments as requiring Oplink to plead inducement and willfulness with particularity.  But O-Net Shenzhen and Multiwave do not advance such arguments.  *Bell Atlantic* does not impose a new heightened pleading requirement and O-Net Shenzhen and Multiwave do not base their motion on such a claim.  *See Bell Atlantic*, 127 S. Ct. at 1973 n.14.  Thus, Oplink spends the bulk of its opposition arguing something that is not even at issue.  Oplink erects this straw man to avoid addressing the merits of O-Net Shenzhen and Multiwave's motion.

Just as the Supreme Court found in *Bell Atlantic*, Oplink's claims for inducement and willful infringement here should be dismissed not because the "allegations in the complaint were insufficiently 'particularized' … rather, the complaint warrant[s] dismissal because it fail[s] *in toto* to render [Oplink's] entitlement to relief plausible." *Id*. at 1973 n. 14.  Oplink's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965.  Thus, while Oplink relies on cases that say knowledge and intent may be generally averred,[1] the key point is that Oplink fails to make these averments at all.

#### A. Oplink Has Not Alleged, Even Generally, the Knowledge and Intent Necessary to State a Claim for Inducing Patent Infringement

The Federal Circuit in *DSU Medical* recently held that a claim for inducing patent

---

[1] Oplink relies heavily on *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541 (9th Cir. 1994) to argue that its allegations are sufficient.  *GlenFed* does not save Oplink's complaint, however.  First, *GlenFed* was decided before the Supreme Court's decision in *Bell Atlantic*.  Moreover, *GlenFed* held that where knowledge, intent, or other state of mind is material to allege, "it shall be sufficient to allege the same as a fact." *Id*. at 1545.  It does not relieve a plaintiff from alleging knowledge and intent entirely as Oplink has done here.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  infringement requires "specific intent and action to induce infringement." *DSU Medical Corp. v.*
2  *JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). The requirement of specific intent
3  necessarily includes the requirement that the alleged infringer knew of the patent. *Id*. at 1304.
4  Despite this, the only allegation Oplink makes regarding its inducement claim is that O-Net
5  Shenzhen and Multiwave "have and continue to indirectly infringe the [patents in suit] through
6  their contribution to, and/or inducement of, infringement of the [patents in suit] by third parties."
7  FAC ¶¶ 14, 19, and 24; *see also* Oplink's Opposition at 5:6-8. Oplink does not even make the
8  conclusory allegation that O-Net Shenzhen and Multiwave had actual knowledge of any of the
9  patents in suit or the specific intent to induce infringement by others, both of which are necessary
10 for an inducement claim.

11     Oplink tries to save its complaint by pointing to its allegations that the "***continuing***
12 infringement of [the patents in suit] by O-Net and Multiwave has been, and continues to be with
13 full knowledge of the [patents in suit]." FAC ¶¶ 15, 20, and 25 (emphasis added); *see also*
14 Oplink's Opposition at 5:3-5. Oplink still can point to no allegations of specific intent.
15 Moreover, the allegations of "full knowledge" are limited to O-Net Shenzhen and Multiwave's
16 ***continuing*** infringement and post-filing knowledge of the patents in suit. They do no support a
17 claim for inducement prior to the filing of the lawsuit.

18     Instead of amending its complaint to allege the requisite knowledge and specific intent,
19 Oplink relies on *Snap-On Inc. v. Hunter Eng'g Co.*, 29 F. Supp. 2d 965, 970 (E.D. Wisc. 1998) to
20 argue that the statement that O-Net Shenzhen and Multiwave's infringement was willful is
21 enough to support claims of contributory and inducing infringement. *Snap-On*, however, was
22 decided before both the Federal Circuit's *en banc* holding in *DSU* and the Supreme Court's
23 holding in *Bell Atlantic*. Under current controlling law, to state a plausible claim for relief,
24 Oplink must at least generally aver that O-Net Shenzhen and Multiwave had knowledge of each
25 of the patents and that they had the specific intent to induce others to infringement the patents.
26     The only post-*DSU* and post-*Bell Atlantic* case Oplink cites is *Takeda Pharms. Co. Ltd. v.*
27 *Sandoz, Inc.*, Case No. 07 Civ. 3844, 2007 U.S. Dist. LEXIS 74860 (S.D.N.Y. Oct. 9, 2007).
28 *Takeda* is distinguishable, however. There, the plaintiff made specific allegations of the

defendant's awareness of the patents in suit, and also alleged specific conduct constituting defendant's inducement of others to infringe. *Id*. at * 9-10.  In contrast, Oplink here makes no such allegations, except to claim that O-Net Shenzhen and Multiwave "have and continue to indirectly infringe the [patents in suit] through their contribution to, and/or inducement of, infringement of the [patents in suit] by third parties."  These exact allegations were found insufficient to sustain a claim for inducement of infringement under the pleading standard articulated in *Bell Atlantic*.  *Anticancer*, Case No. 05-0448, 2007 U.S. Dist. LEXIS 59811 at * 11.

Accordingly, O-Net Shenzhen and Multiwave respectfully request this Court to dismiss Oplink's claims for inducement of infringement.

### B. Oplink Has Not and Cannot State a Claim for Willful Patent Infringement

Oplink's claim for willful infringement is similarly deficient.  Oplink contends that it should be awarded "enhanced damages resulting from the knowing, deliberate and willful infringement by O-Net [Shenzhen] and Multiwave." FAC at 11, ¶ (v); *see also* Oplink's Opposition at 5:8-10.  Entitlement to enhanced damages for willful infringement is not plausible, however, without the alleged infringer's actual knowledge of the patents and reckless disregard of those patents.  *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

The only allegations Oplink makes regarding willfulness is that "the ***continuing*** infringement of the [patents in suit] by O-Net Shenzhen and Multiwave has been, and continues to be, with full knowledge of the [patents in suit], making the infringement willful." FAC ¶¶ 15, 20 and 25 (emphasis added).  Thus, as discussed above, Oplink's allegations of O-Net Shenzhen's and Multiwave's knowledge of the patents in suit are limited to the time period following the filing of this lawsuit.  *Seagate* makes clear, however, that "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." 497 F.3d at 1374.  But Oplink makes no allegations of O-Net Shenzhen's or Multiwave's pre-filing knowledge of the patents.  Consequently, it has not and cannot make any allegations of O-Net Shenzhen's or Multiwave's reckless disregard of those patents.  Without such allegations, its willfulness claim cannot stand.

## II. ALTERNATIVELY, OPLINK SHOULD BE REQUIRED TO AMEND ITS COMPLAINT TO STATE A GOOD FAITH BASIS FOR INDUCEMENT AND WILLFULNESS

As an alternative to dismissing Oplink's complaint, O-Net Shenzhen and Multiwave seek a more definite statement from Oplink. As the Federal Circuit has recognized, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374, *citing* Fed. R. Civ. P. 8, 11(b). Under *Seagate*, that requires a good faith basis to allege actual pre-litigation knowledge of the patents in suit, and a reckless disregard of those patents. O-Net Shenzhen and Multiwave have offered to permit Oplink to amend its complaint to try to make these allegations, and allegations sufficient to support its inducement claims, if it has a good faith basis to do so. Oplink has refused to do so. In the event that the Court for some reason does not dismiss the complaint, it should, in the alternative, require Oplink to provide a more definite statement under Rule 12(e).

## **CONCLUSION**

For the foregoing reasons, Defendants O-Net Shenzhen and Multiwave respectfully request that this Court grant their Motion to Dismiss and Motion to Strike.

Dated: November 13, 2007        FENWICK & WEST LLP

By:   /s/Carolyn Chang
           Carolyn Chang

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc. and
Chunmeng Wu, an individual

| | |
|---|---|
| 1 | DARRYL M. WOO (CSB NO. 100513) |
| | dwoo@fenwick.com |
| 2 | HEATHER MEWES (CSB NO. 203690) |
| | hmewes@fenwick.com |
| 3 | FENWICK & WEST LLP |
| | 555 California Street, 12th floor |
| 4 | San Francisco, CA 94104 |
| | Telephone: (415) 875-2300 |
| 5 | Facsimile: (415) 281-1350 |
| 6 | CAROLYN CHANG (CSB NO. 217933) |
| | cchang@fenwick.com |
| 7 | MARY WANG (CSB NO. 234636) |
| | mwang@fenwick.com |
| 8 | JULIE NOKLEBERG (CSB NO. 247837) |
| | jnokleberg@fenwick.com |
| 9 | FENWICK & WEST LLP |
| | Silicon Valley Center, 801 California Street |
| 10 | Mountain View, CA 94041 |
| | Telephone: (650) 988-8500 |
| 11 | Facsimile: (650) 938-5200 |
| 12 | Attorneys for Defendants and Counterclaimants |
| | O-Net Communications (Shenzhen) Limited, |
| 13 | Multiwave Digital Solutions, Inc. and |
| | Chunmeng Wu, an individual |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | OPLINK COMMUNICATIONS, INC., | Case No. CV 07-4582 MJJ |
| 18 | Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS O-NET COMMUNICATIONS (SHENZHEN) LIMITED AND MULTIWAVE DIGITAL SOLUTIONS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** |
| 19 | v. | |
| 20 | O-NET COMMUNICATIONS (SHENZHEN) LIMITED, MULTIWAVE DIGITAL SOLUTIONS, INC., CHUNMENG WU, an individual, | |
| 22 | Defendants. | Date: November 27, 2007 |
| 23 | | Time: 9:30 a.m. |
| | | Location: Courtroom 11, 19th Floor |
| 24 | | Judge: The Honorable Martin J. Jenkins |

ORDER GRANTING O-NET SHENZHEN
AND MULTIWAVE'S MOT. TO DISMISS                                    CASE NO. CV 07-4582 MJJ

Presently before the Court is Defendants O-Net Communications (Shenzhen) Limited's ("O-Net Shenzhen's") and Multiwave Digital Solutions, Inc.'s ("Multiwave's") Motion to Dismiss and Motion to Strike, or Alternatively, for a More Definite Statement (Docket No. 11). For the following reasons, the Court GRANTS O-Net Shenzhen's and Multiwave's Motion.

## BACKGROUND

On August 24, 2007, Plaintiff Oplink Communications, Inc. ("Oplink") filed its First Amended Complaint ("FAC") asserting claims for inducing patent infringement and willful infringement, among other patent and non-patent claims. In asserting O-Net Shenzhen's and Multiwave's inducement of patent infringement, Oplink alleges that

> O-Net [Shenzhen] and Multiwave have and continue to indirectly infringe the [patents in suit] through their contribution to, and/or inducement of, infringement of the [patents in suit] by third parties.

FAC ¶¶ 14, 19 and 24.

In asserting that O-Net Shenzhen's and Multiwave's infringement was willful, Oplink alleges:

> On information and belief, the continuing infringement of the [patents in suit] by O-Net [Shenzhen] and Multiwave has been, and continues to be, with full knowledge of the [patents in suit], making the infringement willful.

FAC ¶¶ 15, 20 and 25. Oplink goes on further to pray for enhanced damages asking the Court to award "enhanced damages resulting form the knowing, deliberate and willful infringement by O-Net [Shenzhen] and Multiwave, pursuant to 35 U.S.C. § 284." FAC at 11, ¶ (v).

O-Net Shenzhen and Multiwave move to dismiss Oplink's claims for inducing infringement and willful infringement, claiming that under the pleading standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), Oplink has failed to allege the requisite knowledge of the patents, specific intent to induce infringement, and reckless disregard needed to maintain those claims.

## LEGAL STANDARD

The Supreme Court did not establish a new heightened pleading standard in *Bell Atlantic*. Federal Rules of Civil Procedure 8 and 9 still govern pleadings, and there is no need to plead facts

ORDER GRANTING O-NET SHENZHEN
AND MULTIWAVE'S MOT. TO DISMISS    1    CASE NO. CV 07-4582 MJJ

1   with particularity outside claims for fraud. *Bell Atlantic* did clarify, however, that even under the
2   Federal Rule's notice pleading standard, "[f]actual allegations must be enough to raise a right to
3   relief above the speculative level." 127 S.Ct. at 1965. A properly pled complaint must allege
4   enough facts to state some plausible entitlement to relief. *Id.* at 1964-1968; *see also Anticancer*
5   *Inc. v. Xenogen Corp.*, Case No. 05-0448, 2007 U.S. Dist. LEXIS 59811, at * 9-10 (S.D. Cal.
6   Aug. 13, 2007) (holding that under *Bell Atlantic* "pleadings must allege enough facts so as to
7   demonstrate a plausible entitlement to relief.").

8   The Federal Circuit in *DSU Medical* held that a claim for inducing patent infringement
9   requires "specific intent and action to induce infringement." *DSU Medical Corp. v. JMS Co.,*
10  *Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). The requirement of specific intent necessarily
11  includes the requirement that the alleged infringer knew of the patent. *Id.* at 1304.

12  A claim for willful infringement requires actual knowledge of the patents and reckless
13  disregard of those patents. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).
14  "[A] willfulness claim asserted in the original complaint must necessarily be grounded
15  exclusively in the accused infringer's pre-filing conduct." *Id.* at 1374.

## ANALYSIS

### I. OPLINK'S COMPLAINT FAILS TO STATE A CLAIM FOR INDUCEMENT OF PATENT INFRINGEMENT

19  The only allegation Oplink makes regarding its inducement claim is that O-Net Shenzhen
20  and Multiwave "have and continue to indirectly infringe the [patents in suit] through their
21  contribution to, and/or inducement of, infringement of the [patents in suit] by third parties." FAC
22  ¶¶ 14, 19, and 24. While knowledge and intent may be averred generally, Oplink's complaint
23  does not contain even the conclusory allegation that O-Net Shenzhen and Multiwave had actual
24  knowledge of the patents. Nor does it allege that O-Net Shenzhen and Multiwave had the specific
25  intent to induce patent infringement by others.

26  Oplink's complaint does suggest that O-Net Shenzhen's continuing infringement is with
27  full knowledge of the patents. *See* FAC ¶¶ 15, 20 and 25. That, however, is insufficient to
28  support a claim for inducement of patent infringement prior to the filing of the lawsuit.

ORDER GRANTING O-NET SHENZHEN
AND MULTIWAVE'S MOT. TO DISMISS            2                            CASE NO. CV 07-4582 MJJ

1 Furthermore, without allegations of fact showing that O-Net Shenzhen and Multiwave acted with
2 the specific intent to induce infringement, Oplink fails to state a claim for inducement either pre-
3 or post-filing of the complaint.

4 Accordingly, this Court dismisses Oplink's inducement of infringement claims.

## II. OPLINK'S COMPLAINT FAILS TO STATE A CLAIM FOR WILLFUL PATENT INFRINGEMENT

In asserting claims of willful infringement against O-Net Shenzhen and Multiwave, Oplink alleges that "the ***continuing*** infringement of the [patents in suit] by O-Net Shenzhen and Multiwave has been, and continues to be, with full knowledge of the [patents in suit], making the infringement willful." FAC ¶¶ 15, 20 and 25 (emphasis added). By Oplink's own words, its allegations are limited to post-filing conduct, *i.e.*, "continuing" infringement. The Federal Circuit in *Seagate* held that "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct," however. 497 F.3d at 1374. Oplink makes no allegations that O-Net Shenzhen or Multiwave had actual knowledge of the patents in suit prior to the filing of this lawsuit. As such, it does not state a claim for willful infringement.

Oplink's complaint is also insufficient because it fails to allege facts showing reckless disregard of the patents in suit by O-Net Shenzhen or Multiwave. Even if claims of post-litigation conduct could support a willfulness claim, Oplink must allege facts showing that the conduct was taken in reckless disregard of the patents in suit. Oplink's First Amended Complaint does not contain any such allegations. Therefore, the Court grants O-Net Shenzhen's and Multiwave's motion to dismiss Oplink's willful infringement claim and strikes the associated prayer for enhanced damages.

## **CONCLUSION**

For the foregoing reasons, the Court grants O-Net Shenzhen's and Multiwave's Motion to Dismiss and Motion to Strike. The Court hereby dismisses Oplink's claims for inducement of infringement and willful infringement, and strikes paragraph (v) of Oplink's prayer for relief, seeking enhanced damages.

ORDER GRANTING O-NET SHENZHEN
AND MULTIWAVE'S MOT. TO DISMISS        3        CASE NO. CV 07-4582 MJJ

1  **IT IS SO ORDERED.**

2  Dated: _____, 2007

3

4  _____
   The Honorable Martin J. Jenkins
5  United States District Judge
   Northern District of California

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING O-NET SHENZHEN
AND MULTIWAVE'S MOT. TO DISMISS          4                    CASE NO. CV 07-4582 MJJ