HEIDI L. KEEFE (SBN: 178960)
Email: hkeefe@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
Email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
Email: sorourke@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Telephone: 650/213-0300
Facsimile: 650/213-8158

Attorneys for Plaintiff Oplink Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., | Case No. C 07-4582 (MJJ) |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF OPLINK COMMUNICATIONS, INC.'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND DISMISS THEIR COUNTERCLAIMS** |
| v. | |
| O-NET COMMUNICATIONS (SHENZHEN) LIMITED; MULTIWAVE DIGITAL SOLUTIONS, INC.; CHUNMENG WU, AN INDIVIDUAL, | |
| Defendants. | Date: November 27, 2007<br>Time: 9:30 a.m.<br>Location: Courtroom 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

On October 9, 2007, Oplink Communications, Inc. ("Oplink") filed a Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims. Oplink filed the motion because certain of Defendants' affirmative defenses do not comply with basic pleading standards and should be stricken. For each affirmative defense, Defendants provide nothing more than a single sentence consisting of a bare legal conclusion, essentially leaving Oplink to guess as to its basis. Through its motion, Oplink also seeks to dismiss Defendants' declaratory judgment counterclaims of non-infringement and invalidity to the extent they rely upon and incorporate those insufficient affirmative defenses.

## I.    INTRODUCTION

On November 6, 2007, Defendants filed an opposition to Oplink's motion. While defendants unnecessarily dedicate a great deal of their opposition to casting aspersions on Oplink[1] and its counsel[2] for pursuing the instant motion, their opposition acknowledges serious deficiencies in their pleading (*see* Opposition at 1:6-6; 1:22-23). This acknowledgement is highlighted by Defendants' proposed amended answer, which alters every affirmative defense with which Oplink has taken issue (albeit insufficiently).[3] *See* Opposition, Exs. A and B. The arguments Defendants make that actually address the merits of Oplink's motion are unpersuasive, and the superficial changes Defendants proffer in their proposed amended pleading do not obviate the deficiencies detailed by Oplink.

---

[1] Defendants' opposition asserts that the filing of a motion to strike, in general, is nothing more than a delay tactic. It is illogical to suggest that Oplink has any interest in delaying a case where it is the Plaintiff moving to enjoin the infringement of its patents. This accusation is ironic given that Defendants, who do have an interest in delay, filed there own motion to strike Oplink's Complaint.

[2] Defendants' *ad hominem* approach to its opposition is unfortunate, unproductive and irrelevant. Accordingly, rather than cloud the issues and dilute this reply with unproductive "he said she said" recitations, Oplink has instead attached hereto as Exhibit 1 the declaration of Sam O'Rourke, which contains an accurate account of Oplink's attempts to resolve the present motion (as well as Defendants' co-pending Motion to Strike) without the need for Court intervention.

[3] The only defense that Defendants' did not alter was their first affirmative defense for failure to state a claim. Contrary to Defendants' claims of "egregious" conduct, Oplink did not move to strike this defense. (Opposition at 7:15-16). Defendants' also accuse Oplink of acting in bad faith for moving to strike Defendants' counterclaims in their entirety. (Opposition at 8:20-26). However, Oplink only moved to strike the portions of Defendants' counterclaims that rely on its deficient affirmative defenses.

## II. ARGUMENT

To be procedurally sufficient under the notice pleading standard, an answer must provide plaintiffs with "fair notice of the defense" being asserted. *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). When, as here, an affirmative defense fails to give fair notice to the defendant, the Court can order it stricken. *See, e.g.*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004).

In their opposition brief, Defendants ignore the applicable notice pleading standard and attempt to support their deficient pleading by citing inapposite cases that have no bearing on the pleading standard for affirmative defenses.[4] These cases certainly do not sanction pleading of affirmative defenses as bare legal conclusions, which is insufficient as a matter of law. *See Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991); *Advanced Cardiovascular Systems, Inc. v. Medtronic* ("*ACS v. Medtronic*"), 41 U.S.P.Q. 2d 1770 (N.D. Cal. 1996); *Network Caching Technology, LLC v. Novell, Inc.* ("*NCT*"), No. C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001); *Qarbon.com Inc.*, 315 F. Supp. 2d 1046.

As explained in detail below, Defendants' affirmative defenses in both their original and proposed amended answers do not comply with basic pleading requirements and should be stricken.

### A. Defendants' Affirmative Defense of Unclean Hands Remains Deficient.

Defendants now acknowledge that their affirmative defense of unclean hands is insufficiently pleaded. As a purported remedy to the lack of specificity in the pleading of this defense, Defendants propose an amendment clarifying that their allegation of unclean hands is directed only to Plaintiffs' "non-patent" claims. Even with this qualification, Defendants' assertion of unclean hands still lacks the requisite specificity to give Oplink fair notice of the defense. Oplink

---

[4] *Ellison v. Autozone, Inc.*, Case No. 06-07522 MJJ, 2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) involves a defendant's motion to strike the plaintiff's state law claims of overtime and minimum wage violations, and *Rosales v. Citibank*, 133 F. Supp. 2d 1177 (N.D. Cal. 2001) involves a motion to strike, various allegations seeking restitution from the defendant. Neither of these cases involves a motion to strike affirmative defenses, let alone applies the pleading standard used to determine the sufficiency affirmative defense pleadings.

1  still cannot determine which causes of action the defense applies to – trade secret misappropriation,
2  breach of duty of loyalty, unfair competition, breach of contract and/or intentional interference with
3  contractual relations – and Defendants' pleading is bereft of supporting facts that would provide
4  such information.

5          The law is clear, an affirmative defense of unclean hands must be pleaded with
6  enough specificity or factual particularity to give plaintiff fair notice of the defense. *See*
7  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049-1050 (striking affirmative defense of unclean hands for
8  defendant's failure to allege factual basis); *NCT*, 2001 WL 36043487, at *4 (striking affirmative
9  defense for unclean hands for failing to provide any factual basis for the assertion of the defense).
10 "The key to determining the sufficiency of pleading an affirmative defense is whether it gives
11 plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.  Defendants' unclean hands defense
12 remains indistinguishable from those ordered stricken in *Qarbon.com* and *NCT*.

13         Defendants cite two district court cases purportedly supporting the propriety of a bare-
14 bones, conclusory unclean hands defense.  Neither of these cases supports that proposition.  *Ganley*
15 *v. County of San Mateo* addresses whether unclean hands is an appropriate defense in a 42 U.S.C. §
16 1983 action.  Case No. 06-3923 TEH, 2007 WL 902551 (N.D. Cal. March 22, 2007).  The court
17 found it a proper defense, but the sufficiency of defendant's pleading of unclean hands was not at
18 issue.  *Id*. at *5.  As such, Defendants' reliance on *Ganley* is curious.  If anything, *Ganley* supports
19 Oplink's position.  The *Ganley* court struck defendant's equitable estoppel affirmative defense,
20 finding "[d]efendant merely pleaded a bare-bones conclusion which is insufficient as a matter of
21 law."  *Id.* at *5.[5]  The *Ganley* court similarly found defendant's affirmative defense for laches
22 insufficient as a matter of law for failing to plead the requisite elements.  *Id*. at *8.

23         Defendants also attempt to rely on *Smith v. Wal-Mart Stores*, Case No. 06-2069 SBA,
24 2006 WL 2711468, (N.D. Cal. Sept. 20, 2006).  While the court found a conclusory affirmative
25 defense for unclean hands sufficient to provide plaintiffs with fair notice of the defense, this

---

27 [5] In making this decision, the *Ganley* court relied on *Qarbon.com Inc*., in which Judge Ware
"struck the affirmative defense of estoppel where the Defendants did 'not provide any factual basis
28 for its . . . affirmative defense [ ].'" *Id*. (citing *Qarbon.com Inc*., 315 F.Supp.2d at 1050).

-3-

conclusion was reached in the context of a simplistic case concerning unlawful conduct related to wage payments. All causes of action related to the alleged failures involving the payment of wages. There was no uncertainty as to what the defense applied to. In this case Oplink has alleged many distinct causes of action against multiple defendants stemming from multiple distinct acts. In fact, the *Wal-Mart* court struck other conclusory affirmative defenses which did not provide proper notice, including waiver and estoppel. *Id*. at *9.

As pleaded, Oplink cannot determine to which of Oplink's causes of action Defendants' unclean hands defense applies, and therefore asks that it be stricken.

**B.     Defendants' Affirmative Defense of Patent Invalidity Remains Deficient.**

Defendants offer two arguments as to why their invalidity affirmative defense has been properly pleaded. Neither is persuasive.

First, Defendants argue that because they are obligated to provide invalidity contentions under Patent Local Rule 3-3, "there is no real concern that Oplink will not have notice of O-Net's invalidity positions or suffer any prejudice." *See* Opposition at 6:12-13. This identical argument was raised and expressly rejected in *NCT* by Judge Walker, who stated:

> Defendant Inktomi argues that the special procedural rules for patent cases, along with the local patent rules of this district, suggest a specific timeline for factual allegations. For example, 35 USC § 282 requires that a party asserting an invalidity defense provide specific facts regarding its defense 30 days before trial. 35 USC § 282. Similarly, the local rules provide a timeline for the initial disclosure of asserted claims and infringement contentions. See Patent LR 3. <u>These discovery timelines do not abrogate a party's pleading responsibility under the Federal Rules</u>.

*NCT*, 2001 WL 36043487 at *4. Defendants' obligations at the pleading stage are not effected by future obligations to provide detailed invalidity contentions under the Patent Local Rules.

Second, Defendants argue that their invalidity affirmative defense has been properly pleaded because it resembles the language found acceptable in the cases Oplink cites in its opening brief. *See ACS v. Medtronic*, 41 U.S.P.Q.2d at 1773 n. 2 (approving the language of an invalidity affirmative defense used in *Advanced Cardiovascular Systems, Inc. v. SciMed Systems, Inc*., 40 U.S.P.Q.2d 1291(N.D. Cal. 1996)); *Grid Systems*, 771 F. Supp. at 1042; *NCT*, 2001 WL 36043487,

-4-

at *5-6. Defendants seem to have missed the point of these cases. These cases stand for the proposition that a conclusory listing of statutory grounds of invalidity does not satisfy the pleading requirements of the Federal Rules and require a defendant to "link each challenged patent with particular defects, and allege some factual basis for each alleged defect." *Grid Systems Corp.*, 771 F. Supp. at 1042; *see also ACS v. Medtronic*, 41 U.S.P.Q.2d at 1773. The language ultimately accepted by the *ACS v. SciMed* and *NCT* courts was much more narrowly tailored. In both cases, the invalidity language was found acceptable because it alleged in a narrow and specific subset of bases for invalidity directed at a particular patent being asserted.

Defendants' pleading does not resemble those accepted in *ACS v. SciMed* and *NCT* for two basic reasons: (1) Defendants assert substantially every invalidity theory available under the Patent Act, rather than a narrowly tailored subset of invalidity theories; and (2) Defendants connect each purported invalidity ground with the disjunctive "or," effectively leaving Oplink to guess whether they intend to rely on any or all of the array of invalidity grounds available under the Patent Act. Defendants' allegation may contain more words than a mere listing of invalidity statute section numbers, but it contains no additional substance. Adding parroted language from substantially every invalidity statute provides no more information than merely listing the section numbers. Most importantly, it does not indicate what grounds *Defendants intend to rely upon*. As it stands, Oplink would be equally well-informed had Defendants simply stated, "Oplink's patents are invalid," because it could simply refer to the Patent Act to obtain the same information provided in Defendants' pleading.

Defendants' proposed amended pleading does nothing to address the shortcomings of their original invalidity affirmative defense. Defendants simply split up the three asserted patents into separate paragraphs and cut and paste verbatim inadequate language into each.

**C. Defendants' Remaining Affirmative Defenses Are Deficient And Remain So, Even As Amended.**

With regard to Defendants' laches, waiver and equitable estoppel affirmative defenses, Defendants ignore the law cited by Oplink, holding it insufficient to simply plead the name of an affirmative defense. Rather than distinguish these cases, Defendants cite *Smith v. Wal-Mart*

-5-

for the opposite proposition, stating "*[i]n some cases*, however, merely pleading the name of an affirmative defense is sufficient to give fair notice." Opposition at 7:24-26 (emphasis added). Defendants' reliance on this case is surprising given that the *Walmart* court struck defendant's affirmative defenses of waiver and estoppel for being insufficiently pleaded and failing to provide fair notice to the plaintiff. *Walmart*, 2006 WL 2711468, at *9. These defenses were included in a mere listing of affirmative defenses without any supporting facts, similar to Defendants' fourth affirmative defense which alleges that "Oplink's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver . . . and/or equitable estoppel." Defendants' Answer, p. 9, ¶ 63.

While the *Walmart* court did find defendant's laches allegation sufficient, as explained above in the section on Defendants' invalidity defense, *Walmart* was a simple case where all causes of action were similar and based on the same underlying event. In such a case, it is understandable that a conclusory allegation of laches could be found sufficient to give plaintiff notice. However, the present case is more complex. A conclusory allegation of laches does not provide Oplink with the requisite notice, because it could be intended by Defendants to apply to any one of numerous causes of action against multiple defendants, many of which arise from different underlying facts and events. Indeed, as detailed in Oplink's opening brief, the courts in *ACS v. Medtronic* (41 U.S.P.Q.2d at 1774) and *NCT* (2001 WL 36043487 at *3, *5) struck affirmative defenses for laches, equitable estoppel and/or waiver that were indistinguishable from Defendants' pleadings. The facts and causes of action asserted in *ACS v. Medtronic* and *NCT* are much closer to those of the present case (e.g. patent/intellectual property related litigations) than the wage dispute context of the *Walmart* case. Defendants' proposed amended pleading makes no changes to these defenses.

Defendants' marking, failure to mitigate, and consent and/or acquiescence affirmative defenses are pleaded in a conclusory manner and therefore should be struck, just as similarly pleaded conclusory defenses were struck in the cases cited by Oplink in its opening brief. *See* Opening Brief at 7 (citing *Qarbon.com*, 315 F. Supp. 2d at 1049-50; *NCT*, 2001 WL 36043487 at *4-5). Again, Oplink has asserted multiple causes of action against multiple different defendants based on different

underlying facts. Oplink has been given no notice of which of these causes of action Defendants' purported defenses are intended to implicate.

### D. Defendants' Declaratory Relief Counterclaims Should Be Dismissed To The Extent They Rely On Their Insufficient Affirmative Defenses.

Oplink moved to dismiss Defendants' counterclaims <u>only to the extent they rely on deficient affirmative defenses</u>. *See* Oplink's Opening Brief at 7:19-21. Defendants' misunderstanding of this nuance led to arguments and accusations that need not be addressed.

## III. CONCLUSION

For the foregoing reasons, Oplink respectfully submits that its motion be granted.

Dated:  November 13, 2007               WHITE & CASE LLP

                                        By:    /s/ Sam O'Rourke

                                               Attorneys for Defendant
                                               Oplink Communications, Inc.