1  HEIDI L. KEEFE (SBN: 178960)
   Email: hkeefe@whitecase.com
2  MARK R. WEINSTEIN (SBN: 193043)
   Email: mweinstein@whitecase.com
3  SAM O'ROURKE (SBN: 205233)
4  Email: sorourke@whitecase.com
   **WHITE & CASE LLP**
5  3000 El Camino Real
   5 Palo Alto Square, 9th Floor
6  Palo Alto, California 94306
7  Telephone:  650/213-0300
   Facsimile:   650/213-8158
8
9  Attorneys for Plaintiff Oplink Communications, Inc.

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

14  OPLINK COMMUNICATIONS, INC.,        Case No. C 07-4582 (MJJ)

15            Plaintiff,                **DECLARATION OF SAM O'ROURKE
                                        IN SUPPORT OF OPLINK'S REPLY
16       v.                             MEMORANDUM IN SUPPORT OF
                                        OPLINK'S MOTION TO STRIKE
17  O-NET COMMUNICATIONS                DEFENDANTS' AFFIRMATIVE
    (SHENZHEN) LIMITED; MULTIWAVE       DEFENSES AND DISMISS THEIR
18  DIGITAL SOLUTIONS, INC.;            COUNTERCLAIMS**
19  CHUNMENG WU, AN INDIVIDUAL,
                                        Date:      November 27, 2007
20            Defendants.                Time:      9:30 a.m.
                                        Location:  Courtroom 11, 19th Floor
21                                      Judge:     Hon. Martin J. Jenkins

22

23

24

25

26

27

28

I, Sam O'Rourke, declare as follows:

1. I am an attorney with White & Case LLP, counsel of record for plaintiff Oplink Communications, Inc. ("Oplink"). I am admitted to practice law before this Court. I make this declaration in support of Oplink's Reply Memorandum in Support of Oplink Communications, Inc.'s Motion to Strike Defendants' Affirmative Defenses and Dismiss Their Counterclaims ("Motion to Strike"). The matters set forth in this declaration are based on my personal knowledge, and if called as a witness I could and would testify competently thereto.

2. Oplink filed its Motion to Strike on October 9, 2007. During the pendency of Oplink's motion, I had numerous telephone conversations with counsel for Defendants in an effort to resolve both parties' co-pending motions to dismiss without the need for court intervention.

3. Initially, as a courtesy I contacted Heather Mewes, a partner with Fenwick & West LLP and counsel of record in this matter for Defendants, to advise her that, pursuant to the Court's September 21, 2007 "Related Case Order," all pending hearing dates for motions had been vacated. Through various conversations, we were able to agree to stipulate to have both Oplink's Motion to Strike and Defendants' Motion to Dismiss and Motion to Strike, or Alternatively, for a More Definite Statement ("Motion to Dismiss") both heard on November 27.

4. During my initial conversations with Ms. Mewes, I suggested that the parties attempt to resolve their co-pending motions without the need for court intervention. I suggested that it might be more efficient to deal with the parties' complaints about the sufficiency of pleadings through the discovery process rather than through motion practice. That offer was rejected.

5. In a subsequent conversation with Ms. Mewes, I suggested that both parties compromise on the relief requested in their respective motions and deal with any outstanding issues through discovery. I had a number of conversations with Ms. Mewes in an attempt to reach such a compromise, but defendants were unwilling to accept any arrangement that did not require Oplink to either abandon its claim for willful infringement or to amend its complaint to plead specific facts that Defendants had knowledge of the patents in suit and had the requisite state of mind necessary to prove a claim of willfulness – a position that was not a compromise from the relief sought in Defendants' motion. Despite numerous conversations with Ms. Mewes, the parties were unable to

reach a resolution, and it was my understanding that the parties agreed to go ahead with their respective motions.

6. On October 30, 2007, I received a voice message from Carolyn Chang, an associate with Fenwick & West LLP and counsel of record in this matter for Defendants. Ms. Chang was not involved in any of my previous discussions with Ms. Mewes.

7. When I returned Ms. Chang's call, she asked if Oplink would be willing to stipulate to allow Defendants to file and amended answer that she claimed would address issues raised in Oplink's Motion to Strike. I asked Ms. Chang to send me the proposed pleading so I could review it to determine if it adequately addressed Oplink's concerns. I also asked Ms. Chang if Defendants had a compromise position on what additional information Oplink could provide in an amended pleading to resolve Defendants' Motion to Dismiss without further motion practice. Ms. Chang said she would get back to me.

8. Ms. Chang called me a short time later and told me that Defendants' position was that Oplink must either drop its claim for willful infringement and inducement, or provide the level of specificity sought in Defendants' pending Motion to Dismiss. Again, no compromise was offered.

9. After reviewing Defendants' proposed amended answer, it was apparent to me that Defendants had made only minor changes to their affirmative defenses that did not adequately address the most important of the concerns raised in Oplink's Motion to Strike. I informed Ms. Chang that I did not think the proposed amendment was adequate. I also told her that I did not believe it would be productive to stipulate to allow Defendants to file an amended pleading because the amendment would not resolve the parties' dispute. Moreover, if an amended pleading were filed, it could upset the existing schedule because the pending motion would no longer refer to the currently operative pleading. I told Ms. Chang that these concerns, coupled with Defendants' unwillingness to offer a compromise on their pending motion, indicated that a resolution could not be reached and it appeared the parties would have to proceed with their motions.

1  10. I have reviewed Defendants' opposition brief to Oplink's Motion to Strike. I am disappointed with the manner in which Defendants' opposition mischaracterizes the discussions between the parties by insinuating that Oplink did not negotiate in good faith. At no time during my discussions with Ms. Mewes or Ms. Chang did either of them suggest that I was not negotiating in good faith. To the contrary, the parties had what I believed to be productive, good faith discussions that simply did not result in a resolution.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 13, 2007, at Palo Alto, California.

_____
/s/  Sam O'Rourke