

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPLINK COMMUNICATIONS, INC.,

Plaintiff,

v.

O-NET COMMUNICATIONS (SHENZHEN) LIMITED, MULTIWAVE DIGITAL SOLUTIONS, INC., CHUNMENG WU, an individual,

Defendants.

Case No. CV 07-4582 MJJ

**STIPULATION AND [PROPOSED] ORDER RE FILING OF AMENDED PLEADINGS AND WITHDRAWAL OF MOTIONS ON CALENDAR FOR NOVEMBER 27, 2007**

1   **WHEREAS**, on August 24, 2007, plaintiff Oplink Communications, Inc. ("Oplink") filed

2   a First Amended Complaint in this action against defendants O-Net Communications (Shenzhen)

3   Limited ("O-Net Shenzhen"), Multiwave Digital Solutions, Inc. ("Multiwave"), and Chunmeng

4   Wu (collectively "O-Net");

5   **WHEREAS**, on September 17, 2007, O-Net filed its Answer and Counterclaims.  O-Net

6   Shenzhen and Multiwave concurrently filed a Motion to Dismiss and Motion to Strike [Docket

7   No. 11] ("Motion to Dismiss");

8   **WHEREAS**, on October 9, 2007, Oplink filed a Motion to Strike Defendants'

9   Affirmative Defenses and Dismiss Their Counterclaims [Docket No. 19] ("Motion to Strike");

10   **WHEREAS**, all briefing has been completed and both motions are currently on calendar

11   for hearing before the Court on November 27, 2007;

12   **WHEREAS**, the parties have met and conferred and have consented to each party filing

13   amended pleadings to resolve the parties' respective motions;

14   **NOW THEREFORE**, the parties to the above-entitled action, by and through their

15   attorneys of record, hereby stipulate as follows:

16   1.   Defendants consent, pursuant to Federal Rule of Civil Procedure 15(a), to Plaintiff

17   filing its Second Amended Complaint in the form attached as Exhibit A;

18   2.   O-Net Shenzhen's and Multiwave's Motion to Dismiss [Docket No. 11] be taken

19   off calendar;

20   3.   Plaintiff consents, pursuant to Federal Rule of Civil Procedure 15(a), to

21   Defendants filing their First Amended Answer and Counterclaims in the form attached as Exhibit

22   B; and

23   4.   Oplink's Motion to Strike [Docket No. 19] be taken off calendar.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    / / /

     Dated:  November 19, 2007                    WHITE & CASE LLP

2

3                                                 By: _____ /s/ Sam O'Rourke _____

4                                                    Sam O'Rourke
                                                     Attorneys for Plaintiff

5    Dated:  November 19, 2007                    FENWICK & WEST LLP

6

7                                                 By: _____ /s/ Carolyn Chang _____
                                                     Carolyn Chang

8                                                    Attorneys for Defendants

9    **PURSUANT TO STIPULATION, IT IS HEREBY ORDERED**.

10

11

12   Dated:  November ___, 2007          _____

13                                       Honorable Martin J. Jenkins
                                         United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HEIDI L. KEEFE (SBN: 178960)
Email: hkeefe@whitecase.com
MARK WEINSTEIN (SBN: 193043)
Email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
Email: sorourke@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto,  CA 94306
Telephone:     650/213-0300
Facsimile:     650/213-8158

Attorneys for Plaintiff Oplink Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., <br><br>     Plaintiff, <br><br>     v. <br><br> O-NET COMMUNICATIONS (SHENZHEN) LIMITED; MULTIWAVE DIGITAL SOLUTIONS, INC.; CHUNMENG WU, an individual, <br><br>     Defendants. | Case No.  07-4582 MJJ <br><br> **SECOND AMENDED COMPLAINT OF PLAINTIFF OPLINK COMMUNICATIONS, INC. FOR PATENT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, BREACH OF THE DUTY OF LOYALTY, UNFAIR COMPETITION, BREACH OF CONTRACT AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Oplink Communications, Inc. submits the following First Amended

Complaint against defendants O-Net Communications (Shenzhen) Limited, Multiwave Digital

Solutions, Inc. and Chunmeng Wu and alleges as follows:

### PARTIES

1.     Plaintiff Oplink Communications, Inc. ("Oplink") is a Delaware corporation

with its principal place of business at 46335 Landing Parkway, Fremont, CA 94538.  Oplink is a

1  leading provider of fiber optic products and services that serve as critical building blocks for the

2  telecommunications industry.

3          2.      On information and belief, defendant O-Net Communications (Shenzhen)

4  Limited ("O-Net") is a Chinese company with its principal place of business at #10-1 South,

5  Maqueling Industrial Park, Nanshan District in Shenzhen, China.  On information and belief, O-Net

6  manufactures and sells a variety of passive and active fiber optic products including optical isolators,

7  switches and circulators.

8          3.      On information and belief, defendant Multiwave Digital Solutions, Inc.

9  ("Multiwave") is a Texas corporation with a place of business in Fremont, California.  On

10  information and belief, Multiwave is the exclusive sales representative for O-Net products sold in

11  the United States.

12          4.      Chunmeng Wu ("Wu") is an individual who, on information and belief,

13  resides in within the Northern District of California.  Wu is a former employee of Oplink who left

14  the company in September 2006 to join Multiwave.

15                          **JURISDICTION AND VENUE**

16          5.      This suit is a civil action arising under the patent laws of the United States, 35

17  U.S.C. §§ 1 *et seq.* and the statutory and common law of the State of California.

18          6.      This Court has jurisdiction over the subject matter of this action pursuant to

19  28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction over the state law claims under 28

20  U.S.C. § 1367(a).

21          7.      Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400, as Oplink

22  is informed and believes that a substantial part of the events giving rise to the claims alleged

23  occurred in this Judicial District and because the defendants are subject to personal jurisdiction in

24  California.  Each defendant maintains continuous commercial contacts with California and regularly

25  conducts business in this Judicial District, including through the sale and/or offer for sale of

26  infringing products.

27  / / /

28

**OPLINK'S PATENTS IN SUIT**

8.      U.S. Patent No. 5,661,829 ("'829 patent"), entitled "Optical Isolator," was duly issued by the Patent and Trademark Office on August 26, 1997.

9.      U.S. Patent No. 6,215,919 ("'919 patent"), entitled "Mechanical Optical Switching Device," was duly issued by the Patent and Trademark Office on April 10, 2001.

10.      U.S. Patent No. 6,895,129 ("'129 patent"), entitled "Optical Circulator," was duly issued by the Patent and Trademark Office on May 17, 2005.

11.      All right, title and interest in the '829, '919 and '129 patents ("patents-in-suit") has been assigned to Oplink.

**FIRST CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,661,829**
**(Against O-Net and Multiwave)**

12.      Oplink incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

13.      O-Net and Multiwave have and continue to directly infringe the '829 patent by importing, making, using, selling, and/or offering for sale products that utilize methods and apparatuses that infringe the '829 patent.

14.      On information and belief, O-Net and Multiwave have and continue to indirectly infringe the '829 patent through their contribution to, and/or intentional inducement of, infringement of the '829 patent by third parties with full knowledge of the '829 patent.

15.      On information and belief, O-Net and Multiwave had pre-suit knowledge of the '829 patent and the infringement of the '829 patent by O-Net and Multiwave has been, and continues to be, with full knowledge and reckless disregard of the '829 patent, making the infringement willful.

16.      By reason of the acts of infringement by O-Net and Multiwave, Oplink has suffered, is suffering and will continue to suffer damages in an amount to be proven at trial. Past and continuing infringement by O-Net and Multiwave has irreparably injured Oplink and will continue to irreparably injure Oplink absent injunctive relief.

-2-

## SECOND CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 6,215,919
### (Against O-Net and Multiwave)

17. Oplink incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

18. O-Net and Multiwave have and continue to directly infringe the '919 patent by importing, making, using, selling, and/or offering for sale products that utilize methods and apparatuses that infringe the '919 patent.

19. On information and belief, O-Net and Multiwave have and continue to indirectly infringe the '919 patent through their contribution to, and/or intentional inducement of, infringement of the '919 patent by third parties with full knowledge of the '919 patent.

20. On information and belief, O-Net and Multiwave had pre-suit knowledge of the '919 patent and the infringement of the '919 patent by O-Net and Multiwave has been, and continues to be, with full knowledge and reckless disregard of the '919 patent, making the infringement willful.

21. By reason of the acts of infringement by O-Net and Multiwave, Oplink has suffered, is suffering and will continue to suffer damages in an amount to be proven at trial. Past and continuing infringement by O-Net and Multiwave has irreparably injured Oplink and will continue to irreparably injure Oplink absent injunctive relief.

## THIRD CLAIM FOR RELIEF

### Infringement of  U.S. Patent No. 6,895,129
### (Against O-Net and Multiwave)

22. Oplink incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

23. O-Net and Multiwave have and continue to directly infringe the '129 patent by importing, making, using, selling, and/or offering for sale products that utilize methods and apparatuses that infringe the '129 patent.

1    24.    On information and belief, O-Net and Multiwave have and continue to

2    indirectly infringe the '129 patent through their contribution to, and/or intentional inducement of,

3    infringement of the '129 patent by third parties with full knowledge of the '129 patent.

4    25.    On information and belief, O-Net and Multiwave had pre-suit knowledge of

5    the '129 patent and the infringement of the '129 patent by O-Net and Multiwave has been, and

6    continues to be, with full knowledge and reckless disregard of the '129 patent, making the

7    infringement willful.

8    26.    By reason of the acts of infringement by O-Net and Multiwave, Oplink has

9    suffered, is suffering and will continue to suffer damages in an amount to be proven at trial.  Past

10    and continuing infringement by O-Net and Multiwave has irreparably injured Oplink and will

11    continue to irreparably injure Oplink absent injunctive relief.

12    **FOURTH CLAIM FOR RELIEF**

13    **Trade Secret Misappropriation Under the Uniform Trade Secrets Act**
**(Against Multiwave and Wu)**

14

15    27.    Oplink incorporates by reference all preceding paragraphs of this Complaint

16    as if fully set forth herein.

17    28.    Oplink competes in a highly competitive market for optical components and

18    subsystems, many of which are custom built for specific customers.  To succeed, Oplink must be

19    able to provide a wide range of customized optical solutions to meet the specific needs of particular

20    customers.  Over the past several years and at considerable expense, Oplink developed valuable

21    confidential information critical for succeeding in this market.  This confidential information

22    includes, by way of example, technical information regarding Oplink's optical components and

23    subsystems, specifications and proposals for particular products and customers, and pricing and

24    quantity information for particular Oplink products and customers.  If a competitor became aware of

25    Oplink's confidential information, it could improperly use this valuable knowledge and information

26    in its own product development, marketing and sales strategies to target Oplink's customers and

27    divert business away from Oplink.

28

29.     Oplink's confidential information meets the statutory definition of a "trade secret" under Civil Code section 3245.1(a).  Oplink's confidential information derives independent economic value from not being generally known to the public or to others who can obtain economic value from its disclosure or use, and provides a substantial competitive advantage to Oplink.  Oplink has made and continues to make efforts that are reasonable under the circumstances to maintain the secrecy of its trade secrets.  These measures include, by way of example only, restricting access to Oplink confidential information, requiring employees to sign stringent confidentiality agreements, and placing confidentiality legends and reminders on documents that incorporate Oplink confidential information.

30.     Defendant Wu is a former employee of Oplink who began his employment with the company on August 29, 2003.  Upon commencement of his employment, Wu entered into a valid and binding "Employee Confidential Information and Inventions Agreement" in which he agreed, among other obligations, to hold Oplink's confidential and proprietary information in confidence and to not remove any such confidential information from Oplink's premises.  Upon termination of his employment with Oplink on September 8, 2006, Wu entered into a valid and binding "Separation Agreement" with Oplink in which Wu reaffirmed his continuing obligations to protect Oplink's confidential and proprietary information.

31.     During his three years with Oplink, Wu had access to extensive trade secret and confidential information about Oplink's products and customers.  On information and belief, Wu misappropriated Oplink's trade secrets by acquiring them knowing, or having reason to know, that they were acquired by improper means and in violation of his obligations to Oplink and, on information and belief, by using and/or disclosing Oplink's trade secrets in an unauthorized manner in violation of California Civil Code §§ 3426.1(b), 3426.2, 3426.3.

32.     Subsequent to the termination of his employment with Oplink in September 2006, Wu commenced employment with Multiwave and, on information and belief, is currently employed by Multiwave.  On information and belief, Multiwave is the exclusive sales representative for O-Net in the United States.

-5-

33.     On information and belief, Multiwave misappropriated Oplink's trade secrets by acquiring them from Wu knowing, or having reason to know, that the trade secrets were acquired by improper means and in violation of Wu's binding confidentiality obligations to Oplink. On information and belief, Multiwave has misappropriated Oplink's trade secrets by using and/or disclosing them in an unauthorized manner in violation of California Civil Code §§ 3426.1(b), 3426.2, 3426.3.

34.     As a result of the misappropriation by Wu and Multiwave, Oplink has been injured and is entitled to damages, unjust enrichment and/or a reasonable royalty in an amount to be proven at trial. The misappropriation of Oplink's trade secrets by Wu and Multiwave was and is willful and malicious, entitling Oplink to an award of exemplary damages and reasonable attorney's fees pursuant to California Civil Code §§ 3426.3(c), 3426.4.

35.     The misappropriation of Oplink's trade secrets by Wu and Multiwave, unless and until enjoined and restrained by this Court, will irreparably injure Oplink's business. On information and belief, the misuse of Oplink's trade secrets by Wu and Multiwave is continuing and poses the threat of further unauthorized use or disclosure. Oplink has no adequate remedy at law. Oplink is therefore entitled to injunctive relief prohibiting Wu and Multiwave from any continued use and/or disclosure of Oplink's trade secrets and confidential information, and compelling Wu and Multiwave to return to Oplink all materials that constitute, disclose, incorporate or were derived from Oplink's trade secrets.

## FIFTH CLAIM FOR RELIEF

### BREACH OF DUTY OF LOYALTY
#### (Against Wu)

36.     Oplink incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

37.     Defendant Wu served as Senior Director of Business Development and Customer Support for Oplink and reported directly to the CEO. By virtue of his employment and position, Wu owed Oplink an undivided duty of care and loyalty which required, among other

1   things, that Wu refrain from using his position of trust and confidence to further private interests,

2   and to refrain from any action inimical to the best interests of Oplink.

3       38.     On Wu's recommendation, on January 12, 2004, Oplink entered into an

4   Exclusive Representative Agreement with Multiwave in which Multiwave agreed to serve as a sales

5   representative for Oplink products.  Multiwave had been introduced to Oplink by Wu, who on

6   information and belief had worked with Multiwave at his previous employer.

7       39.     On or about May 2006, Multiwave's President approached Oplink claiming

8   that he needed to relocate to Texas for family reasons, and thus would not be able to fully serve

9   Oplink.  Multiwave's President further suggested that Oplink terminate its relationship with

10  Multiwave.  By letter dated May 22, 2006, Oplink informed Multiwave that the relationship would

11  be terminated effective July 1, 2006.  Thereafter, Multiwave began to act as a sales representative for

12  O-Net.

13      40.     On information and belief, shortly thereafter, Wu agreed with Multiwave to

14  leave Oplink and join Multiwave as an O-Net sales representative.  On information and belief, for

15  the next several months, while still an Oplink employee, Wu began to act on behalf of Multiwave.

16  On information and belief, Wu used his position at Oplink to access and absorb confidential

17  information.  At no time did Wu ever disclose to Oplink that he had agreed to take a job with

18  Multiwave or that he would be representing O-Net.

19      41.     On information and belief, after giving notice that he was leaving Oplink, but

20  while still an Oplink employee, Wu copied and removed confidential Oplink information and data in

21  violation of his duties to Oplink.

22      42.     On information and belief, after the termination of Wu's employment on

23  September 8, 2006, Wu took Oplink's confidential information to Multiwave and assumed the

24  position of sales representative for O-Net.  On information and belief, Wu began and continues to

25  assist Multiwave and O-Net in competing against Oplink using Oplink confidential information.

26      43.     Wu breached his duty of loyalty to Oplink as a result of the conduct alleged

27  above.  As a direct and proximate result of the acts committed by Wu, Oplink has suffered damages

28  in an amount to be proven at trial.  In committing the acts alleged in this complaint, Wu has acted

1  with oppression, fraud, and/or malice as defined in California Civil Code section 3294, and therefore

2  Oplink is entitled to punitive damages in addition to actual damages.

### SIXTH CLAIM FOR RELIEF

#### Unfair Competition
#### (Against Multiwave)

6      44.    Oplink incorporates by reference all preceding paragraphs of this Complaint

7  as if fully set forth herein, excluding those paragraphs that pertain specifically to the fourth cause of

8  action for trade secret misappropriation.

9      45.    Multiwave participated in and benefited from Wu's breach of his duty of

10  loyalty to Oplink, as alleged above, and is therefore liable for unfair competition under the common

11  law of California and California Business and Professions Code § 17200, *et seq.*

12      46.    As a direct and proximate result of the foregoing acts of unfair competition,

13  Oplink has suffered damages in an amount to be proven at trial.  In committing the foregoing acts,

14  Multiwave has acted with oppression, fraud, and/or malice as defined in California Civil Code

15  section 3294, and therefore Oplink is entitled to punitive damages in addition to actual damages.

### SEVENTH CLAIM FOR RELIEF

#### Breach of Contract
#### (Against Wu)

19      47.    Oplink incorporates by reference all preceding paragraphs of this Complaint

20  as if fully set forth herein.

21      48.    On August 29, 2003, Oplink entered into a valid and binding written contract

22  with Defendant Chunmeng Wu entitled "Employee Confidential Information and Inventions

23  Agreement."

24      49.    On September 8, 2006 Oplink entered into a valid and binding written

25  contract with Wu entitled "Separation Agreement."

26      50.    Oplink has performed all of its obligations under the "Employee Confidential

27  information and Inventions Agreement" and the "Separation Agreement."

28

51.     On information and belief, Wu materially breached the "Employee Confidential Information and Inventions Agreement" and the "Separation Agreement" by, among other things, failing to comply with his obligations of confidentiality and by misappropriating Oplink confidential, proprietary and/or trade secret information and by using and disclosing that information in his employment with Multiwave and for the benefit of Defendant O-Net.

52.     As a direct and proximate result of Wu's breach, Oplink has suffered damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations
### (Against Multiwave)

53.     Oplink incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

54.     On August 29, 2003, Oplink entered into a valid and binding written contract with Chunmeng Wu entitled "Employee Confidential Information and Inventions Agreement."

55.     On September 8, 2006 Oplink entered into a valid and binding written contract with Wu entitled "Separation Agreement."

56.     On information and belief, Defendant Multiwave was aware of the agreements entered into between Oplink and Wu.

57.     On information and belief, Multiwave intended to disrupt the performance of these agreements and did, in fact, prevent the performance of Wu's obligations under these agreement by inducing Wu to breach his obligations of confidentiality, to misappropriate Oplink confidential, proprietary and/or trade secret information, and to use and disclose that information in his employment with Multiwave for the benefit of Defendant O-Net.

58.     As a direct and proximate result of Multiwave's conduct, Oplink has suffered damages in an amount to be proven at trial.  In committing the foregoing acts, Multiwave has acted with oppression, fraud, and/or malice as defined in California Civil Code section 3294, and therefore Oplink is entitled to punitive damages in addition to actual damages.

**PRAYER FOR RELIEF**

WHEREFORE, Oplink prays for a judgment in its favor:

(i)     Preliminarily and permanently enjoining and restraining O-Net and Multiwave, their directors, officers, employees, agents and all persons in active concert or participation with them from importing, making, using, selling, and/or offering for sale infringing apparatuses, methods and/or services covered by Oplink's patents-in-suit;

(ii)     Preliminarily and permanently enjoining and restraining Wu and Multiwave, their directors, officers, employees, agents and all persons in active concert or participation with them from any actual or threatened misappropriation of Oplink's trade secrets or confidential information;

(iii)     Compelling Wu and Multiwave to return all materials that constitute, incorporate or disclose Oplink's trade secrets or confidential information, or were derived from Oplink's trade secret or confidential information;

(iv)     Awarding to Oplink compensatory damages, unjust enrichment and/or a reasonable royalty as provided by law;

(v)     Awarding to Oplink enhanced damages resulting from the knowing, deliberate and willful infringement by O-Net and Multiwave, pursuant to 35 U.S.C. § 284;

(vi)     Awarding to Oplink exemplary damages for the willful and malicious misappropriation of Oplink's trade secrets by Wu and Multiwave, pursuant to Cal. Civil Code § 3426.3(c);

(vii)     Awarding Oplink punitive damages under Cal. Civil Code § 3294;

(viii)     Finding that this is an exceptional case and awarding Oplink its attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

(ix)     Awarding to Oplink its reasonable attorneys' fees;

(x)     Awarding Oplink prejudgment interest as provided by law; and

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT OF PLAINTIFF OPLINK
COMMUNICATIONS, INC.Case #. 07-4582 MJJ

1        (xi)     Such other and further relief as the Court deems just and proper.

Date: November 19, 2007          **WHITE & CASE LLP**

By:   __/s/ Heidi L. Keefe_____
       Heidi L. Keefe
       Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Oplink Communications, Inc., demands a trial by jury on all issues so triable.

This the 19th day of November, 2007.

**WHITE & CASE LLP**

By: __/s/    Heidi L. Keefe_____
Heidi L. Keefe
Attorneys for Plaintiff

SECOND AMENDED COMPLAINT OF PLAINTIFF OPLINK
COMMUNICATIONS, INC.Case #. 07-4582 MJJ

DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
HEATHER MEWES (CSB NO. 203690)
hmewes@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
MARY WANG (CSB NO. 234636)
mwang@fenwick.com
JULIE NOKLEBERG (CSB NO. 247837)
jnokleberg@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile:  (650) 938-5200

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

1
2
3
4
5
6
7
8
9
10
11
12
13
14

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oplink Communications, Inc.,<br><br>                    Plaintiff,<br><br>v.<br><br>O-Net Communications (Shenzhen) Limited,<br>Multiwave Digital Solutions, Inc.,<br>Chunmeng Wu, an individual,<br><br>                    Defendants. | **Case No.  CV 07-4582 MJJ**<br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Date of Filing:  September 17, 2006**<br>**Trial Date:     None set** |

### FIRST AMENDED ANSWER

Defendants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen"), Multiwave

Digital Solutions, Inc. ("Multiwave") and Mr. Chunmeng Wu ("Wu") (collectively "Defendants")

answer the Second Amended Complaint ("Complaint") of plaintiff Oplink Communications, Inc.

("Oplink"), following its numbered paragraphs, as follows:

**Parties**

1.      Regarding paragraph 1 of the Complaint, Defendants are informed and believe that Oplink is a Delaware corporation with its principal place of business at 46335 Landing Parkway, Fremont, California 94538.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 of the Complaint and therefore deny them.

2.      Regarding paragraph 2 of the Complaint, Defendants admit that O-Net Shenzhen is a Chinese company with its principal place of business at #10-1 South, Maqueling Industrial Park, Nanshan District of Shenzhen, China.  O-Net Shenzhen avers that is a leading Original Equipment Manufacturer ("OEM") and Original Design Manufacturer ("ODM"), which supplies a variety of products to the global optical networking industry**.**  Except as expressly admitted or averred, the remaining allegations of paragraph 2 are denied.

3.      Regarding paragraph 3 of the Complaint, Defendants admit that Multiwave is a Texas corporation with a place of business in Fremont, California.  Defendants further admit that Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the United States.  Except as expressly admitted or averred, the remaining allegations of paragraph 3 are denied.

4.      Regarding paragraph 4 of the Complaint, Defendants admit that Wu is an individual who resides within the Northern District of California.  Defendants aver that Wu was employed by Oplink until September 2006, and that he is a current employee of Multiwave.  Except as expressly admitted or averred, Defendants deny the allegations in paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5.      Regarding paragraph 5 of the Complaint, Defendants admit that the Complaint purportedly alleges claims arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the statutory and common law of the State of California.

6.      Regarding paragraph 6 of the Complaint, Defendants admit that the Northern

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

2   1331 and 1338(a), and has supplemental jurisdiction over the state law claims under 28 U.S.C.

3   § 1367(a).

4

5         7.     Regarding paragraph 7 of the Complaint, Defendants admit that under 28 U.S.C.

6   §§ 1391 and 1400, venue is proper in the Northern District of California, where Wu resides and

7   Multiwave has a place of business.  Except as expressly admitted or averred, Defendants deny the

8   allegations in paragraph 7 of the Complaint

9   **Oplink's Patents In Suit**

10        8.     Regarding paragraph 8 of the Complaint, Defendants admit that U.S. Patent No.

11  5,661,829 ("'829 Patent"), entitled "Optical Isolator," was issued by the Patent and Trademark

12  Office on August 26, 1997.  Except as expressly admitted, Defendants deny the allegations of

13  paragraph 8 of the Complaint.

14        9.     Regarding paragraph 9 of the Complaint, Defendants admit that U.S. Patent No.

15  6,215,919 ("'919 Patent"), entitled "Mechanical Optical Switching Device," was issued by the

16  Patent and Trademark Office on April 10, 2001.  Except as expressly admitted, Defendants deny

17  the allegations of paragraph 9 of the Complaint.

18       10.    Regarding paragraph 10 of the Complaint, Defendants admit that U.S. Patent No.

19  6,895,129 ("'129 Patent"), entitled "Optical Circulator," was issued by the Patent and Trademark

20  Office on May 17, 2005.  Except as expressly admitted, Defendants deny the allegations of

21  paragraph 10 of the Complaint.

22       11.    Defendants lack knowledge or information sufficient to form a belief as to the

23  truth or falsity of the allegations in paragraph 11 of the Complaint and therefore deny them.

24  **First Claim for Relief**

25  **Infringement of U.S. Patent No. 5,661,829**

26  **(Against O-Net Shenzhen and Multiwave)**

27       12.    O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to

28  paragraphs 1-11 of this Answer as though fully set forth herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 13 of the Complaint.

14.    To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 14 of the Complaint.

15.    Regarding paragraph 15 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District of California on June 7, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect to the '829 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 15 of the Complaint.

16.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 16 of the Complaint.

### Second Claim for Relief

### Infringement of U.S. Patent No. 6,215,919

### (Against O-Net Shenzhen and Multiwave)

17.    O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to paragraphs 1-16 of this Answer as though fully set forth herein.

18.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 18 of the Complaint.

19.    To the extent that they can be understood, O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 19 of the Complaint.

20.    Regarding paragraph 20 of the Complaint, O-Net Shenzhen and Multiwave aver that prior to the receipt of the Original Complaint of plaintiff Oplink filed in the Central District of California on June 7, 2007, they had no notice of Oplink's allegations or charges of infringement, that they have not engaged in any conduct that is objectively reckless with respect to the '919 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

1    the allegations contained in paragraph 20 of the Complaint.

2        21.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 21 of

3    the Complaint.

4                          **Third Claim for Relief**

5                    **Infringement of U.S. Patent No. 6,895,129**

6                    **(Against O-Net Shenzhen and Multiwave)**

7        22.    O-Net Shenzhen and Multiwave hereby incorporate by reference their responses to

8    paragraphs 1-21 of this Answer as though fully set forth herein.

9        23.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 23 of

10    the Complaint.

11        24.    To the extent that they can be understood, O-Net Shenzhen and Multiwave deny

12    the allegations contained in paragraph 24 of the Complaint.

13        25.    Regarding paragraph 25 of the Complaint, O-Net Shenzhen and Multiwave aver

14    that prior to the receipt of the Complaint of plaintiff Oplink filed in the Central District of

15    California on August 25, 2007, they had no notice of Oplink's allegations or charges of

16    infringement, that they have not engaged in any conduct that is objectively reckless with respect

17    to the '129 Patent, and that Oplink lacks any basis to allege willful infringement on the part of O-

18    Net Shenzhen or Multiwave.  Except as expressly averred, O-Net Shenzhen and Multiwave deny

19    the allegations contained in paragraph 25 of the Complaint.

20        26.    O-Net Shenzhen and Multiwave deny the allegations contained in paragraph 26 of

21    the Complaint.

22                          **Fourth Claim for Relief**

23            **Trade Secret Misappropriation Under the Uniform Trade Secrets Act**

24                    **(Against Multiwave and Wu)**

25        27.    Multiwave and Wu hereby incorporate by reference their responses to paragraphs

26    1-26 of this Answer as though fully set forth herein.

27        28.    Multiwave and Wu lack knowledge or information sufficient to form a belief as to

28    the truth or falsity of the allegations in paragraph 28 and therefore deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    29.    Multiwave and Wu lack knowledge or information sufficient to form a belief as to

2    the truth or falsity of the allegations in paragraph 29 and therefore deny them.

3

4    30.    Regarding paragraph 30 of the Complaint, Wu admits that he is a former Oplink

5    employee, that he began his employment with Oplink on or about August 29, 2003, and that he

6    left that employ on or about September 8, 2006.  Defendant Wu admits that he signed a document

7    entitled, "Employee Confidential Information and Inventions Agreement," and a document

8    entitled, "Separation Agreement."  Except as expressly admitted, Defendant Wu denies the

9    allegations of paragraph 30.  Except as expressly admitted, Multiwave lacks knowledge or

10   information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30

11   and therefore denies them.

12   31.    Multiwave and Wu deny the allegations contained in paragraph 31 of the

13   Complaint.

14   32.    Regarding paragraph 32 of the Complaint, Multiwave and Wu admit that Wu

15   became an employee of Multiwave subsequent to his employment by Oplink and that Wu is

16   currently a Multiwave employee.  Multiwave and Wu further admit that Multiwave is an

17   exclusive sales representative for O-Net Shenzhen products sold in the United States.  Except as

18   expressly admitted, Multiwave and Wu deny the allegations of paragraph 32.

19   33.    Multiwave and Wu deny the allegations contained in paragraph 33 of the

20   Complaint.

21   34.    Multiwave and Wu deny the allegations contained in paragraph 34 of the

22   Complaint.

23   35.    Multiwave and Wu deny the allegations contained in paragraph 35 of the

24   Complaint.

25                                **Fifth Claim for Relief**

26                              **Breach of Duty of Loyalty**

27                                      **(Against Wu)**

28   36.    Wu hereby incorporate by reference his responses to paragraphs 1-35 of this

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Answer as though fully set forth herein.

2      37.    Regarding paragraph 37 of the Complaint, Wu admits that he held the title of

3  Senior Director of Business Development and Customer Support for Oplink.  Except as expressly

4  admitted, he denies the allegations contained in paragraph 37 of the Complaint.

5      38.    Regarding paragraph 38 of the Complaint, Wu admits that he recommended that

6  Oplink enter into a sales representation agreement with Multiwave, but avers that any decision

7  regarding whether to enter into such an agreement and its terms was made by others at Oplink.

8  Wu admits that he had previously worked with Multiwave at another employer.  Except as

9  expressly admitted, Wu denies the allegations contained in paragraph 38 of the Complaint.

10      39.    Wu lacks knowledge or information sufficient to form a belief as to the truth or

11  falsity of the allegations in paragraph 39 and therefore denies them

12      40.    Wu denies the allegations contained in paragraph 40 of the Complaint.

13      41.    Wu denies the allegations contained in paragraph 41 of the Complaint.

14      42.    Wu denies the allegations contained in paragraph 42 of the Complaint.

15      43.    Wu denies the allegations contained in paragraph 43 of the Complaint.

16  **Sixth Claim for Relief**

17  **Unfair Competition**

18  **(Against Multiwave)**

19      44.    Multiwave hereby incorporates by reference its responses to paragraphs 1-43 of

20  this Answer as though fully set forth herein.

21      45.    Multiwave denies the allegations contained in paragraph 45 of the Complaint.

22      46.    Multiwave denies the allegations contained in paragraph 46 of the Complaint.

23  **Seventh Claim for Relief**

24  **Breach of Contract**

25  **(Against Wu)**

26      47.    Wu hereby incorporates by reference his responses to paragraphs 1-46 of this

27  Answer as though fully set forth herein.

28      48.    Wu admits that he signed a document entitled, "Employee Confidential

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Fenwick & West LLP
Attorneys At Law
San Francisco

Information and Inventions Agreement." Except as expressly admitted, Wu denies the allegations of paragraph 48.

49.     Wu admits that he signed a document entitled, "Separation Agreement." Except as expressly admitted, Wu denies the allegations of paragraph 49.

50.     Wu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 and therefore denies them.

51.     Wu denies the allegations contained in paragraph 51 of the Complaint.

52.     Wu denies the allegations contained in paragraph 52 of the Complaint.

**Eighth Claim for Relief**

**Intentional Interference with Contractual Relations**

**(Against Multiwave)**

53.     Multiwave hereby incorporates by reference its responses to paragraphs 1-52 of this Answer as though fully set forth herein.

54.     Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore denies them.

55.     Multiwave lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore denies them.

56.     Multiwave admits that it was aware that Wu was formerly employed by Oplink and had signed agreements relating to his employment. Except as expressly admitted, Multiwave denies the allegations of paragraph 56.

57.     Multiwave denies the allegations contained in paragraph 57 of the Complaint.

58.     Multiwave denies the allegations contained in paragraph 58 of the Complaint.

**REQUESTED RELIEF BY OPLINK**

Defendants deny that Oplink is entitled to any relief

**AFFIRMATIVE DEFENSES**

Defendants hereby assert affirmative defenses to the Complaint as follows:

**First Affirmative Defense**

**Failure To State A Claim**

59.     As a first and separate affirmative defense, Defendants allege that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**Invalidity**

60.     As a second and separate affirmative defense to Oplink's patent claims, Defendants allege that the claims of the '829 Patent, the '919 Patent and/or the '129 Patent are invalid.

61.     The '829 Patent is invalid for failure to meet the Conditions of Patentability of 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '829 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

62.     The '919 Patent is invalid for failure to meet the Conditions of Patentability of 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '919 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

63.     The '129 Patent is invalid for failure to meet the Conditions of Patentability of 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention thereof was not patentable subject matter; or was used or known by others in this country or was patented or described by a publication before its invention; or was patented or described in a publication or was in public use or for sale more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is indefinite; or does not contain a proper written description; or is not enabling; or does not disclose the best mode of the invention; and no claim of the '129 Patent can be validly construed to cover any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

**Third Affirmative Defense**

**Damages Limited By 35 U.S.C. § 287**

64.     As a third and separate affirmative defense to Oplink's patent claims, Defendants allege that Oplink's claim for damages, if any, is limited by 35 U.S.C. § 287.

**Fourth Affirmative Defense**

**Laches, Waiver, Unclean Hands and Equitable Estoppel**

65.     As a fourth and separate affirmative defense, Defendants allege that Oplink's patent claims are barred, in whole or in part, by the equitable doctrine of laches based on Oplink's delay with respect to its patent claims.  Defendants further allege that Oplink's non-patent claims are barred in whole or in part by the equitable doctrine of waiver and equitable estoppel. Defendants further allege that Oplink's non-patent claims are barred in whole or in part by unclean hands.

**Fifth Affirmative Defense**

**Failure to Mitigate**

66.     As a fifth and separate affirmative defense to Oplink's non-patent claims, to the extent Oplink has sustained any damages allegedly caused by Defendants' conduct, Oplink cannot recover all or any portion of its claims because Oplink has failed and continues to fail to exercise reasonable care and diligence to mitigate any alleged damages it has suffered as a

1    consequence of Defendants' actions.

2                              **Sixth Affirmative Defense**

3                              **Consent and/or Acquiescence**

4        67.    As a sixth and separate affirmative defense to Oplink's non-patent claims,

5    Defendants allege that Oplink's claims are barred on the grounds of consent and/or acquiescence.

6                    <u>**COUNTERCLAIMS FOR DECLARATORY RELIEF**</u>

7        Defendants and counterclaimants O-Net Shenzhen and Multiwave respectfully allege their

8    counterclaims against Oplink as follows:

9                                      **Parties**

10       1.    O-Net Shenzhen is a Chinese company with its principal place of business at #10-1

11   South, Maqueling Industrial Park, Nanshan District of Shenzhen, China.

12       2.    Multiwave is a Texas corporation with a place of business located at 44790 S.

13   Grimmer Blvd., Suite 201, Fremont, CA 94538.

14       3.    On information and belief, Oplink is a Delaware corporation with its principal

15   place of business at 46335 Landing Parkway, Fremont, California 94538.

16                              **Jurisdiction and Venue**

17       4.    These are Counterclaims for a declaratory judgment arising under 28 U.S.C.

18   §§ 2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code,

19   and authorized, *inter alia*, by Rule 13 of the Federal Rules of Civil Procedure.

20       5.    This Court has subject matter jurisdiction of these Counterclaims pursuant to 28

21   U.S.C. §§ 1331, 1338, 2001 and 2202.

22       6.    Oplink is subject to personal jurisdiction in this judicial district by virtue of its

23   stipulation transferring Case No. SACV 07-673 AHS (MLGx) from the Central District of

24   California to the Northern District, and because its principal place of business is located in this

25   judicial district.

26       7.    Venue in proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

27       8.    An actual controversy exists between O-Net Shenzhen, Multiwave and Oplink by

28   virtue of the allegations of Oplink's Complaint and Defendants' Answer as to both the invalidity

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    and non-infringement of Oplink's '829, '919 and '129 Patents.

2                              **First Counterclaim**

3                       **Declaration of Non-Infringement**

4          9.       O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

5    in paragraphs 1-8 of these Counterclaims as though fully set forth herein.

6          10.      Oplink claims to be the owner of the entire right, title and interest in and to the

7    '829 Patent, the '919 Patent and the '129 Patent.

8          11.      Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '829

9    Patent, the '919 Patent and the '129 Patent.

10         12.      O-Net Shenzhen and Multiwave have not and do not infringe (directly, indirectly

11   or in any other way), and are not liable as an infringer of, any claim of the '829 Patent, the '919

12   Patent and/or the '129 Patent and Oplink is entitled to no relief for any claim in the Complaint

13   for, *inter alia*, the reasons stated in Defendants' Affirmative Defenses, above, which are

14   incorporated herein by reference.

15         13.      Absent a declaration of non-infringement, Oplink will continue to assert the'829

16   Patent, the '919 Patent and/or the '129 Patent against O-Net Shenzhen and Multiwave and will in

17   this way cause damage to O-Net Shenzhen and Multiwave.

18         14.      O-Net Shenzhen and Multiwave thus seek a declaration that they do not infringe

19   the '829 Patent, the '919 Patent and/or the '129 Patent and are not liable as infringers.

20                             **Second Counterclaim**

21                **Declaration of Invalidity of the '829 Patent**

22         15.      O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

23   in paragraphs 1-14 of these Counterclaims as though fully set forth herein.

24         16.      Oplink claims to be the owner of the entire right, title and interest in and to the

25   '829 Patent.

26         17.      Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '829

27   Patent.

28         18.      The claims of Oplink's '829 Patent is invalid for failure to meet the Conditions of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention

2  thereof was not patentable subject matter; or was used or known by others in this country or was

3  patented or described by a publication before its invention; or was patented or described in a

4  publication or was in public use or for sale more than one year before the date of the patent

5  application; or was not invented by the named inventors; or was invented by another prior to the

6  alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is

7  indefinite; or does not contain a proper written description; or is not enabling; or does not disclose

8  the best mode of the invention; and no claim of the '829 Patent can be validly construed to cover

9  any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

10      19.    Absent a declaration of invalidity, Oplink will continue to assert the '829 Patent,

11  against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

12      20.    O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's

13  '829 Patent is invalid for failure to satisfy one or more of the Conditions of Patentability specified

14  in 35 U.S.C. §§ 101, 102, 103 and 112.

15  **Third Counterclaim**

16  **Declaration of Invalidity of the '919 Patent**

17      21.    O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

18  in paragraphs 1-20 of these Counterclaims as though fully set forth herein.

19      22.    Oplink claims to be the owner of the entire right, title and interest in and to the

20  '919 Patent.

21      23.    Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '919

22  Patent.

23      24.    The claims of Oplink's '919 Patent is invalid for failure to meet the Conditions of

24  Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention

25  thereof was not patentable subject matter; or was used or known by others in this country or was

26  patented or described by a publication before its invention; or was patented or described in a

27  publication or was in public use or for sale more than one year before the date of the patent

28  application; or was not invented by the named inventors; or was invented by another prior to the

1    alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is

2    indefinite; or does not contain a proper written description; or is not enabling; or does not disclose

3    the best mode of the invention; and no claim of the '919 Patent can be validly construed to cover

4    any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

5        25.    Absent a declaration of invalidity, Oplink will continue to assert the '919 Patent

6    against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

7        26.    O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's

8    '919 is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35

9    U.S.C. §§ 101, 102, 103 and 112.

10                        **Fourth Counterclaim**

11              **Declaration of Invalidity of the '129 Patent**

12        27.    O-Net Shenzhen and Multiwave hereby incorporate by reference their allegations

13    in paragraphs 1-26 of these Counterclaims as though fully set forth herein.

14        28.    Oplink claims to be the owner of the entire right, title and interest in and to the

15    '129 Patent.

16        29.    Oplink has charged O-Net Shenzhen and Multiwave with infringement of the '129

17    Patent.

18        30.    The claims of Oplink's '129 Patent is invalid for failure to meet the Conditions of

19    Patentability specified in 35 U.S.C. §§ 101, 102, 103 and 112 because the alleged invention

20    thereof was not patentable subject matter; or was used or known by others in this country or was

21    patented or described by a publication before its invention; or was patented or described in a

22    publication or was in public use or for sale more than one year before the date of the patent

23    application; or was not invented by the named inventors; or was invented by another prior to the

24    alleged invention; or was taught by, suggested by, and/or obvious in view of, the prior art; or is

25    indefinite; or does not contain a proper written description; or is not enabling; or does not disclose

26    the best mode of the invention; and no claim of the '129 Patent can be validly construed to cover

27    any products imported, made, used, sold or offered for sale by O-Net Shenzhen and Multiwave.

28        31.    Absent a declaration of invalidity, Oplink will continue to assert the '129 Patent

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    against O-Net Shenzhen and Multiwave and will in this way cause damage to Oplink.

2        32.    O-Net Shenzhen and Multiwave seek a declaration that the claims of Oplink's

3    '129 is invalid for failure to satisfy one or more of the Conditions of Patentability specified in 35

4    U.S.C. §§ 101, 102, 103 and 112.

5                              **PRAYER FOR RELIEF**

6        WHEREFORE, Defendants pray for judgment with respect to Oplink's Complaint,

7    Defendants Affirmative Defenses and above Counterclaims, and O-Net Shenzhen's and

8    Multiwave's Motion to Dismiss, or, alternatively, for a More Definite Statement and Motion to

9    Strike as follows:

10        a)    Judgment on the Second Amended Complaint in favor of Defendants and against

11    Oplink;

12        b)    Judgment on each Counterclaim in favor of defendants O-Net Shenzhen and

13    Multiwave and against Oplink;

14        c)    Judgment declaring that the claims of the '829 Patent are not infringed by O-Net

15    Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

16        d)    Judgment declaring that the claims of the '919 Patent are not infringed by O-Net

17    Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

18        e)    Judgment declaring that the claims of the '129 Patent are not infringed by O-Net

19    Shenzhen or Multiwave and that O-Net Shenzhen and Multiwave are not liable as infringers;

20        f)    Judgment declaring that the claims of the '829 Patent are invalid;

21        g)    Judgment declaring that the claims of the '919 Patent are invalid;

22        h)    Judgment declaring that the claims of the '129 Patent are invalid;

23        i)    A declaration that Defendants' defenses and counterclaims present an exceptional

24    case entitling Defendants to, and therefore awarding, them their reasonable attorneys' fees

25    pursuant to 35 U.S.C. § 285.

26        j)    An award of costs, expenses and attorneys' fees to Defendants; and

27        k)    An award to Defendants of such other and further relief as this Court deems just

28    and proper.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Dated: November 19, 2007              FENWICK & WEST LLP

2

3                                          By:              /s/ Darryl M. Woo
                                                       Darryl M. Woo
4

5                                          Attorney for Defendants and Counterclaimants
                                           O-Net Communications (Shenzhen) Limited,
6                                          Multiwave Digital Solutions, Inc.,
                                           and Chunmeng Wu, an individual

7

8                        **DEMAND FOR JURY TRIAL**

9            Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by

10   jury on all issues so triable, including without limitation, Oplink's claims and Defendants'

11   affirmative defenses and counterclaims.

12

13   Dated: November 19, 2007              FENWICK & WEST LLP

14

15                                         By:              /s/ Darryl M. Woo
                                                       Darryl M. Woo
16                                         Attorney for Defendants and Counterclaimants
                                           O-Net Communications (Shenzhen) Limited
17                                         and Multiwave Digital Solutions, Inc., and
                                           Chunmeng Wu, an individual
18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' FIRST AMENDED ANSWER                16              CASE NO. CV 07-4582 MJJ
AND COUNTERCLAIMS