HEIDI L. KEEFE (SBN: 178960)
email: hkeefe@whitecase.com
MARK WEINSTEIN (SBN: 193043)
email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
email: sorourke@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

Attorneys for Plaintiff and Counterclaim
Defendant Oplink Communications, Inc.

DARRYL M. WOO (SBN: 100513)
email: dwoo@fenwick.com
HEATHER MEWES (SBN: 203690)
email: hmewes@fenwick.com
CAROLYN CHANG (SBN: 217933)
email: cchang@fenwick.com
JULIE NOKLEBERG (SBN: 247837)
email: jnokleberg@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> O-NET COMMUNICATIONS (SHENZHEN) LIMITED, et al., <br><br> Defendants. | Case No.  C 07-4582 MJJ <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Judge:   The Honorable Martin J. Jenkins <br> Date:    January 22, 2007 <br> Time:    2:00 p.m. <br> Ctrm:    Courtroom No. 11, 19th Floor |

Plaintiff and counterclaim defendant Oplink Communications, Inc. ("Oplink") and defendants and counterclaimants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen"), Multiwave Digital Solutions, Inc. ("Multiwave") and Chunmeng Wu ("Wu") (collectively, "O-Net") submit this Joint Case Management Statement and Proposed Order:

## I.     JURISDICTION AND SERVICE

No dispute exists regarding personal jurisdiction or venue.  All parties have been served.  The Court has subject matter jurisdiction over Oplink's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and over Oplink's state law claims pursuant to 28 U.S.C. § 1367(a).  The Court has jurisdiction over O-Net Shenzhen's and Multiwave's counterclaims for declaratory judgment of non-infringement and invalidity of the patents-in-suit pursuant to 28 U.S.C. §§ 1331, 1338, 2001 and 2202.

## II.    FACTS AND THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Plaintiff Oplink is a leading designer, manufacturer and supplier of fiber optic products.  Defendant O-Net Shenzhen is a leading Original Equipment Manufacturer (OEM) and Original Design Manufacturer (ODM), which supplies products to the global optical networking industry.  Defendant Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in the U.S.  Defendant Wu is a former employee of Oplink and a current employee of Multiwave.

Oplink originally filed suit on June 6, 2007.  Oplink asserts that it is the assignee of U.S. Patent Nos. 5,661,829, 6,215,919 and 6,895,129 ("patents-in-suit").  Oplink's November 19, 2007 Second Amended Complaint claims infringement of the patents-in-suit against O-Net Shenzhen and Multiwave.  Oplink also alleges that defendants Wu and Multiwave misappropriated Oplink's trade secret information when Wu left Oplink to join Multiwave, the exclusive sales representative for O-Net in the U.S.  Oplink also alleges that defendant Wu breached his duty of loyalty to Oplink, that Multiwave is liable for unfair competition under the common law of California and California Business and Professions Code § 17200, *et seq*., that Wu materially breached the "Employee Confidential Information and Inventions Agreement" and the "Separation Agreement" he entered into with Oplink, and that Multiwave intentionally interfered with Wu's contractual relations with Oplink.  O-Net's Amended Answer denies

- 1 -

- 2 -

liability, and asserts various affirmative defenses. Defendants O-Net Shenzhen and Multiwave also counterclaim for a declaration that the patents-in-suit are invalid and not infringed.

The parties dispute the following factual issues:

Whether defendants O-Net Shenzhen and Multiwave have infringed or are infringing Oplink's patents-in-suit;

Whether Oplink's patents-in-suit are invalid;

Whether Oplink has protectable trade secrets;

Whether Wu and Multiwave misappropriated Oplink's alleged trade secret information;

Whether Wu breached his duty of loyalty to Oplink;

Whether Multiwave is liable for unfair competition under the common law of California and California Business and Professions Code § 17200, *et seq.*;

Whether Wu materially breached the "Employee Confidential Information and Inventions Agreement" and the "Separation Agreement" he entered into with Oplink;

Whether Multiwave intentionally interfered with Wu's contractual relations with Oplink;

Whether Oplink is entitled to damages from O-Net for its actions, and if so, in what amount; and

### III.   THE PRINCIPAL LEGAL ISSUES IN DISPUTE

The principal legal issues that the parties dispute are:

The meaning of various claim terms of the asserted claims of Oplink's patents-in-suit;

Whether injunctive relief is proper;

Whether Oplink's patents-in-suit are invalid;

Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285;

Whether Oplink's non-patent claims are barred by unclean hands, waiver, or equitable estoppel;

Whether Oplink's patent claims are barred by laches;

Whether as a result of Wu and Multiwave's alleged trade secret misappropriation, Oplink has been injured and is entitled to damages, unjust enrichment and/or a reasonable royalty, and if so, in what amount;

Whether the alleged misappropriation by Wu and Multiwave was and is willful and malicious, entitling Oplink to an award of exemplary damages and reasonable attorney's fees pursuant to California Civil Code §§ 3426.3(c), 3426.4, and if so, in what amount;

Whether Oplink is entitled to injunctive relief prohibiting Wu and Multiwave from any continued use and/or disclosure of Oplink's alleged trade secrets and confidential information, and compelling Wu and Multiwave to return to Oplink all materials that constitute, disclose, incorporate or were derived from Oplink's alleged trade secrets;

Whether as a direct and proximate result of Wu's alleged breach of the duty of loyalty to Oplink, Oplink has suffered damages, and if so, in what amount;

Whether Wu, in allegedly breaching his duty of loyalty to Oplink, acted with oppression, fraud, and/or malice as defined in California Civil Code section 3294, thereby entitling Oplink to punitive damages, and if so, in what amount;

Whether Multiwave participated in and benefited from Wu's alleged breach of his duty of loyalty to Oplink, and is therefore liable for unfair competition under the common law of California and California Business and Professions Code § 17200, *et seq.*;

Whether as a direct and proximate result of Multiwave's alleged conduct of unfairly competing against Oplink, Oplink has suffered damages, and if so, in what amount (O-Net, however, disputes that damages are recoverable for unfair competition under § 17200);

Whether Multiwave, in allegedly unfairly competing with Oplink, acted with oppression, fraud, and/or malice as defined in California Civil Code section 3294, thereby entitling Oplink to punitive damages, and if so, in what amount (O-Net, however, disputes that damages are recoverable for unfair competition under § 17200);

Whether as a direct and proximate result of Wu's alleged breach of contracts with Oplink, Oplink suffered damages, and if so, in what amount;

Whether, as a result of Multiwave's alleged intentional interference with the contractual relations between Oplink and Wu, Oplink suffered damages, and if so, in what amount; and

Whether Multiwave, in allegedly intentionally interfering with the contractual relations between Oplink and Wu, acted with oppression, fraud, and/or malice as defined in California

- 3 -

Civil Code section 3294, thereby entitling Oplink to punitive damages, and if so, in what amount;

## IV. MOTIONS AND HEARINGS

**Prior Motions**: The parties have resolved all prior motions (related to the parties' pleadings) by a stipulation.

**Pending Motions**: There are currently no pending motions before the Court.

**Anticipated Motions:** Oplink anticipates filing one or more motions regarding summary judgment and/or discovery. O-Net also anticipates filing one or more motions as necessitated by the case, including possible discovery motions, Rule 11 motions, and motions for summary judgment.

## V. AMENDMENT OF PLEADINGS

The deadline for the filing of any motions to amend pleadings has passed.

## VI. EVIDENCE PRESERVATION

All parties have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action. On August 1, 2007, Oplink sent a letter to Defendants regarding Defendants' obligations to preserve evidence.

## VII. DISCLOSURES

During the Rule 26(f) Conference of Parties held on December 28, 2007, the parties agreed to exchange their Fed. R. Civ. P. 26(a)(1) Initial Disclosures on January 25, 2008.

## VIII. DISCOVERY

No discovery has been served thus far. The parties conducted their Rule 26(f) Conference of Parties on December 28, 2007. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

(1) **Changes to disclosures.** The parties do not expect that any changes will be made in form or requirement of the parties' Rule 26(a) disclosures.

(2) **Subjects on which discovery may be needed.** Essential information for Oplink to prove its claims will be the accused products and their development and manufacturing, as well as financial information concerning development, manufacturing and sale of the accused products. Oplink asserts that it will also need information from O-Net concerning the alleged

misappropriation of trade secrets, including information, documents and things, such as electronic media, to establish the alleged misappropriation.

As to Oplink's claims of trade secret misappropriation, defendants Multiwave and Wu assert they are entitled to information pursuant to California Code of Civil Procedure § 2019.210, which they assert requires Oplink to identify its alleged trade secrets with reasonable particularity as a condition to obtaining discovery from defendants. O-Net also anticipates obtaining discovery essential to prove its affirmative defenses, as well as discovery regarding O-Net Shenzhen's counterclaims of patent non-infringement and invalidity. Such discovery will include Oplink's employment policies and relationship with defendant Wu, information regarding Oplink's manufacture and design of fiber optic technology, Oplink's development and protection of any alleged trade secrets, prior art relating to the patents-in-suit (including that from third parties), the prosecution histories of the patents-in-suit, and Oplink's financial and sales information.

(3) **Issues relating to disclosure or discovery of electronically stored information**. The parties anticipate that certain discovery may be produced in electronic form and have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise. Oplink asserts it will need discovery information from Multiwave and Wu in native form due to the nature of Oplink's trade secret claims. The parties agree to meet and confer regarding the production format for electronic material.

(4) **Issues relating to claims of privilege or of protection as trial-preparation material.** The parties will meet and confer as necessary to discuss this when the issue arises.

(5) **Changes in limitations on discovery.** The parties do not foresee changes that should be made in the limitations on discovery imposed under the Federal rules or by the Civil Local Rules. If changes need to be made, the parties agreed to meet and confer.

(6) **Orders that should be entered by the court.** The parties contemplate that a protective order governing the treatment of confidential information will be required.

### IX.   CLASS ACTIONS

This action is not a class action.

- 5 -

## X.   RELATED CASES

There are no related cases that are currently pending.  A previous case, *O-Net Communications (Shenzhen) Limited et al v. Oplink Communications, Inc.*, No. 07-CV-3964 MJJ (N.D. Cal. filed August 1, 2007), was previously pending before this Court.  That action involved the same parties and substantially the same claims as the present action.  In the interests of judicial economy, the parties stipulated to the dismissal of that action without prejudice so all claims could be asserted in the present action.  This Court signed the dismissal order on October 3, 2007.

## XI.   RELIEF

Oplink seeks injunctive relief against O-Net Shenzhen and Multiwave regarding the patent causes of action, and seeks injunctive relief against Wu and Multiwave regarding the misappropriation causes of action.  Oplink also seeks damages against Multiwave and O-Net Shenzhen for its infringement of Oplink's patents, against Wu and Multiwave for misappropriation of Oplink's trade secret information, against Wu for breach of the duty of loyalty, against Multiwave for unfair competition, against Wu for breach of contract, and against Multiwave for intentional interference with contractual relations. Oplink also seeks enhanced damages pursuant to 35 U.S.C. § 284, Cal. Civil Code § 3426.3(c) and Cal. Civil Code § 3294. Oplink also seeks attorneys' fees pursuant to Cal. Civil Code § 3426.4, and 35 U.S.C §§ 284 and 285.  Oplink also seeks reasonable attorneys' fees, prejudgment interest and any other relief as the Court deems just and proper.

O-Net Shenzhen and Multiwave seek a declaration that the patents-in-suit are invalid, and that they do not infringe the patents-in-suit.  O-Net Shenzhen and Multiwave deny that Oplink is entitled to any award of damages.  O-Net Shenzhen and Multiwave cannot determine an exact method of calculating damages should liability be established until Oplink identifies what specific claims of the patents-in-suit it is asserting, and what products of O-Net Shenzhen and Multiwave Oplink is accusing of infringement.  Multiwave and Wu deny that Oplink is entitled to any award of damages on its state law claims, and cannot determine an exact method of calculating damages should liability be established until Oplink identifies its alleged trade secrets with particularity,

- 6 -

and until Oplink identifies its claimed damages.  Calculation of any reasonable royalty for patent infringement will depend on discovery regarding Oplink's financial and sales information.  In any event, O-Net Shenzhen and Multiwave contend that even assuming arguendo validity and infringement, Oplink is entitled to no damages with respect to the '919 patent directed to optical switches, and with respect to the '129 patent directed to optical circulators, as O-Net Shenzhen and Multiwave have negligible sales of any optical switches and/or optical circulators in the United States.  O-Net Shenzhen and Multiwave also seek an award of attorneys fees pursuant to 35 U.S.C. § 285.

**XII.   SETTLEMENT AND ADR**

The parties agreed to engage in mediation using a JAMS mediator or United States Magistrate Judge.  Prior to or concurrent with the filing of this joint statement, the parties are filing a Stipulation and [Proposed] Order Selecting ADR Process.  The parties also agreed to engage in mediation around the time of the Claim Construction Hearing.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  On September 10, 2007, Oplink filed a declination to proceed before a Magistrate Judge for all purposes.  *See* Docket No. 4.

**XIV.   OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

The parties will most likely file one or more dispositive motions seeking to narrow the issues in this case.  Both parties anticipate filing one or more motions for summary judgment.

**XVI.   EXPEDITED SCHEDULE**

Oplink and Defendants agree that this case is not suitable for expedited handling.

**XVII.  SCHEDULING**

The parties' respective proposed schedules based on the Federal Rules of Civil Procedure, Local Rules, and Patent Local Rules, are set forth below for the Court's consideration.  The

parties agree to follow the Patent Local Rules and agree on scheduling through claim construction.  O-Net proposes a schedule following claim construction that provides the parties with sufficient time to complete fact discovery, which in this case will involve significant foreign and third-party discovery.  Oplink believes its proposed schedule provides the parties with sufficient time to complete fact discovery.  The parties propose the Court hold another scheduling conference following claim construction to set dates for pretrial disclosures, although Oplink sets forth its preliminary proposed dates below.

| EVENT | Oplink's Proposed Schedule | O-Net's Proposed Schedule |
|---|---|---|
| Rule 26(f) conference | December 28, 2007 ||
| Rule 26(a) Initial Disclosures | January 25, 2008 ||
| Last Day to Serve Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) | February 5, 2008 (P.L.R. 3-1:  10 days after CMC) ||
| Last Day to Serve Preliminary Invalidity Contentions (and related documents) | March 21, 2008 (P.L.R. 3-3: 45 days after infringement contentions) ||
| Last Day to Exchange List of "Proposed Terms and Claim Elements for Construction" | April 4, 2008 (P.L.R. 4-1:  10 days after invalidity contentions) ||
| Last Day to Exchange "Preliminary Claim Constructions and Extrinsic Evidence" | April 24, 2008 (P.L.R. 4-2:  20 days after exchange of proposed terms) ||
| Last Day to File Joint Claim Construction and Prehearing Statement | May 20, 2008 (P.L.R. 4-3:  60 days after invalidity contentions) ||
| Claim Construction Discovery Closes | June 19, 2008 (P.L.R. 4-4:  30 days after joint claim construction statement) ||
| Opening Claim Construction Brief | July 7, 2008 (P.L.R. 4-5a:  45 days after joint claim construction statement) ||
| Responsive Claim Construction Brief | July 21, 2008 (P.L.R. 4-5b:  14 days after opening brief) ||
| Reply Claim Construction Brief | July 28, 2008 (P.L.R. 4-5c:  7 days after responsive brief) ||
| Patent Technology Tutorial | August 20, 2008 ||
| Claim Construction Hearing | August 27, 2008 ||

- 8 -

| EVENT | Oplink's Proposed Schedule | O-Net's Proposed Schedule |
|---|---|---|
| Final Infringement Contentions | Per P.L.R. 3-6 (30 days after claim construction ruling) | |
| Final Invalidity Contentions | Per P.L.R. 3-6 (50 days after claim construction ruling) | |
| Oplink to serve willfulness documents; opinion of counsel | Per P.L.R. 3-8 (50 days after claim construction ruling) | |
| Close of Fact Discovery | November 24, 2008 | February 6, 2009 |
| Initial Expert Reports | November 24, 2008 | March 6, 2009 |
| Rebuttal Expert Reports | December 8, 2008 | April 20, 2009 |
| Close of Expert Discovery | January 23, 2009 | May 25, 2009 |
| Last Day to File Dispositive Motions | January 27, 2009 | June 23, 2009 |
| Last Day to Oppose Dispositive Motions (unless dispositive motions filed prior to last day) | February 3, 2009 | July 7, 2009 |
| Last Day to File Reply for Dispositive Motions (unless dispositive motions filed prior to last day) | February 10, 2009 | July 14, 2009 |
| Hearing on Summary Judgment Motions (unless filed prior to last day to file dispositive motions) | February 24, 2009 | July 28, 2009 |
| Last Day to meet and confer re: preparation and content of joint pretrial conference statement and exchange of pretrial materials | February 13, 2009 | TBD |
| Last day to file motions *in limine* | February 13, 2009 | TBD |
| Last day to oppose motions *in limine* | February 27, 2009 | TBD |
| Last day to file joint pretrial conference statement | February 27, 2009 | TBD |
| Pretrial Conference | March 3, 2009 | August 11, 2009 |
| Last day to file Trial Briefs | March 6, 2009 | TBD |
| Last Day to file/serve Joint Proposed Voir Dire, Verdict Forms, Findings of Fact/Conclusions of Law | March 6, 2009 | TBD |
| Last Day to file and serve objections to designated testimony, objections re admissibility | March 13, 2009 | TBD |
| Last day to serve all subpoenas for trial | March 17, 2009 | TBD |

- 9 -

| EVENT | Oplink's Proposed Schedule | O-Net's Proposed Schedule |
|---|---|---|
| Final Pretrial Conference | March 17, 2009 | August 25, 2009 |
| Trial | April 6-10, 2009 | September 15, 2009 |

## XVIII. TRIAL

The parties propose that the Court hold a further Case Management Conference after the Markman Ruling to set the trial date and the remainder of the schedule. The case will be tried to a jury. Oplink expects trial will last ten days. O-Net expects trial will last fifteen days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Oplink filed its "Certification of Interested Entities or Persons" on June 7, 2007 and restates that aside from the named parties, there is no such interest to report. *See* United States Dist. Court, Central Dist. of California, Civil Docket for Case #: 8:07-cv-00673-AHS-MLG, No. 2. Pursuant to Civil L.R. 3-16, O-Net Shenzhen and Multiwave filed their "Certification of Interested Entities or Persons" on September 17, 2007 and restates that aside from the named parties, there is no such interest to report. *See* Docket No. 13.

Dated: January 11, 2008

Respectfully submitted,                               Respectfully submitted,

By:     /s/  Heidi L. Keefe                           By:     /s/  Darryl M. Woo

Attorneys for Plaintiff and                           Attorneys for Defendants and
Counterclaim Defendant                                Counterclaimants

Oplink Communications, Inc.                           O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc., and Chunmeng Wu, an individual

Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

Dated: _____, 2008

Honorable Martin J. Jenkins
United States District Judge

- 10 -