HEIDI L. KEEFE (SBN: 178960)
email: hkeefe@whitecase.com
MARK WEINSTEIN (SBN: 193043)
email: mweinstein@whitecase.com
SAM O'ROURKE (SBN: 205233)
email: sorourke@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone: (650) 213-0300
Facsimile:  (650) 213-8158

Attorneys for Plaintiff and Counterclaim
Defendant Oplink Communications, Inc.

DARRYL M. WOO (SBN: 100513)
email: dwoo@fenwick.com
HEATHER MEWES (SBN: 203690)
email: hmewes@fenwick.com
CAROLYN CHANG (SBN: 217933)
email: cchang@fenwick.com
JULIE NOKLEBERG (SBN: 247837)
email: jnokleberg@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Defendants and Counterclaimants
O-Net Communications (Shenzhen) Limited,
Multiwave Digital Solutions, Inc., and
Chunmeng Wu, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPLINK COMMUNICATIONS, INC., | Case No.  C 07-4582 MJJ |
| Plaintiffs, | ~~JOINT CASE MANAGEMENT~~ |
| v. | ~~STATEMENT AND [PROPOSED] ORDER~~ |
| O-NET COMMUNICATIONS (SHENZHEN) LIMITED, et al., | PRETRIAL ORDER |
| Defendants. | |

1    Pursuant to the Case Management Conference on January 22, 2008, plaintiff and

2    counterclaim defendant Oplink Communications, Inc. ("Oplink") and defendants and

3    counterclaimants O-Net Communications (Shenzhen) Limited ("O-Net Shenzhen"), Multiwave

4    Digital Solutions, Inc. ("Multiwave") and Chunmeng Wu ("Wu") (collectively, "O-Net") submit

5    this Joint Case Management Statement and [Proposed] Order.

6    **I.    JURISDICTION AND SERVICE**

7    No dispute exists regarding personal jurisdiction or venue.  All parties have been served.

8    The Court has subject matter jurisdiction over Oplink's patent infringement claims pursuant to 28

9    U.S.C. §§ 1331 and 1338(a), and over Oplink's state law claims pursuant to 28 U.S.C. § 1367(a).

10   The Court has jurisdiction over O-Net Shenzhen's and Multiwave's counterclaims for declaratory

11   judgment of non-infringement and invalidity of the patents-in-suit pursuant to 28 U.S.C. §§ 1331,

12   1338, 2001 and 2202.

13   **II.    FACTS AND THE PRINCIPAL FACTUAL ISSUES IN DISPUTE**

14   Plaintiff Oplink is a leading designer, manufacturer and supplier of fiber optic products.

15   Defendant O-Net Shenzhen is a leading Original Equipment Manufacturer (OEM) and Original

16   Design Manufacturer (ODM), which supplies products to the global optical networking industry.

17   Defendant Multiwave is an exclusive sales representative for O-Net Shenzhen products sold in

18   the U.S.  Defendant Wu is a former employee of Oplink and a current employee of Multiwave.

19   Oplink originally filed suit on June 6, 2007.  Oplink asserts that it is the assignee of U.S.

20   Patent Nos. 5,661,829, 6,215,919 and 6,895,129 ("patents-in-suit").  Oplink's November 19,

21   2007 Second Amended Complaint claims infringement of the patents-in-suit against O-Net

22   Shenzhen and Multiwave.  Oplink also alleges that defendants Wu and Multiwave

23   misappropriated Oplink's trade secret information when Wu left Oplink to join Multiwave, the

24   exclusive sales representative for O-Net in the U.S.  Oplink also alleges that defendant Wu

25   breached his duty of loyalty to Oplink, that Multiwave is liable for unfair competition under the

26   common law of California and California Business and Professions Code § 17200, *et seq*., that

27   Wu materially breached the "Employee Confidential Information and Inventions Agreement" and

28   the "Separation Agreement" he entered into with Oplink, and that Multiwave intentionally

- 1 -

1  interfered with Wu's contractual relations with Oplink.  O-Net's Amended Answer denies

2  liability, and asserts various affirmative defenses.  Defendants O-Net Shenzhen and Multiwave

3  also counterclaim for a declaration that the patents-in-suit are invalid and not infringed.

4       The parties dispute the following factual issues:

5       Whether defendants O-Net Shenzhen and Multiwave have infringed or are infringing

6  Oplink's patents-in-suit;

7       Whether Oplink's patents-in-suit are invalid;

8       Whether Oplink has protectable trade secrets;

9       Whether Wu and Multiwave misappropriated Oplink's alleged trade secret information;

10       Whether Wu breached his duty of loyalty to Oplink;

11       Whether Multiwave is liable for unfair competition under the common law of California

12  and California Business and Professions Code § 17200, *et seq*.;

13       Whether Wu materially breached the "Employee Confidential Information and Inventions

14  Agreement" and the "Separation Agreement" he entered into with Oplink;

15       Whether Multiwave intentionally interfered with Wu's contractual relations with Oplink;

16       Whether Oplink is entitled to damages from O-Net for its actions, and if so, in what

17  amount; and

18  **III.  THE PRINCIPAL LEGAL ISSUES IN DISPUTE**

19       The principal legal issues that the parties dispute are:

20       The meaning of various claim terms of the asserted claims of Oplink's patents-in-suit;

21       Whether injunctive relief is proper;

22       Whether Oplink's patents-in-suit are invalid;

23       Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285;

24       Whether Oplink's non-patent claims are barred by unclean hands, waiver, or equitable

25  estoppel;

26       Whether Oplink's patent claims are barred by laches;

27       Whether as a result of Wu and Multiwave's alleged trade secret misappropriation, Oplink

28  has been injured and is entitled to damages, unjust enrichment and/or a reasonable royalty, and if

- 2 -

1    so, in what amount;

2         Whether the alleged misappropriation by Wu and Multiwave was and is willful and

3    malicious, entitling Oplink to an award of exemplary damages and reasonable attorney's fees

4    pursuant to California Civil Code §§ 3426.3(c), 3426.4, and if so, in what amount;

5         Whether Oplink is entitled to injunctive relief prohibiting Wu and Multiwave from any

6    continued use and/or disclosure of Oplink's alleged trade secrets and confidential information,

7    and compelling Wu and Multiwave to return to Oplink all materials that constitute, disclose,

8    incorporate or were derived from Oplink's alleged trade secrets;

9         Whether as a direct and proximate result of Wu's alleged breach of the duty of loyalty to

10   Oplink, Oplink has suffered damages, and if so, in what amount;

11        Whether Wu, in allegedly breaching his duty of loyalty to Oplink, acted with oppression,

12   fraud, and/or malice as defined in California Civil Code section 3294, thereby entitling Oplink to

13   punitive damages, and if so, in what amount;

14        Whether Multiwave participated in and benefited from Wu's alleged breach of his duty of

15   loyalty to Oplink, and is therefore liable for unfair competition under the common law of

16   California and California Business and Professions Code § 17200, *et seq.*;

17        Whether as a direct and proximate result of Multiwave's alleged conduct of unfairly

18   competing against Oplink, Oplink has suffered damages, and if so, in what amount (O-Net,

19   however, disputes that damages are recoverable for unfair competition under § 17200);

20        Whether Multiwave, in allegedly unfairly competing with Oplink, acted with oppression,

21   fraud, and/or malice as defined in California Civil Code section 3294, thereby entitling Oplink to

22   punitive damages, and if so, in what amount (O-Net, however, disputes that damages are

23   recoverable for unfair competition under § 17200);

24        Whether as a direct and proximate result of Wu's alleged breach of contracts with Oplink,

25   Oplink suffered damages, and if so, in what amount;

26        Whether, as a result of Multiwave's alleged intentional interference with the contractual

27   relations between Oplink and Wu, Oplink suffered damages, and if so, in what amount; and

28        Whether Multiwave, in allegedly intentionally interfering with the contractual relations

                                              - 3 -

between Oplink and Wu, acted with oppression, fraud, and/or malice as defined in California

Civil Code section 3294, thereby entitling Oplink to punitive damages, and if so, in what amount;

## IV.    MOTIONS AND HEARINGS

**Prior Motions**:  The parties have resolved all prior motions (related to the parties'

pleadings) by a stipulation.

**Pending Motions**:  There are currently no pending motions before the Court.

**Anticipated Motions:**  Oplink anticipates filing one or more motions regarding summary

judgment and/or discovery.  O-Net also anticipates filing one or more motions as necessitated by

the case, including possible discovery motions, Rule 11 motions, and motions for summary

judgment.

## V.    AMENDMENT OF PLEADINGS

The deadline for the filing of any motions to amend pleadings has passed.

## VI.    EVIDENCE PRESERVATION

All parties have taken appropriate steps to preserve any and all evidence that may be of

relevance to the issues in the present action.  On August 1, 2007, Oplink sent a letter to

Defendants regarding Defendants' obligations to preserve evidence.

## VII.    DISCLOSURES

During the Rule 26(f) Conference of Parties held on December 28, 2007, the parties

agreed to exchange their Fed. R. Civ. P. 26(a)(1) Initial Disclosures on January 25, 2008.

## VIII.    DISCOVERY

No discovery has been served thus far.  The parties conducted their Rule 26(f) Conference

of Parties on December 28, 2007.  Pursuant to Fed. R. Civ. P. 26(f), the parties submit the

following discovery plan:

(1) **Changes to disclosures.**  The parties do not expect that any changes will be made in

form or requirement of the parties' Rule 26(a) disclosures.

(2) **Subjects on which discovery may be needed.**  Essential information for Oplink to

prove its claims will be the accused products and their development and manufacturing, as well as

financial information concerning development, manufacturing and sale of the accused products.

- 4 -

1   Oplink asserts that it will also need information from O-Net concerning the alleged

2   misappropriation of trade secrets, including information, documents and things, such as electronic

3   media, to establish the alleged misappropriation.

4          As to Oplink's claims of trade secret misappropriation, defendants Multiwave and Wu

5   assert they are entitled to information pursuant to California Code of Civil Procedure § 2019.210,

6   which they assert requires Oplink to identify its alleged trade secrets with reasonable particularity

7   as a condition to obtaining discovery from defendants.  O-Net also anticipates obtaining

8   discovery essential to prove its affirmative defenses, as well as discovery regarding O-Net

9   Shenzhen's counterclaims of patent non-infringement and invalidity.  Such discovery will include

10  Oplink's employment policies and relationship with defendant Wu, information regarding

11  Oplink's manufacture and design of fiber optic technology, Oplink's development and protection

12  of any alleged trade secrets, prior art relating to the patents-in-suit (including that from third

13  parties), the prosecution histories of the patents-in-suit, and Oplink's financial and sales

14  information.

15         (3) **Issues relating to disclosure or discovery of electronically stored information**.  The

16  parties anticipate that certain discovery may be produced in electronic form and have agreed to

17  meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

18  Oplink asserts it will need discovery information from Multiwave and Wu in native form due to

19  the nature of Oplink's trade secret claims.  The parties agree to meet and confer regarding the

20  production format for electronic material.

21         (4) **Issues relating to claims of privilege or of protection as trial-preparation**

22  **material.**  The parties will meet and confer as necessary to discuss this when the issue arises.

23         (5) **Changes in limitations on discovery.**  The parties do not foresee changes that should

24  be made in the limitations on discovery imposed under the Federal rules or by the Civil Local

25  Rules.  If changes need to be made, the parties agreed to meet and confer.

26         (6) **Orders that should be entered by the court.**  The parties contemplate that a

27  protective order governing the treatment of confidential information will be required.

28

IX.    **CLASS ACTIONS**

This action is not a class action.

X.    **RELATED CASES**

There are no related cases that are currently pending.  A previous case, *O-Net Communications (Shenzhen) Limited et al v. Oplink Communications, Inc.*, No. 07-CV-3964 MJJ (N.D. Cal. filed August 1, 2007), was previously pending before this Court.  That action involved the same parties and substantially the same claims as the present action.  In the interests of judicial economy, the parties stipulated to the dismissal of that action without prejudice so all claims could be asserted in the present action.  This Court signed the dismissal order on October 3, 2007.

XI.    **RELIEF**

Oplink seeks injunctive relief against O-Net Shenzhen and Multiwave regarding the patent causes of action, and seeks injunctive relief against Wu and Multiwave regarding the misappropriation causes of action.  Oplink also seeks damages against Multiwave and O-Net Shenzhen for its infringement of Oplink's patents, against Wu and Multiwave for misappropriation of Oplink's trade secret information, against Wu for breach of the duty of loyalty, against Multiwave for unfair competition, against Wu for breach of contract, and against Multiwave for intentional interference with contractual relations. Oplink also seeks enhanced damages pursuant to 35 U.S.C. § 284, Cal. Civil Code § 3426.3(c) and Cal. Civil Code § 3294. Oplink also seeks attorneys' fees pursuant to Cal. Civil Code § 3426.4, and 35 U.S.C §§ 284 and 285.  Oplink also seeks reasonable attorneys' fees, prejudgment interest and any other relief as the Court deems just and proper.

O-Net Shenzhen and Multiwave seek a declaration that the patents-in-suit are invalid, and that they do not infringe the patents-in-suit.  O-Net Shenzhen and Multiwave deny that Oplink is entitled to any award of damages.  O-Net Shenzhen and Multiwave cannot determine an exact method of calculating damages should liability be established until Oplink identifies what specific claims of the patents-in-suit it is asserting, and what products of O-Net Shenzhen and Multiwave Oplink is accusing of infringement.  Multiwave and Wu deny that Oplink is entitled to any award

- 6 -

of damages on its state law claims, and cannot determine an exact method of calculating damages should liability be established until Oplink identifies its alleged trade secrets with particularity, and until Oplink identifies its claimed damages. Calculation of any reasonable royalty for patent infringement will depend on discovery regarding Oplink's financial and sales information. In any event, O-Net Shenzhen and Multiwave contend that even assuming arguendo validity and infringement, Oplink is entitled to no damages with respect to the '919 patent directed to optical switches, and with respect to the '129 patent directed to optical circulators, as O-Net Shenzhen and Multiwave have negligible sales of any optical switches and/or optical circulators in the United States. O-Net Shenzhen and Multiwave also seek an award of attorneys fees pursuant to 35 U.S.C. § 285.

**XII.    SETTLEMENT AND ADR**

A Stipulation and Order Selecting ADR Process has been filed with the Court. The parties agreed to engage in mediation after the Claim Construction Ruling is issued. *See* Docket No. 42.

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. On September 10, 2007, Oplink filed a declination to proceed before a Magistrate Judge for all purposes. *See* Docket No. 4.

**XIV.    OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

The parties will most likely file one or more dispositive motions seeking to narrow the issues in this case. Both parties anticipate filing one or more motions for summary judgment.

**XVI.    EXPEDITED SCHEDULE**

Oplink and Defendants agree that this case is not suitable for expedited handling.

**XVII.    SCHEDULING**

The parties propose that the Court adopt the following schedule based on the Federal

Rules of Civil Procedure, Local Rules, Patent Local Rules, and the Case Management Conference held on January 22, 2008.  The Court will hold a Status Conference after the Markman Ruling to set dates regarding the close of fact discovery, expert disclosures, close of expert discovery, deadline to file dispositive motions, mediation and all other pre-trial dates.  *See* Docket No. 41.

| EVENT | DATE/RULE (if applicable) |
|---|---|
| Rule 26(f) conference | December 28, 2007 |
| Rule 26(a) Initial Disclosures | January 25, 2008 |
| Last Day to Serve Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) | February 5, 2008 (P.L.R. 3-1:  10 days after CMC) |
| Last Day to Serve Preliminary Invalidity Contentions (and related documents) | March 21, 2008 (P.L.R. 3-3: 45 days after infringement contentions) |
| Last Day to Exchange List of "Proposed Terms and Claim Elements for Construction" | April 4, 2008 (P.L.R. 4-1:  10 days after invalidity contentions) |
| Last Day to Exchange "Preliminary Claim Constructions and Extrinsic Evidence" | April 24, 2008 (P.L.R. 4-2:  20 days after exchange of proposed terms) |
| Last Day to File Joint Claim Construction and Prehearing Statement | May 20, 2008 (P.L.R. 4-3:  60 days after invalidity contentions) |
| Claim Construction Discovery Closes | June 19, 2008 (P.L.R. 4-4:  30 days after joint claim construction statement) |
| Opening Claim Construction Brief | July 7, 2008 (P.L.R. 4-5a:  45 days after joint claim construction statement) |
| Responsive Claim Construction Brief | July 21, 2008 (P.L.R. 4-5b:  14 days after opening brief) |
| Reply Claim Construction Brief | July 28, 2008 (P.L.R. 4-5c:  7 days after responsive brief) |
| Patent Technology Tutorial | August 20, 2008  at 2:30 pm |
| Claim Construction Hearing | August 27, 2008 at 2:30 p.m. (*see* Docket No. 41) |
| Status Conference | September 16, 2008 at 2:00 p.m. (*see* Docket No. 41) |
| Final Infringement Contentions | Per P.L.R. 3-6 (30 days after claim construction ruling) |
| Final Invalidity Contentions | Per P.L.R. 3-6 (50 days after claim construction ruling) |

| EVENT | DATE/RULE (if applicable) |
|---|---|
| Oplink to serve willfulness documents; opinion of counsel | Per P.L.R. 3-8 (50 days after claim construction ruling) |
| Trial | Court set date (tentative) April 20, 2009 (*see* Docket No. 41) |

## XVIII. TRIAL

The Court has tentatively set trial to commence on April 20, 2009.  The case will be tried to a jury.  Oplink expects trial will last ten days.  O-Net expects trial will last fifteen days.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Oplink filed its "Certification of Interested Entities or Persons" on June 7, 2007 and restates that aside from the named parties, there is no such interest to report.  *See* United States Dist. Court, Central Dist. of California, Civil Docket for Case #: 8:07-cv-00673-AHS-MLG, No. 2.  Pursuant to Civil L.R. 3-16, O-Net Shenzhen and Multiwave filed their "Certification of Interested Entities or Persons" on September 17, 2007 and restates that aside from the named parties, there is no such interest to report.  *See* Docket No. 13.

Dated: January 25, 2008

Respectfully submitted,                              Respectfully submitted,

By:    /s/  Heidi L. Keefe                    By:    /s/  Darryl M. Woo

Attorneys for Plaintiff and                  Attorneys for Defendants and
Counterclaim Defendant                        Counterclaimants

Oplink Communications, Inc.                   O-Net Communications (Shenzhen)
                                              Limited, Multiwave Digital Solutions,
                                              Inc., and  Chunmeng Wu, an individual

Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

Dated:  January 28   , 2008              _____
                                          Honorable Martin J. Jenkins
                                          United States District Judge

- 9 -

# PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

**A.     20 CALENDAR DAYS PRIOR TO PRETRIAL CONFERENCE**

The following shall be accomplished not later than **20 calendar days** prior to the scheduled Pretrial Conference:

1.     **PRETRIAL STATEMENT**:  The parties shall comply in all respects with FRCivP 16(c)(1)(2)(3)(4)(7)(13)(14)(15)(16)

2.     **JURY INSTRUCTIONS**:

a.     <u>Joint Set of Agreed Upon Instructions</u>: The parties shall jointly prepare a set of <u>agreed upon</u> jury instructions, and shall file an <u>original and two copies</u> of same **20 calendar days** prior to the Pretrial Conference.

b.     <u>Separate Instructions</u>:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree.  Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **10 calendar days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction.  The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

<u>An original and two copies</u> of the separate instructions with objections shall be filed **10 calendar days** prior to the Pretrial Conference.

c.     <u>Substance and Format of Instructions</u>:  The instructions shall cover all substantive issues.  Proposed instructions shall be consecutively numbered.  Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title.  Citations to the authorities upon which the instruction is based shall be included.  Instructions shall be <u>brief, clear, written in plain English and free of argument</u>.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.     <u>Preliminary Statement and Instructions</u>:  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.     <u>Clean Copies</u>: The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.     **FINDINGS OF FACT and CONCLUSIONS OF LAW**:  In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues.  Proposed findings shall be brief, written in plain English and free of pejorative language and argument.

4.     **EXHIBITS**:

a. <u>Provide Copies of Exhibits to Other Parties</u>:  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list **(see attached)** of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be <u>pre-marked with an exhibit sticker</u> **(see attached)**, plaintiff's exhibits with numbers, defendant's exhibits with letters.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits which have not been provided as required are subject to exclusion.

b. <u>Stipulations re Admissibility</u>:  Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference.  If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

c. <u>Provide Copies of Exhibits to Court</u>:  One set of exhibits shall be provided to the Court on the **<u>one week prior to trial.</u>**.  Each set shall be in binders, tabbed and indexed.

d. <u>Disposition of Exhibits After Trial</u>:  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

5. **WITNESSES**:

a. <u>Jury Trials</u>:  The Pretrial Conference Statement shall include a witness list required by FRCivP 16(c)(7).  Expert witnesses shall be listed separately.  In addition, in the case of expert witnesses, the summary shall **clearly state the expert's theories and conclusions and the bases therefor and SHALL be accompanied by a curriculum vitae**; if the expert has prepared a report in preparation for the testimony, a copy thereof shall be furnished to opposing counsel.  Witnesses not included on the list may be excluded from testifying.

b. <u>Non-Jury Trials</u>:  In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary.  Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

6. **MOTIONS IN LIMINE**:  Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.  Motions in limine shall be filed and served no later than **<u>ten Court days</u>** prior to the date set for the pretrial conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than **<u>five Court days</u>** prior to the pretrial conference.  No reply papers will be considered.

**B.    10 COURT DAYS PRIOR TO PRETRIAL CONFERENCE**

The following shall be accomplished not later than **<u>10 Court days</u>** prior to the Pretrial Conference:

1. <u>List of Exhibits With Stipulations and Objections</u> - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

2. <u>Objections to Other Evidence</u> - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule.  Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

3. <u>Voir Dire and Verdict Forms</u> - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

### C.    OTHER PRETRIAL MATTERS

1.    <u>Citations</u> - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows:  (1) all United States Supreme Court citations shall be to both the official reporter and to the <u>West Supreme Court Reporter</u>, (2) all citations to California state courts shall be to both the official reporter and to the <u>West California Reporter</u>, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the <u>West Regional Reporter</u>.

2.    <u>Settlement Conferences</u> - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

3.    <u>Copies</u> - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.  In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

4.    <u>Daily Transcripts</u> - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C-                    MJJ                                    DATE:

_____ v. _____                EXHIBIT LIST

(   ) Plaintiff                                                    (   ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | SPONSORING WITNESS | DESCRIPTION |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

Case No.

**DEFT** Exhibit No. _____

Date Entered _____

Signature _____