1  HEIDI L. KEEFE (SBN: 178960)
   email: hkeefe@whitecase.com
2  MARK WEINSTEIN (SBN: 193043)
   email: mweinstein@whitecase.com
3  AMY J. BAGDASARIAN (SBN 227065)
   email: abagdasarian@whitecase.com
4  WHITE & CASE LLP
   3000 El Camino Real
5  5 Palo Alto Square, 9th Floor
   Palo Alto, CA  94306
6  Telephone:  (650) 213-0300
   Facsimile:   (650) 213-8158
7
   Attorneys for Plaintiff Oplink Communications, Inc.
8
   DARRYL M. WOO (CSB (CSB NO. 100513)
9  dwoo@fenwick.com
   HEATHER MEWES (CSB NO. 203690)
10 hmewes@fenwick.com
   CAROLYN CHANG (CSB NO. 217933)
11 cchang@fenwick.com
   JULIE NOKLEBERG (CSB NO. 247837)
12 jnokleberg@fenwick.com
   FENWICK & WEST LLP
13 555 California Street, 12th Floor
   San Francisco, CA  94104
14 (415) 875-2300 (Telephone)
   (415) 281-1350 (Facsimile)
15
   Attorneys for Defendants and Counterclaimants O-
16 Net Communications (Shenzhen) Limited,
   Multiwave Digital Solutions, Inc., and Chunmeng
17 Wu, an individual.

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20                        OAKLAND DIVISION

21

22 OPLINK COMMUNICATIONS, INC.,        Case No.  C 07-4582 SBA

23           Plaintiff,                **STIPULATED PROTECTIVE ORDER**

24 v.

25 O-NET COMMUNICATIONS
   (SHENZHEN) LIMITED, MULTIWAVE
26 DIGITAL SOLUTIONS, INC., AND
   CHUNMENG WU, AN INDIVIDUAL,
27
             Defendants.
28

1. PURPOSE

Plaintiff Oplink Communications, Inc. and defendants O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc. and Chunmeng Wu (hereafter individually referred to as a "Party" and collectively referred to as the "Parties") believe that discovery in this matter is likely to require production of information concerning trade secrets or other confidential information for which special protection from public disclosure and from use for any other purpose other than prosecuting this litigation would be warranted, and that it would serve the interests of the Parties and any non-parties to conduct discovery under this Protective Order pursuant to Fed. R. Civ. P. 26(c). Accordingly, the Parties hereby stipulate to entry of the following Protective Order ("Order") for the protection of certain Confidential Information, as defined below, that may be produced or otherwise disclosed by a Party or by non-parties during the course of this action.

2. DEFINITIONS

2.1    Confidential Information: all information, things, or documents (or portions thereof) produced in responses to discovery requests and subpoenas, answers to interrogatories, responses to requests for admissions, depositions and exhibits thereto, and all other discovery taken, motions papers, pretrial orders, stipulations, testimony adduced at trial, matters in evidence before this Court and other information provided by a Party, or non-party responding to a subpoena, which contain non-public and confidential or proprietary information that may cause competitive harm to a Party or non-party if said information were made public or revealed to a competitor, including but not limited to (1) trade secrets; (2) technical data and other confidential research, development and manufacturing information relating to the products or technology at issue in this case; and (3) financial, commercial, and marketing information relating to the products or technology in this case. Such Confidential Information shall be indicated by the means of the designation "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Confidential Information shall not include any information that (1) is or becomes

lawfully in the possession of the Receiving Party, as defined below, through communications other than production or disclosure in this action; or (2) is or becomes public knowledge by publication or otherwise not due to any unauthorized act or omission on the part of the Receiving Party.

  2.2 <u>Receiving Party</u>:  any Party who receives the Confidential Information of another Party or non-party in connection with this proceeding.

  2.3 <u>Designating Party</u>:  any Party or non-party who produces for inspection, provides access to, provides copies of, or otherwise disclosures Confidential Information to any other Party in connection with this proceeding.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Confidential Information, as defined above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Confidential Information.

4. <u>DURATION</u>

All obligations and duties arising under this Order shall continue to be binding on the Parties and all persons who have received Confidential Information under this Order, even after the termination of this action, including all appeals, until further Order of the Court or the Parties otherwise agree in writing.  The Court retains jurisdiction indefinitely over the Parties and all persons who have received Confidential Information under this Order, with respect to any dispute over the improper use or retention of such Confidential Information.

5. <u>DESIGNATING CONFIDENTIAL INFORMATION</u>

  5.1 <u>Exercise of Restraint and Care in Designating Confidential Information</u>. All designations of material as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be made in good faith by the Designating Party and (1) not to impose burden or delay on the

opposing Party; (2) not for tactical or other advantage in litigation; and (3) not in order to avoid embarrassment. Nothing shall be designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY except information that is clearly a trade secret or has a compelling need for confidentiality. A Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards, and designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, document, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection as Confidential Information under this Order, such Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designation. Except as otherwise provided by this Order, or as otherwise stipulated or ordered, all designations of material as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be made at the time of disclosure, production or tender to the Receiving Party, provided that inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a Party may so designate material thereafter subject to the protections of this Order.

Confidential Information shall be designated and marked as follows:

(a)     for written discovery responses, documents and other tangible materials produced in response to discovery requests which constitute or contain Confidential Information, the Designating Party shall affix thereto the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page (or in the case of computer medium, on the medium

itself) to which the designation applies, as well as to the first page or cover of such document or material. To the extent practical, the designation shall be placed near the Bates number.

(b) <u>for specific portions or all (if appropriate) of deposition transcripts or pretrial testimony</u>, designation of such as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be made by a statement to such effect on the record in the course of the deposition or pretrial testimony. Upon such designation of the transcript on the record during the deposition or hearing, the portion of the deposition or hearing containing Confidential Information shall continue in the absence of all persons to whom access to said Confidential Information is not permitted under the terms of this Order. The deposition reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing that has been stated to contain Confidential Information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the Parties bound by the terms of this Order. A Designating Party may also designate any portion or all (if appropriate) of the transcript as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY with reference to the pages and lines of testimony in the transcript, by so advising the deposition or hearing reporter (who shall indicate the designations in the transcript) and all Parties in writing, within thirty (30) calendar days after receipt of the transcript. Deposition or hearing exhibits shall be treated in accordance with any prior designation under this Order, or may also be specifically designated under this Order on the record during the deposition or within writing within thirty (30) calendar days after the Designating Party has received the deposition or hearing exhibits.

If no other designation has been made, a transcript and its exhibits shall be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY until thirty (30) calendar days after it has been received by the Designating Party. In the case of testimony or exhibits designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY following the conclusion of the deposition or hearing, all Parties shall mark the appropriate legend on all copies of the deposition transcript and its exhibits and treat the information as Confidential Information from the date they are notified of such designation, if the reporter does not do so. In the event of

disagreement about the protected status of a deposition or hearing transcript or exhibit, it shall be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY until the Court rules otherwise.

      5.3    Inadvertent Disclosures.

          (a)    Privileged Material. Inadvertent (*i.e.* unintentional) production of documents or things subject to work product immunity, the attorney-client privilege, the right to privacy, or any other applicable privilege, shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production. After notification is made, the Receiving Party shall immediately return to the Designating Party all copies of such inadvertently produced documents and shall immediately confirm in writing that all such copies have been returned. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or immunity designation by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or immunity designation on the grounds that the privilege or immunity was waived by production of the document or thing. If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or in any proceeding before the Court, nor shall they be shown to anyone who was not given access to them prior to the request to return such documents. Furthermore, if no such challenge is brought, or if any such challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any analysis, memoranda or notes that were internally generated based upon such inadvertently produced information have been deleted and/or destroyed.

          (b)    Confidential Information. Inadvertent production of documents or things without a CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation shall not constitute a waiver to a claim that such material is Confidential Information. If the Designating Party asserts that such material constitutes Confidential Information, the Receiving Party shall take prompt steps to ensure that all originals and known copies of such material are marked as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY according to the

instructions of the Designating Party, and treated as such. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

6. <u>CHALLENGING CONFIDENTIALY DESIGNATIONS</u>

Neither stipulation by a Party to the terms of this Order nor failure of a Party, at the time it receives materials designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, to challenge or object to the designation shall be deemed a waiver or otherwise prejudice the right of that Party to challenge or object to the designation at any later time. Any Party may at any time bring before the Court a challenge to the designation of any materials or information as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and may request permission to use or disclose such designated materials or information other than as permitted by this Order. If a Party requests permission to use or disclose Confidential Information other than as permitted by this Order, such use or disclosure shall be postponed until a ruling has been obtained from the Court, or a written agreement between the Parties.

7. <u>ACCESS TO AND USE OF CONFIDENTIAL INFORMATION</u>

7.1 <u>Basic Principles</u>. Confidential Information and the substance or contents thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party, and anyone else permitted access to such information under this Order, solely for the purposes of this civil action and any appeals therefrom, and shall not be disclosed or used in any other legal proceeding, including any other legal proceeding involving any of the Parties, or for any other purpose, including without limitation business or commercial purposes, or in connection with any patent prosecution or licensing activities.

Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to storage, custody, use and dissemination of such Confidential Information in order to ensure that the secrecy of the information is maintained and to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Order.

  7.2 <u>Disclosure of Confidential Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY only to the following Qualified Persons:

  (a) the Receiving Party's outside counsel of record in this action (White & Case LLP and Fenwick & West LLP), as well as said outside counsels' paralegals, administrative assistants, secretaries, support staff and litigation support services, including without limitation copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors;

  (b) subject to paragraph 7.3 of this Order, independent consultants and experts retained by or for a Receiving Party in this litigation;

  (c) the author or actual recipient of the Confidential Information, as it appears from the face of such Confidential Information, or to an individual if specific evidence indicates that such Confidential Information was communicated to or from that individual and such communication was authorized by the Disclosing Party;

  (d) the Court, court personnel, court reporters and videographers, as necessary.

  7.3 <u>Procedures for Disclosure of Confidential Information to Independent Consultants and Experts</u>.  Before disclosing a Designating Party's Confidential Information to any person listed in paragraph 7.2(b), the Receiving Party shall give written notice to counsel for the Designating Party identifying the person, his or her address, and his or her present employer, and provide a curriculum vitae and a copy of Exhibit A (attached hereto) signed by that person acknowledging that he or she has read this Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Order.  The Receiving Party shall also identify any known present or former relationships between the consultant or expert and any Party, counsel for any Party, any affiliate or known competitor of a Party, and current and past (within the last 5

years) employment and consultations within the technical field of the present action or within the area of the person's expertise, including without limitation litigation in connection with which the independent consultant or expert provided professional services.

The Designating Party shall have ten (10) calendar days after receiving notification within which to object in writing to the proposed disclosure of its Confidential Information to the independent consultant or expert. If the Receiving Party and Designating Party are unable to resolve the objection, and the Designating Party made a written objection within the required ten (10) calendar days, the Designating Party shall, within ten (10) calendar days of giving its written objection, file and serve a motion with the Court seeking a protective order to prevent the disclosure to the person in question. Upon a timely objection and motion, no disclosure of Confidential Information shall be made to the person in question until the objection is resolved either by Order of the Court or by agreement of the Parties in writing. A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection.

In any such proceeding, the Designating Party shall have the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Confidential Information to the independent consultant or expert.

8. <u>CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If any Party or non-party in possession of another's Confidential Information is subpoenaed or subject to any other demand or legal process seeking such Confidential Information, that person(s) shall give prompt written notice, by electronic mail or facsimile transmission with confirmation via U.S. Mail, to the Designating Party that produced such information, and shall object to its production to the extent permitted by law. Should the person seeking access to Confidential Information take action against a Receiving Party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, that Receiving Party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the Designating Party of such action by electronic mail or facsimile transmission with

confirmation via U.S. Mail. If no action is taken by the Designating Party within ten (10) calendar days following the notice of legal process or notice of action, the Receiving Party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

9.  **IMPROPER DISCLOSURE OF CONFIDENTIAL INFORMATION**

If Confidential Information is disclosed to any person to whom such disclosure is not authorized by this Order, or in any way other than in a manner authorized by this Order, the Party responsible for such disclosure must, upon discovery of such disclosure, immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Confidential Information and prevent further unauthorized disclosure.

10. **FILING CONFIDENTIAL INFORMATION**

Any pleading, memoranda or other papers and documents filed or lodged in this action that contain or refer to Confidential Information shall be filed under seal in accordance with Civil Local Rule 79-5 and any Standing Orders for Cases Involving Sealed or Confidential Documents.

11. **TERMINATION OF ACTION – LASTING OBLIGATIONS**

At the request of the Designating Party, within ninety (90) days after final termination of all claims in this proceeding, including all appeals, all persons subject to the terms hereof shall either destroy or collect and return to the respective Designating Party all material it designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and all copies thereof. Notwithstanding, outside counsel for each Party may retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if

such materials contain Confidential Information.  In the event that documents are returned to or destroyed at the request of the Designating Party, the Receiving Party or its outside counsel shall certify in writing that all such information has been destroyed or returned, as the case may be.  In the event that outside counsel maintains such documents, it shall not disclose material containing any Confidential Information to any third party absent subpoena or other demand or legal process seeking Confidential Information, subject to the provisions of paragraph 8.

12.  MISCELLANEOUS

12.1  Court Hearings and Trials.  Any Court hearing that refers to or describes Confidential Information will be held in camera in the Court's discretion.  The manner or presentation and use of Confidential Information at trial will be addressed by the trial judge.  The Parties reserve the right to move the Court for more specific treatment of Confidential Information during Court hearings and trials.

12.2  Non-Party Productions.  To the extent that documents, things and/or deposition testimony are sought from a non-party, and in the event any documents, things and/or deposition testimony are obtained from a non-party, such a person shall have the right to designate any such documents, things and/or deposition testimony as Confidential Information, and the use of such Confidential Information by any Receiving Party shall be governed in all respects by the terms of this Order.  By agreeing to be bound by the terms of this Order, a non-party shall have the benefits, rights, and protection of a Designating Party under this Order and have standing under this Order to bring a claim for violations of its terms against the Parties to this litigation and any person otherwise subject to this Order.  Such a non-party must subject itself to the jurisdiction of this Court and comply with all terms of this Order.

12.3  Rendering Advice.  Nothing herein shall restrict attorneys who are qualified recipients of Confidential Information under the terms of this Order from rendering advice to their client with respect to this action and, in the course thereof, from generally relying upon their examination of such Confidential Information.  In rendering such advice or in otherwise communicating with the client, the attorneys shall not disclose the specific content of

any Confidential Information to any other person or Party where such disclosure would not otherwise be permitted under the terms of this Order.  Nothing in this paragraph shall permit such advising attorneys to use the Confidential Information to render advice on patent prosecution and/or prosecution strategy.

    12.4 <u>No Admission or Waiver</u>.  Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

    (a) operate as an admission by any Party or non-party that any particular material designated as Confidential Information contains or reflects trade secrets or any other type of proprietary or confidential information entitled to protection under applicable law;

    (b) prejudice in any way the rights of any Party or non-party to object to the production of documents it considers not subject to discovery, or operate as an admission to any Party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party or non-Party to be Confidential Information;

    (c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other things subject to this Order;

    (d) prejudice in any way the rights of any Party or non-party to seek a determination by the Court whether any documents, information or other things should or should not be subject to the terms of this Order;

    (e) prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information;

    (f) prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Order; or

    (g) prejudice any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular material designated as Confidential Information by that Party.

    12.5 <u>Modification of Order; Prior Agreements</u>.  This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties upon entry of such stipulation as an Order of the Court.  In the event that the parties are unable to agree to a modification of this Order, they may seek relief from the Court.  This Order shall not supersede any agreements between the parties regarding confidentiality of particular information entered into before the date of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  April 30, 2008    WHITE & CASE LLP

    By:  /s/
      Heidi L. Keefe

Attorneys for Plaintiff Oplink Communications, Inc.

FENWICK & WEST LLP

Dated:  April 30, 2008    By:  /s/ Darryl M. Woo
      Darryl M. Woo

Attorneys for Defendants and Counterclaimants O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc., and Chunmeng Wu, an individual.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _5/6/08                                   _____*Saundra B. Armstrong*_____
                                                         THE HONORABLE SAUNDRA B. ARMSTRONG
                                                            United States District Court Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, of _____, declare under penalty of perjury that I have carefully read in its entirety and understand the provisions of the Stipulated Protective Order ("Protective Order") that was issued by the United States District Court for the Northern District of California, Oakland Division on _____, 2008 in the case of *Oplink Communications, Inc. v. O-Net Communications (Shenzhen) Limited, Multiwave Digital Solutions, Inc. and Chunmeng Wu, an individual*, Civil Action No. C 07-4582 SBA.  I agree to comply with and be bound by all provisions of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose to any person or entity, and will not use, any Confidential Information disclosed to me under the Protective Order except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____